IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PENNSYLVANIA STATE UNIVERSITY, | : | |
| | : | |
| | : | Civil Action No. 4:21-cv-01091 MWB |
| Plaintiff, | : | |
| | : | |
| v. | : | **(Judge Matthew W. Brann)** |
| | : | |
| VINTAGE BRAND, LLC, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT VINTAGE BRAND, LLC'S MOTION TO DISMISS PLAINTIFF THE PENNSYLVANIA STATE UNIVERSITY'S COMPLAINT, OR IN THE ALTERNATIVE, TO STRIKE AND FOR A MORE DEFINITE STATEMENT

Pursuant to Rules 12(b)(6), 12(f) and 12(e) of the Federal Rules of Civil Procedure, Defendant Vintage Brand, LLC ("Vintage Brand" or "Defendant") hereby moves for (1) dismissal of the claims against it in Plaintiff The Pennsylvania State University's ("Penn State" or "Plaintiff") Complaint for Penn State's failure to state a claim upon which relief can be granted. In the alternative, Vintage Brand moves to strike certain allegations in the Complaint and for a more definite statement. In support of its Motion, Vintage Brand relies on its supporting memorandum of law, which will be filed within fourteen (14) days pursuant to Rule 7.5 of the Local Rules of Court and avers as follows:

1. On June 21, 2021, Plaintiff filed a six-count complaint against Vintage Brand, alleging: (Count 1) trademark infringement; (Count II) counterfeiting, unfair

competition; (Count III) false designation of origin; (Count IV) trademark dilution under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.; (Count V) trademark dilution under 54 Pa. C.S.A. § 1124; and (Count VI) trademark infringement and unfair competition under Pennsylvania common law. *See*, Complaint (Doc. 1).

2.     Specifically, Plaintiff claims its purported rights in alleged marks have been violated by Vintage Brand offering, advertising, and selling allegedly infringing goods through Vintage Brand's online store. *See*, Complaint, including ¶¶ 42–64.

3.     Plaintiff's Complaint fails to give Vintage Brand fair notice of the grounds upon which Plaintiff's claims rest required pursuant to the Federal Rules of Civil Procedure. Plaintiff fails to allege sufficient facts to state a plausible claim for relief on the face of its Complaint because Plaintiff pleads ambiguously broad trademark law violation claims in addition to bare and conclusory assertions that are insufficient to meet the pleading standard for each element of the claims presented. Fed. R. Civ. P. 12(b)(6).

4.     Plaintiff's Counts I–VI are subject to dismissal pursuant to Rule 12(b)(6) because essential elements of the claims are supported only by conclusory allegations that are insufficient to state a plausible claim for relief. Further, many of Plaintiff's allegations are ambiguously broad and lack specificity as to which of

Plaintiff's alleged marks are at issue in each Count. *See*, Complaint, including ¶¶ 65–101.

5.      Plaintiff's Complaint contains facts related to Plaintiff's purported "Nittany Lion Logo," Reg. Nos. 1,370,866 and 5,548,988, that are not sufficiently alleged in relation to, nor can be reasonably inferred to relate to, Vintage Brand's conduct and Plaintiff's claims for relief; thus, these allegations are immaterial or impertinent and should be stricken pursuant to Fed. R. Civ. P. 12(f) to streamline this litigation and avoid prejudice to Vintage Brand. *See*, Complaint, including ¶¶ 22, 38, Ex. B at 2–6.

6.      Plaintiff's Complaint contains ambiguous, undefined terms, and overinclusive and unspecified allegations that fail to identify the alleged marks that are purportedly the subject of Plaintiff's claims. This failure renders the Complaint unclear and unanswerable.

7.      These pleading deficiencies warrant an order for a more definite statement pursuant to Fed. R. Civ.P. 12(e), so that Vintage Brand can frame a proper, fact-specific defense.

WHEREFORE, for these reasons, as well as those more fully stated in Vintage Brand's forthcoming Memorandum of Law, Vintage Brand respectfully requests this Honorable Court grant its Motion To Dismiss Plaintiff's Complaint pursuant to

Fed.R.Civ.P. 12(b)(6) Or In The Alternative, To Strike and For a More Definite Statement pursuant to Fed. R. Civ. P. 12(e) and 12(f).

**JURY TRIAL DEMANDED**

 Date: September 14, 2021                    Respectfully submitted,


                                    */s/ Jodi S. Wilenzik*
                                    Jodi  S. Wilenzik, Esquire PA Supreme
                                    Court I.D. No. 89205
                                    Marc H. Perry, Esquire
                                    PA Supreme Court I.D. No. 68610
                                    POST & SCHELL, P.C.
                                    1600 JFK Boulevard, 13th Floor
                                    Philadelphia, PA 19103
                                    215-587-1101 (Phone)
                                    215-320-4159 (Fax)
                                    jwilenzik@postschell.com
                                    mperrry@postschell.com
                                        and
                                    Leslie Vander Griend, Esquire *pro hac vice*
                                    John Fetters, Esquire, *pro hac vice*
                                    STOKES LAWRENCE, P.S.
                                    1420 Fifth Avenue, Suite 3000
                                    Seattle, WA 98101
                                    Phone: (206) 626-6000
                                    Fax: (206) 464-1496
                                    Leslie.VanderGriend@stokeslaw.com
                                    John.Fetters@stokeslaw.com

                                    *Attorneys for Defendant*
                                    *Vintage Brand, LLC*