IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PENNSYLVANIA STATE UNIVERSITY, | : : : | Civil Action No. 4:21-cv-01091 MWB |
| Plaintiff, | : : | |
| v. | : : | **(Judge Matthew W. Brann)** |
| VINTAGE BRAND, LLC, | : : | |
| Defendant. | : | |

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT VINTAGE BRAND, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, TO STRIKE AND FOR A MORE DEFINITE STATEMENT</u>

Date: September 28, 2021                  Respectfully submitted,

*/s/ Jodi S. Wilenzik*
Jodi  S. Wilenzik, Esquire
Marc H. Perry, Esquire
PA Supreme Court I.D. No. 89205 & 68610
POST & SCHELL, P.C.
1600 JFK Boulevard, 13th Floor
Philadelphia, PA 19103
215-587-1101 (Phone)
215-320-4159 (Fax)
jwilenzik@postschell.com
mperrry@postschell.com
      and
Leslie Vander Griend, Esquire *pro hac vice*
John Fetters, Esquire, *pro hac vice*
STOKES LAWRENCE, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 626-6000
Fax: (206) 464-1496
Leslie.VanderGriend@stokeslaw.com
John.Fetters@stokeslaw.com

*Attorneys for Defendant*
*Vintage Brand, LLC*

# TABLE OF CONTENTS

Table of Citations ................................................................................. ii

I.   Introduction and Procedural History ............................................. 1

II.  Statement of Facts Alleged in Plaintiff's Complaint ..................... 3

III. Statement of Questions Involved ................................................... 5

IV.  Argument ........................................................................................ 5

    A.   Standards of Review ................................................................. 5

    B.   Counts I, II, III, and VI Should be Dismissed Because
        Plaintiff's Allegations are Vague and Conclusory ................... 7

        1.   Plaintiff's Vague and Insufficient Allegations of
            Federal Trademark Infringement, Federal Unfair
            Competition and False Designation Of Origin, And
            Common Law Trademark Infringement and Unfair
            Competition Should Be Dismissed For Failure To
            State A Claim ................................................................. 7

        2.   Plaintiff's Vague and Insufficient Allegations of
            Counterfeiting Should Be Dismissed For Failure To
            State A Claim ............................................................... 10

    C.   Certain Immaterial Facts Should Be Stricken From
        Plaintiff's Complaint to Streamline This Litigation and
        Prevent Prejudice to Vintage Brand. ...................................... 13

    D.   A More Definite Statement is Required to Cure the Unclear,
        Ambiguous, and Overly Inclusive Allegations. ..................... 14

V.   Conclusion .................................................................................... 20

## TABLE OF CITATIONS

*Page(s)*

*Cases*

*A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198
(3d Cir. 2000) ............................................................................ 7, 8

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868
(2009) ........................................................................................ 5, 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167
L.Ed.2d 929 (2007) ........................................................................ 5

*Carson v. Tucker*, 2020 WL 1953655 (E.D. Pa. Apr. 23, 2020) ............................. 6

*Dentsply Sirona Inc. v. Net32, Inc.*, 2020 WL 1082593 (M.D. Pa. Mar.
4, 2020) ........................................................................................ 13

*Everett Lab'ys, Inc. v. Vertical Pharms., Inc.*, 227 F. App'x 124 (3d
Cir. 2007) ........................................................................................ 8

*Lincoln Lab'ys, Inc. v. Savage Lab'ys, Inc.*, 26 F.R.D. 141 (D. Del.
1960) ............................................................................................ 19

*Lontex Corp. v. Nike, Inc.*, 384 F. Supp. 3d 546 (E.D. Pa. 2019) ................... 11, 12

*Louis Vuitton Malletier & Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567
(E.D. Pa. 2002) ................................................................................ 8

*Miller v. Atl. Freight Sys., Inc.*, 2013 WL 1308235 (M.D. Pa. Jan. 29,
2013) ............................................................................................ 19

*Nugget Distribs. Co-op., Inc. v. Mr. Nugget, Inc.*, 776 F. Supp. 1012
(E.D. Pa. 1991) ................................................................................ 8

*Pennzoil-Quaker State Co. v. Smith*, 2008 WL 4107159 (W.D. Pa.
Sept. 2, 2008) ................................................................................ 11

*Playboy Enters., Inc. v. Universal Tel-A-Talk, Inc.*, No. CIV. A.
96-CV-6961, 1998 WL 288423 (E.D. Pa. 1998) .......................................... 11

*Pozarlik v. Camelback Assocs., Inc.*, No. 3:11-CV-1349, 2011 WL

6003841 (M.D. Pa. Nov. 30, 2011) .............................................................. 19

*Roamingwood Sewer & Water Ass'n v. Nat'l Diversified Sales, Inc.*,
509 F. Supp. 3d 198 (M.D. Pa. 2020) ...................................................... 6

*Thomas v. Independence Tp.*, 463 F.3d 285 (3d Cir. 2006) ................................... 19

*Valoro, LLC v. Valero Energy Corp.*, 2014 WL 3920035 (S.D. Fla.
Aug. 11, 2014) ................................................................................... 17

*Versa Prod. Co.,  Inc. v. Bifold Co. (Mfg.) Ltd.*, 50 F.3d 189 (3d Cir.
1995) ................................................................................................. 8

*Wagner v. Holtzapple*, 101 F. Supp. 3d 462 (M.D. Pa. 2015) ............................... 6

## Statutes

Lanham Act Section 1, 15 U.S.C. § 1051 ......................................................... 2, 3
Lanham Act Section 32, 15 U.S.C. § 1114 ................................................. 3, 7, 8, 10
Lanham Act Section 43, 15 U.S.C. § 1125 ......................................................... 3, 8
54 Pa. C.S. § 1123 ................................................................................... 8
54 Pa. C.S. § 1124 ................................................................................... 3

## Rules

Fed. R. Civ. P. 8(a)(2) ......................................................................... 1, 2, 5, 7, 9
Fed. R. Civ. P. 12(b)(6) .................................................................. 1, 2, 5, 7, 9, 20
Fed. R. Civ. P. 12(e) ................................................................. 1, 2, 5, 6, 14, 19, 20
Fed. R. Civ. P. 12(f) ................................................................... 1, 2, 5, 6, 13, 20

## Other Authorities

5 Charles A. Wright & Arthur R. Miller, Federal Practice and
Procedure § 1380 (3d ed. 2020) ............................................................. 6

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT VINTAGE
BRAND, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT,
OR IN THE ALTERNATIVE, TO STRIKE AND FOR
A MORE DEFINITE STATEMENT**</u>

Defendant Vintage Brand, LLC ("Vintage Brand") states as follows in support of its Motion to Dismiss Plaintiff The Pennsylvania State University's ("Penn State") Complaint, or in the alternative, to Strike and For a More Definite Statement pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f), and 12(e).

**I.    <u>Introduction and Procedural History</u>**

Plaintiff's Complaint is replete with conclusions of law unsupported by factual allegations, and it is littered with immaterial and impertinent allegations. Plaintiff's Complaint is deficient in its use of undefined terms and overinclusive or otherwise ambiguous allegations that fail to identify the alleged marks that are the subject of Plaintiff's claims against Vintage Brand.

In these respects, the Complaint appears to be a template, with little effort made to assert well-pleaded allegations against Vintage Brand.  The Complaint identifies Vintage Brand as the Defendant, provides screenshots of Vintage Brand's online product offerings, and provides a non-exhaustive list of Plaintiff's purported trademark rights. The Complaint appears to ask the reader to surmise—because the Complaint does not make clear—the ways in which Vintage Brand violated Plaintiff's rights and fails to identify the rights at issue.

1

In advance of filing this Motion, Vintage Brand identified these pleading deficiencies and requested that Plaintiff cure them through an Amended Complaint. Plaintiff declined.  Accordingly, Vintage Brand respectfully requests that the Court employ one or more of three procedural remedies to facilitate the filing of an Amended Complaint that cures the pleading deficiencies of the operative Complaint. This is necessary to provide Vintage Brand with fair notice of the claims against it, and to allow Vintage Brand a reasonable basis to respond to specific factual allegations.

Therefore, Vintage Brand respectfully requests that the Court (1) dismiss Counts I, II, III, and VI under Rule 12(b)(6)[1]; or alternatively, (2) strike certain allegations related to Counts I, II, III, and VI pursuant to Rule 12(f); and (3) require Plaintiff to file an Amended Complaint with a more definite statement pursuant to Rule 12(e).

On June 21, 2021, Plaintiff filed a six-count Complaint against Vintage Brand, alleging: (Count I) trademark infringement; (Count II) counterfeiting; (Count III) unfair competition and false designation of origin; (Count IV) trademark dilution under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.; (Count V) trademark dilution

---

[1] Vintage Brand's Motion, (Doc. 19 at 1–2), also requested dismissal of Counts IV and V, Vintage Brand has narrowed its arguments and seeks Rule 12(b)(6) dismissal of Counts I, II, III, and VI only. Vintage Brand is filing herewith an amended proposed Order to reflect this narrowed request for relief.

under 54 Pa. C.S. § 1124; and (Count VI) trademark infringement and unfair competition under Pennsylvania common law. *See*, Complaint (Doc. 1).

## II.   <u>Statement of Facts Alleged in Plaintiff's Complaint</u>

Defendant Vintage Brand is a Washington limited liability company with its principal place of business in Seattle, Washington. (Doc. 1 ¶ 5). Vintage Brand operates an online retail store through which it offers customers apparel, wall art, coasters, and similar merchandise, all bearing historic artistic images reproduced from vintage school memorabilia. (*Id.* ¶¶ 42, 50). Plaintiff's Complaint includes a screenshot of Vintage Brand's online store webpage bearing the header, "Penn State Nittany Lions Vintage designs For Apparel & Gear." (*Id.* ¶ 44). Directly beneath the header, a disclaimer reads: "Vintage designs not affiliated with, licensed, or sponsored by any college, team or league." (*Id.*).

Counts I and II allege trademark infringement and counterfeiting of Plaintiff's alleged trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. (*Id.* ¶¶ 65–77). Count III alleges unfair competition and false designation of origin in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). (*Id.* ¶¶ 78–81). Counts IV and V allege dilution of the alleged "PENN STATE Mark" in violation of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and 54 Pa. C.S. § 1124, respectively. (*Id.* ¶¶ 82–96). Count VI alleges common law trademark infringement and unfair competition. (*Id.* ¶¶ 97–101). Each Count incorporates by reference all

preceding paragraphs of the Complaint; thus, the pleading deficiencies are common throughout the Complaint. (*Id.* ¶¶ 65, 71, 78, 82, 91). Plaintiff appended its federal trademark registrations as exhibits to the Complaint. (Ex. A, Doc 1-1; Ex. B, Doc. 1-2). The Complaint does not expressly identify any unregistered trademarks Plaintiff purportedly owns.

The Complaint includes "[r]epresentative examples" of Plaintiff's products sold in association with the trademarks displayed in the registrations identified in the Complaint, (*Id.* ¶¶ 17–18, 23–24); however, the Complaint includes no representative examples of products Plaintiff sold in association with the trademarks displayed in U.S. Reg. Nos. 1,397,810 and 5,305,910. (*Id.* ¶¶ 37–38). The Complaint also displays what Plaintiff describes as a non-exhaustive selection of images of its "goods featuring vintage designs" but does not clearly identify any additional mark rights it owns in such designs. (*Id.* ¶ 39). The Complaint then provides images of Vintage Brand's website featuring mockups of products allegedly offered and sold, which Plaintiff alleges violates its trademark rights. (*Id.* ¶¶ 44–48). The Complaint does not, however, provide images of any Vintage Brand product offering containing marks displayed in U.S. Reg. Nos. 1,370,866 or 5,548,988. *See* (*id.*).

### III.   Statement of Questions Involved

Whether Counts I, II, III, and VI of Plaintiff's Complaint should be dismissed under Rule 12(b)(6) because these Counts are replete with conclusions of law unsupported by factual allegations setting forth plausible claims for relief against Vintage Brand.  Suggested Answer: Yes.

Alternatively, whether certain allegations related to Counts I, II, III, and VI should be stricken pursuant to Rule 12(f) because they are immaterial and impertinent and whether Plaintiff should be ordered to replead a more definite statement of the Complaint pursuant to Rule 12(e). Suggested Answer: Yes.

### IV.   Argument

#### A.   Standards of Review

Motions pursuant to Rule 12(b)(6) test the sufficiency of a complaint against the requirements of Rule 8(a), which necessitates "a short and plain statement of the claim showing that the pleader is entitled to relief," giving "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570).

Pursuant to Rule 12(e), a party may move for a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  A motion for a more definite statement is used when "a complaint does not disclose the facts underlying a plaintiff's claim for relief such that the defendant cannot reasonably be expected to frame a proper, fact-specific defense." *Carson v. Tucker*, No. 5:20-CV-00399, 2020 WL 1953655, at *3 (E.D. Pa. Apr. 23, 2020) (cleaned up).

Pursuant to Rule 12(f), the Court is permitted to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Immaterial matter is that which "has no essential or important relationship to [any] claim[s] for relief." *Roamingwood Sewer & Water Ass'n v. Nat'l Diversified Sales, Inc.*, 509 F. Supp. 3d 198, 204 (M.D. Pa. 2020) (quoting *Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 488 (M.D. Pa. 2015)).  Impertinent matter consists of "statements that do not pertain, and are not necessary, to the issues in question." *Id.*  Rule 12(f) is "designed to reinforce the requirement in Rule 8 . . . that pleadings be simple, concise, and direct." *Roamingwood Sewer*, 509 F. Supp. 3d at 204 (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2020)).

**B.    Counts I, II, III, and VI Should be Dismissed Because Plaintiff's Allegations are Vague and Conclusory.**

Counts I, II, III, and VI of Plaintiff's Complaint should be dismissed because these Counts do not amount to "a short and plain statement of the claim" and Plaintiff fails to allege sufficient facts to state plausible claims for relief. Fed. R. Civ. P. 8(a)(2).  Plaintiff pleads ambiguously broad trademark law violations in addition to bare and conclusory assertions that are insufficient to meet the pleading standard for each element of these claims. Fed. R. Civ. P. 12(b)(6).

**1.    Plaintiff's Vague and Insufficient Allegations of Federal Trademark Infringement, Federal Unfair Competition and False Designation Of Origin, And Common Law Trademark Infringement and Unfair Competition Should Be Dismissed For Failure To State A Claim.**

This Court should dismiss Counts I, III, and VI because the allegations that support them are ambiguous, broad, and conclusory, and thus fail to satisfy the pleading requirements of Rule 8(a)(2).  To properly state a claim under 15 U.S.C. § 1114, a plaintiff must allege facts that, assuming their truth, show: (1) the plaintiff owns the mark, (2) the mark is valid and legally protectable, and (3) defendant's use of the mark in commerce to identify goods or services is likely to create confusion. *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000); 15 U.S.C. § 1114(1).  A likelihood of confusion exists when "consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified

by a similar mark." *Everett Lab'ys, Inc. v. Vertical Pharms., Inc.*, 227 F. App'x 124, 127 (3d Cir. 2007) (quoting *A & H Sportswear, Inc.*, 237 F.3d at 211).  The question is whether "an *appreciable number of ordinarily prudent consumers* of the type of product in question are likely to be confused as to the source of the goods." *Id.* at 127–28 (quoting *Versa Prod. Co.,  Inc. v. Bifold Co. (Mfg.) Ltd.,* 50 F.3d 189, 200 (3d Cir. 1995).

The elements for infringement under 15 U.S.C. § 1125(a) are the same as for trademark infringement under 15 U.S.C. § 1114(1). *Id.* (citing *Louis Vuitton Malletier & Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 580 (E.D. Pa. 2002)). Likewise, trademark infringement claims under Pennsylvania state law, 54 Pa. C.S. § 1123, are analyzed under the same standards as claims under Section 43(a) of the Lanham Act. *Nugget Distribs. Co-op., Inc. v. Mr. Nugget, Inc.,* 776 F. Supp. 1012, 1016 (E.D. Pa. 1991).

Penn State's Complaint fails to state plausible claims for relief against Vintage Brand vis-à-vis Counts I, III, and VI for the following reasons.  First, Plaintiff's Complaint is ambiguous as to ownership of all the alleged marks.  Although Plaintiff pleads ownership of trademarks identified in the registrations cited in the Complaint, the Complaint also ambiguously alleges ownership of other marks and logos that are not identified in the Complaint, namely, those on goods "featuring vintage designs, including, but not limited to" the examples depicted. *See* (Doc. 1 ¶ 39). The

Complaint does not identify, by either descriptions or images, which unregistered marks Penn State intends to rely on in support of its claims against Vintage Brand. This pleading deficiency fails to put Vintage Brand on fair notice of the grounds upon which Plaintiff's claims rest (Fed. R. Civ. P. 8(a)(2)) and fails to state plausible claims for relief. (Fed. R. Civ. P. 12(b)(6)).

Second, Plaintiff does not plead sufficient facts to support its overly broad allegation that Vintage Brand "is using the Infringing Marks in commerce," *see, e.g.*, (Doc. 1 ¶ 66). For example, Plaintiff makes conclusory allegations that Vintage Brand has used Plaintiff's "Nittany Lion Logos" in commerce, *see, e.g.*, (*id.* ¶¶ 46, 49), but the Complaint includes no images or description of Vintage Brand product offerings containing a "right-facing lion head in a circle," the Nittany Lion Logo depicted in paragraph 22. (*Id.* ¶ 22; Doc. 1-2, at 5). Nor does Plaintiff make any allegation  of likelihood of confusion between the Nittany Lion Logo depicted in paragraph 22 and Vintage Brand's product offerings. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); (Doc. 1 ¶ 52).

Third, Plaintiff's claim that it uses the Pozniak Lion Design in commerce is unsupported by well-pleaded facts. *See* (*id.* ¶ 23). The Complaint, under the section identified as "Penn State's Uses of its Protected Marks," omits "the Pozniak Lion Logo" from certain allegations, *see* (*id.* ¶¶ 28, 31), whereas other sections refer only

to the overly generalized and undefined term "Penn State Marks" *see* (*id.* ¶¶ 32, 36).

Most notably, Plaintiff's "representative examples" of the products it claims to sell

"in connection with these Marks"[2] contain no examples of "the Pozniak Lion Logo."

(*Id.* ¶¶ 37–38).   Plaintiff's Complaint is further plagued by vagueness because

Plaintiff inexplicably uses U.S. Reg. No. 1,397,810 "(NITTANY LION and Lion

Design covering 'frankfurters')" to support its burden to plead likelihood of

confusion, (*id.* ¶¶ 23, 52–54), without any reasonable connection to Vintage Brand's

product offerings (*e.g.*, there are no allegations that Vintage Brand sells frankfurters

or any food items).

> ### 2.   Plaintiff's Vague and Insufficient Allegations of Counterfeiting Should Be Dismissed For Failure To State A Claim.

This Court should dismiss Count II because Plaintiff's allegations therein are

vague and otherwise fail to allege sufficient facts setting forth an essential element

of Plaintiffs' counterfeiting claim—*i.e.*, that Vintage Brand uses the alleged marks

in relation to the same goods covered by Plaintiff's registrations.

To establish trademark counterfeiting, a plaintiff must plausibly plead that (1)

"the defendant infringed a registered trademark in violation of the Lanham Act, 15

U.S.C. § 1114(1)(a), and (2) intentionally used the trademark knowing that it was a

---

[2] *See* (Doc. 1 ¶ 37): "these Marks" referring to at least the "Nittany Lion Logos, the Pozniak Lion Logo, and the Penn State Seal."

counterfeit or was willfully blind to such use." *Lontex Corp. v. Nike, Inc.*, 384 F. Supp. 3d 546, 554–55 (E.D. Pa. 2019) (quoting *Pennzoil-Quaker State Co. v. Smith*, No. 2:05-cv-1505, 2008 WL 4107159, at *20 (W.D. Pa. Sept. 2, 2008) (unreported) (internal quotations omitted)).  A claim for counterfeiting is valid only as against a defendant's use of a mark on the same goods or services as are covered by the plaintiff's registration of that mark. *Lontex Corp.*, 384 F. Supp. 3d at 558–59 (citing *Playboy Enters., Inc. v. Universal Tel-A-Talk, Inc.*, No. CIV. A. 96-CV-6961, 1998 WL 288423, at *4 (E.D. Pa. 1998) (unreported)).  As to the comparison of the marks themselves, a court considers a heightened similarity standard: whether defendant's mark is "identical with, or substantially indistinguishable from" the Plaintiff's registered mark from the perspective of an average purchaser. *Id.* at 555–57 (collecting cases and statutes).

Here, Plaintiff fails to allege a plausible claim for counterfeiting (Count II) for myriad reasons.  First, Plaintiff's claim for counterfeiting suffers from the same "use-in-commerce" deficiencies as Counts I, III, and VI.

Second, Plaintiff's counterfeiting claim cannot be valid as to U.S. Reg. No. 1,397,810 because Plaintiff's registration covers "frankfurters" and nowhere in the Complaint does Plaintiff allege Vintage Brand used the subject image *on the same type of goods*. *Id.*; *see Playboy Enters., Inc.*, 1998 WL 288423, at *4 (holding plaintiff failed to state a counterfeiting claim because it did not allege that the

defendant used the marks on the same goods or services covered by plaintiff's registrations); (Doc. 1 ¶ 23).

Third, the counterfeiting allegations of paragraph 55[3] are conclusory and not entitled to the presumption of truth.  For example, Plaintiff fails to allege that Vintage Brand used the Nittany Lion Logo described in Paragraph 22 (U.S. Reg. Nos. 1,370,866 and 5,548,988), for apparel and other goods, yet this Nittany Lion Logo is included in Plaintiff's counterfeiting claim, Count II. (Doc. 1 ¶¶ 22, 55, 72). Further, Plaintiff fails to allege that Vintage Brand's goods or the "Infringing Marks" are "identical with, or substantially indistinguishable from" the images in Plaintiff's U.S. Reg. Nos. 1,370,866 and 5,548,988. *See Lontex Corp.*, 384 F. Supp. 3d at 555–57; (Doc. 1 ¶¶ 44–52).

Plaintiff's pleading deficiencies have a global effect on Count II because Plaintiff anchors Count II on the insufficiently defined term, "The Infringing Marks," *see, e.g.*, (Doc. 1 ¶ 72), which only confuses the issue. (Doc. 1 ¶ 72); *see infra* § V.D. at 17–19 (explaining lack of clarity in Plaintiff's use of "The Infringing

---

[3] Paragraph 55 reads: "The Infringing Marks are counterfeit. The Infringing Marks so closely resemble the Penn State Marks that, when used in connection with Defendant's Goods, they are highly likely to cause confusion, mistake, or deception of the relevant trade and public. Consumers likely will believe that Defendant's Goods are in some way associated with or connected with Penn State, or approved, sponsored, or authorized by Penn State, when that is not the case." (Doc. 1 ¶ 55).

Marks"). This, in turn, leaves Vintage Brand without sufficient notice of the claims, which is contrary to the Rule 8 pleading standard.

### C.   Certain Immaterial Facts Should Be Stricken From Plaintiff's Complaint to Streamline This Litigation and Prevent Prejudice to Vintage Brand.

Plaintiff's Complaint contains factual allegations related to Plaintiff's purported "Nittany Lion Logo," U.S. Reg. Nos. 1,370,866 and 5,548,988, that are not sufficiently alleged in relation to, nor can be reasonably inferred to relate to, Vintage Brand's conduct and Plaintiff's claims for relief; thus, such allegations are immaterial or impertinent and should be stricken pursuant to Rule 12(f). *See* (Doc. 1 ¶¶ 22, 38; Doc. 1-2 at 2–6).

This Court should strike these allegations as immaterial and impertinent because there is no identified relationship between the "Nittany Lion Logo," described in paragraph 22, Vintage Brand's conduct, and Plaintiff's claims for relief. *See Dentsply Sirona Inc. v. Net32, Inc.*, No. 1:17:CV-01530, 2020 WL 1082593, at *7 (M.D. Pa. Mar. 4, 2020) (granting motion to strike portions of plaintiff's prayer for relief relating to defendant's sale of plaintiff's genuine products where plaintiff sought to enjoin defendant from infringing upon its marks by facilitating the sale of non-genuine products); (Doc. 1 ¶ 22, 42–101).

Plaintiff asserts only the overgeneralized conclusion that Vintage Brand has used "the Infringing Marks" in commerce. *See* (Doc. 1 ¶ 67). However, Plaintiff has

not alleged (and indeed could not allege) that Vintage Brand has used the "Nittany Lion Logo" depicted in paragraph 22 in commerce, or that Vintage Brand even displayed it. *See* (*id.* ¶¶ 44–48 (containing no express reference to or image of Reg. Nos. 1,370,866 or 5,548,988), (*id.* ¶ 52 (containing image comparisons of "Defendant's Infringing Marks" to every expressly alleged "Penn State Mark" asserted in paragraphs 22 through 26 except for Reg. Nos. 1,370,866 and 5,548,988))). Despite this material pleading omission, Plaintiff folds in the "Nittany Lion Logo" depicted in paragraph 22 with other "Nittany Lion Logos" and "Penn State Marks" as allegations in support of Counts I, II, III and VI. (*Id.* ¶¶ 26, 46).

These allegations should be stricken from the Complaint so that Vintage Brand is not answering undefined, vague claims for relief derived in part from the allegations in paragraphs 22 and 38. (*Id.* ¶¶ 22, 38; Doc. 1-2 at 2–6).

### D. A More Definite Statement is Required to Cure the Unclear, Ambiguous, and Overly Inclusive Allegations.

Plaintiff's Complaint contains undefined terms that are ambiguous and overly inclusive, and the Complaint fails to identify the marks that are the subject of Plaintiff's claims against Vintage Brand. These pleading deficiencies render the Complaint unclear and unanswerable, warranting that this Court require Plaintiff to file a more definite statement pursuant to Rule 12(e) so that Vintage Brand can frame proper, fact-specific responses to the allegations. There are several reasons to Plaintiff must articulate a more definite statement.

First, Plaintiff repeatedly uses of the phrase, "the Penn State Marks," without defining it or otherwise identifying all the alleged trademarks that fall within the "Penn State Marks" grouping. *See* (*Id.* ¶¶ 3, 32, 36, 40–41, 44–45, 51–53, 55, 57, 59–61, 63). This results in ambiguous claims that cannot be answered with fact-specific responses.

To illustrate, under the "Penn State's Uses of its Protected Marks" section of the Complaint, (*id.* ¶¶ 28–41), Plaintiff provides images of "goods featuring vintage designs" that it purportedly "advertises and sells." (*Id.* ¶ 39). Among these images are goods emblazoned with "vintage" lion designs, which do not resemble the "Pozniak Lion Logo" or any of the "Nittany Lion Logos" in Plaintiff's federal registrations. *See generally* (*id.* ¶¶ 22–24; Doc. 1-2). In the immediately following paragraph, Plaintiff continues by discussing its "advertising and promotion of its goods and services using the Penn State Marks." (*Id.* ¶ 40). Vintage Brand is consequently left to decipher whether these vintage designs are alleged marks included in the undefined "Penn State Marks" grouping. Having clarity on this issue is critical to Vintage Brand's ability to answer the Complaint because Plaintiff alleges Vintage Brand's products are "sold in connection with the Penn State Marks and other, confusingly similar marks," (*id.* ¶ 44), "that prominently feature the Penn

State Marks, including, but not limited to, the following," (*id.* ¶ 45), under which are images of goods with vintage lion designs (*id.*).[4]

Second, Plaintiff uses the phrase, "the PENN STATE Marks," without clearly identifying all the alleged trademarks that fall within "the PENN STATE Marks" grouping, and the vague, undefined term "the PENN STATE Mark." *See* (*id.* ¶ 18).[5] By failing to define these terms, Plaintiff creates unreasonable ambiguity and fails to put Vintage Brand on notice of all the marks and classes of goods at issue under Counts IV and V.

To illustrate, Plaintiff begins by noting it has "obtained numerous registrations for PENN STATE and marks incorporating PENN STATE . . . [, which] include, in relevant part," U.S. Reg. Nos. 1,308,610 and 5,766,698. (*Id.* ¶ 17). Then, in paragraph 18, the allegations confusingly alternate between "the PENN STATE Marks," "one of the PENN State Marks," and "the PENN STATE Mark" to refer to either U.S. Reg. No. 1,308,610 or 5,766,698, or both, but the Complaint also refers to "numerous registrations for PENN STATE." (*Id.* ¶¶ 17–18). Thus, it is unclear whether Plaintiff's dilution claims are limited to "the PENN STATE Marks,"

---

[4] To further convolute the marks at issue, several images of shirts include a capital S design, one of which is even marked with a "TM" symbol. (Doc. 1 ¶ 39). Yet Plaintiff does not identify a corresponding registration and also includes an image of a shirt containing a capital S design in its selection of "products that prominently feature the Penn State Marks." (*Id.* ¶ 45).

[5] Plaintiff creates further ambiguity by using the undefined term "the PSU Mark" in Count IV. (*Id.* ¶ 90).

meaning only those registrations attached to the Complaint (Doc. 1-1 (U.S. Reg. No. 1,308,610 and 5,766,698)), or whether Plaintiff's dilution claims extend to the "numerous [yet unidentified] registrations for PENN STATE." (*Id.*; *Id.* ¶¶ 82–96 (alleging dilution of "the PENN STATE Mark")).

Vintage Brand requests a more definite statement of the marks and registrations that comprise "the PENN STATE Marks" and the similarly phrased groupings used in the Complaint that are the subject of Plaintiff's claims against Vintage Brand. *See Valoro, LLC v. Valero Energy Corp.*, No. 14-21694-CIV, 2014 WL 3920035, at *4–5 (S.D. Fla. Aug. 11, 2014) (ordering more definite statement when "allegations in Valero's Counterclaim . . . present a plurality of marks Valero contends it uses, rather than specifying which marks (either registered or unregistered) are infringed").

Third, Plaintiff's definition and use of "the Infringing Marks" is ambiguous and creates a critical deficiency in the Complaint because Plaintiff alleges trademark violations in Counts I, II, III, and VI tied to "the Infringing Marks." (*Id.*) The Complaint defines "Infringing Marks," in paragraph 48, as "(collectively, with the above-identified images, the "Infringing Marks")." (*Id.* ¶ 48). However, based on the images in the immediately preceding paragraphs of the Complaint, it is unclear whether "Infringing Marks" includes the Vintage Brand "Goods" referred to in paragraph 45 (thus including "Infringing PENN STATE Marks") or only those

17

referred to in paragraphs 46 through 48. *See* (Doc. 1 ¶¶ 45–48). Plaintiff then includes the parenthetical "(including but not limited to the Infringing PENN STATE Mark)" following the term "Infringing Marks" in Count II, but not in Counts I, III, or VI. Thus, it is unclear which class of goods, and to what extent "the PENN STATE Mark" (which is also not defined), is at issue in Counts I, III, and VI. (*Id.* ¶ 72).

Finally, even if "Penn State Marks" means those registrations attached to the Complaint, and "Infringing Marks" means only those in paragraphs 46 through 48, and not 45, the terms still would be overly inclusive and render the Complaint unanswerable as pleaded.  That is because Plaintiff's allegations—*i.e*., that Vintage Brand's "Infringing Marks" have violated the laws listed in Counts I, II, III and VI, (*Id.* ¶¶ 65–81, 97–101)—must be tied to Plaintiff's rights in the "Penn State Marks." However, Plaintiff fails to explain or connect how Vintage Brand's conduct violates Plaintiff's rights in the trademarks appearing in U.S. Reg. Nos. 1,370,866, 5,548,988, and 1,397,810. *See* (*id.* ¶¶ 22–23). For example, Plaintiff claims: "The Infringing Marks (including but not limited to the Infringing PENN STATE Mark) used by Defendant are spurious, and are identical or substantially indistinguishable from Penn State' [sic] registered trademarks," and "[t]he Infringing Marks are used in connection with goods and types of goods listed in Penn State's trademark registrations." (*Id.* ¶¶ 72, 74).  Penn State's counterfeiting claim (Count II), thus,

appears to include the allegation that Vintage Brand sells counterfeit frankfurters (Reg. No. 1,397,810) with no supporting factual allegations.

A more definite statement pursuant to Rule 12(e) is an appropriate remedy for these pleading deficiencies. *See Miller v. Atl. Freight Sys., Inc.*, No. 1:11-CV-01954, 2013 WL 1308235, at *3 (M.D. Pa. Jan. 29, 2013), *report and recommendation adopted sub nom. Miller v. Atl. Freight Sys.*, No. 1:11-CV-1954, 2013 WL 1292907 (M.D. Pa. Mar. 28, 2013) (unreported opinion) (citing *Thomas v. Independence Tp.,* 463 F.3d 285, 301 (3d Cir. 2006) (noting "the usefulness of a motion for a more definite statement when a complaint does not disclose the facts underlying a plaintiff's claim for relief such that the defendant cannot reasonably be expected to frame a proper, fact-specific defense")). Vintage Brand cannot respond in good faith to the allegations and claims of the operative Complaint, even with a general denial, if Plaintiff has not identified the trademarks that support each Count. *Pozarlik v. Camelback Assocs., Inc.*, No. 3:11-CV-1349, 2011 WL 6003841, at *4 (M.D. Pa. Nov. 30, 2011); *Lincoln Lab'ys, Inc. v. Savage Lab'ys, Inc.,* 26 F.R.D. 141, 143 (D. Del. 1960) (granting Rule 12(e) motion for identification of the plaintiff's trademarks because such information was necessary for defendant to frame a proper responsive pleading).

## V.    <u>Conclusion</u>

Vintage Brand respectfully requests that the Court dismiss Counts I, II, III, and VI of Plaintiff's Complaint pursuant to Rule 12(b)(6). In the alternative, Vintage Brand requests that this Court strike from Plaintiff's Complaint the allegations related to Plaintiff's "Nittany Lion Logo," U.S. Reg. Nos. 1,370,866 and 5,548,988, and the corresponding "Infringing Marks," including those in Counts I, II, III, and VI, to the extent they relate to or are derived from such facts. Specifically, Vintage Brand requests the Court strike paragraph 22 of Plaintiff's Complaint, (Complaint, Doc. 1 ¶ 22), those images of U.S. Reg. Nos. 1,370,866 and 5,548,988 in paragraph 38, (Id. ¶ 38), and pages 2 through 6 of Exhibit A to the Complaint, (Doc. 1-2, at 2–6).  Also in the alternative, pursuant to Fed. R. Civ. P. 12(e), Vintage Brand requests that Plaintiff be ordered to file an Amended Complaint with a more definite statement of the precise alleged trademarks that are the subject of each of Plaintiff's respective causes of action and omitting all allegations and references to alleged trademarks that are not the subject of each of Plaintiff's respective causes of action. Vintage Brand respectfully requests the Court enter the form of amended proposed Order appended hereto and incorporated herein.

**JURY TRIAL DEMANDED**

Date: September 28, 2021                    Respectfully submitted,


*/s/ Jodi S. Wilenzik*
Jodi  S. Wilenzik, Esquire
PA Supreme Court I.D. No. 89205
Marc H. Perry, Esquire
PA Supreme Court I.D. No. 68610
POST & SCHELL, P.C.
1600 JFK Boulevard, 13th Floor
Philadelphia, PA 19103
215-587-1101 (Phone)
215-320-4159 (Fax)
jwilenzik@postschell.com
mperrry@postschell.com
        and
Leslie Vander Griend, Esquire *pro hac vice*
John Fetters, Esquire, *pro hac vice*
STOKES LAWRENCE, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 626-6000
Fax: (206) 464-1496
Leslie.VanderGriend@stokeslaw.com
John.Fetters@stokeslaw.com

*Attorneys for Defendant*
*Vintage Brand, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Jodi S. Wilenzik, Esquire, hereby state that a true and correct copy of the foregoing Memorandum in Support of Defendant's Motion to Dismiss, Or In The Alternative To Strike and For a More Definite Statement was served via the USDC Middle District of Pennsylvania E-Filing System, on the following counsel of record:

Allison L. Ebeck, Esquire
McGuire Woods LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA  15222-3142

Claire H. Eller, Esquire *(admitted pro hac)*
Lucy J. Wheatley, Esquire *(admitted pro hac)*
Matthew G. Rosendahl, Esquire *(admitted pro hac)*
McGuire Woods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA  23219-3916
*Attorneys for Plaintiff,*
*The Pennsylvania State University*

Dated:  September 28, 2021

*/s/ Jodi S. Wilenzik*
Jodi  S. Wilenzik, Esquire
PA Supreme Court I.D. No. 89205
POST & SCHELL, P.C.
1600 JFK Boulevard, 13th Floor
Philadelphia, PA 19103
215-587-1101 (Phone)
215-320-4159 (Fax)
jwilenzik@postschell.com
*Attorneys for Defendant, Vintage*
*Brand, LLC*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Memorandum complies with LR 7.8(b) of the Local Rules for the U.S. District Court for the Middle District of Pennsylvania in that it does not contain more than 5,000 words. This Memorandum contains 4,961 words (not including the Table of Contents, the Table of Citations, this Certificate of Compliance or the Certificate of Service) according to the word count feature of the word processing software used to prepare this memorandum.

**JURY TRIAL DEMANDED**

Date: September 28, 2021                    Respectfully submitted,

*/s/ Jodi S. Wilenzik*
Jodi  S. Wilenzik, Esquire
Marc H. Perry, Esquire
PA Supreme Court I.D. Nos 89205 & 68610
POST & SCHELL, P.C.
1600 JFK Boulevard, 13th Floor
Philadelphia, PA 19103
215-587-1101 (Phone)
215-320-4159 (Fax)
jwilenzik@postschell.com
mperrry@postschell.com
    and
Leslie Vander Griend, Esquire *pro hac vice*
John Fetters, Esquire, *pro hac vice*
STOKES LAWRENCE, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 626-6000
Fax: (206) 464-1496

*Attorneys for Defendant*          Leslie.VanderGriend@stokeslaw.com
*Vintage Brand, LLC*               John.Fetters@stokeslaw.com