IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PENNSYLVANIA STATE UNIVERSITY, | : :  |
| Plaintiff and Counter-Claim Defendant, | : Civil Action No. 4:21-cv-01091 MWB : : |
| v. | : **(Judge Matthew W. Brann)** : |
| VINTAGE BRAND, LLC, | : : |
| Defendant and Counter-Claim Plaintiff. | : |

**DEFENDANT VINTAGE BRAND, LLC'S OPPOSITION TO PLAINTIFF THE PENNSYLVANIA STATE UNIVERSITY'S PARTIAL MOTION TO DISMISS VINTAGE BRAND, LLC's AMENDED COUNTERCLAIM**

## I.     <u>Introduction</u>

Defendant Vintage Brand, LLC respectfully requests that the Court deny Plaintiff The Pennsylvania State University's Renewed Partial Motion to Dismiss Counterclaim, which seeks dismissal of Count IV of Vintage Brand's Amended Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 37, 38). Count IV seeks cancellation of U.S. Trademark Registration Nos. 5,305,910, 5,766,698 and 5,877,080 on the basis that the alleged marks that are the subject of said registrations are perceived by consumers as a purely ornamental feature when affixed to the goods for which they are registered and, therefore, fail to function as trademarks. (Doc. 31, First Am. Countercl. ("FACC") ¶¶ 39-48). Whether consumers perceive text or a design as a merely ornamental feature or as a source-indicative trademark is a fact-intensive analysis. Thus, 's motion to dismiss is premature and must be denied.

Lacking a principled basis for dismissal at this early stage of the proceedings, the University uses its briefing primarily as a means to launder fiery rhetoric and lodge incendiary accusations. This attempt to influence the Court's perception of Vintage Brand relies on the misleading, if not outright false, narrative that Vintage Brand is a "serial infringer" that is "issuing frivolous challenges to Penn State's trademark registrations in hopes of dissuading Penn State from enforcing its valuable trademarks." (Doc. 38 at 1). In reality, the University initiated this lawsuit to

1

preclude Vintage Brand from selling items decorated with historic public domain artwork copied and enhanced from vintage memorabilia such as game tickets and brochures. Now that consumers are celebrating such historic designs, the University hopes to secure a monopoly over this burgeoning market by asserting rights long ago expired or never acquired in the first place. Put another way, this lawsuit is not the University "enforcing its valuable trademarks" but, rather, an anticompetitive attempt to claim non-existent property rights and punish consumers with grossly overpriced products. This unfortunate overreaching is why educational institutions are becoming known as prolific brand bullies.[1]

As the leading commentator on trademark law, Professor McCarthy, states in the opening pages of his treatise: "A basic objective of the law regulating the American free market economy is the promotion and encouragement of competition." MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 1:1 (5th ed., Dec. 2021). Vintage Brand's entire business model is centered on taking vintage artwork in the public domain and applying such artwork to products in a novel way that consumers find highly desirable. As McCarthy explains:

> "Public domain" is the status of an invention, creative work, commercial symbol, or any other creation that is not protected by any form of intellectual property. Public domain is the rule: intellectual property is the exception. Legally protected zones of exclusivity for intellectual property rights, such as patents, trademarks and copyrights,

---

[1] *See generally* James Boyle & Jennifer Jenkins, *Mark of the Devil: The University as Brand Bully*, 31 FORDHAM INTELL. PROP. MEDIA & ENT. L.J. 391 (2020).

are exceptions to the general principle of free copying and imitation. The Restatement declares as the first principle of the law of unfair competition the right to compete—it is the "fundamental premise of the free enterprise system."

*Id*. § 1:2.

## II. <u>Statement of Facts and Procedural History</u>

As alleged in the University's operative pleading, Vintage Brand operates an online retail store through which it offers customers print-on-demand apparel, wall art, coasters, and similar merchandise, all bearing historic artistic images reproduced from vintage memorabilia. (Doc. 23, First Am. Compl. ("FAC") ¶¶ 54, 56-57, 60-62).

The University's Amended Complaint lodges six trademark claims against Vintage Brand. (*Id.* ¶¶ 81-117). In support of its claims, the University alleges ownership of nine federal trademark registrations. (*Id.* ¶¶ 17, 26-28, 30, 33-34). Relevant to the instant motion, the University pleaded ownership of the following:

- U.S. Registration No. 5,766,698 (the "'698 Registration") for the text PENN STATE for use in connection with, *inter alia*,[2] "Sunglasses, decorative magnets, blank USB flash drives, headphones, mouse pads, cell phone cases" in Class 009 and "Bras, t-shirts for infants and children, infant wear, cardigans, tennis shirts, hooded sweatshirts, sweatpants, pajama bottoms, caps

---

[2] The '698 Registration covers myriad goods in Classes 006, 009, 012, 014, 018, 016, 020, 021, 024, 025, 026, 028, 029, 030 and 032. (Doc. 23-1).

3

being headwear, headbands, flip flops, gloves" in Class 025. (FAC ¶ 17; Doc. 23-1).

- U.S. Registration No. 5,305,910 (the "'910 Registration") for the design shown below (the "Pozniak Lion") for use in connection with, *inter alia*,[3] "Metal novelty license plates" in Class 006 and "Clothing, namely, hats, T-shirts, sweat shirts, jackets, polo shirts" in Class 025. (FAC ¶ 30; Doc. 23-2).



- U.S. Federal Registration No. 5,877,080 (the "'080 Registration") for the design shown below (the "Seal") for use in connection with, *inter alia*,[4] "Decanters; coasters, not of paper or textile; ceramic mugs" in Class 021 and "Sweaters; cardigans; tennis shorts; ponchos; raincoats; hooded sweatshirts; sweatpants; pants" in Class 025. (FAC ¶ 34; Doc. 23-2).



---

[3] The '910 Registration is also registered for various entertainment services in Class 041. (Doc. 23-2).
[4] The '080 Registration covers myriad goods in Classes 014, 016, 018, 020, 021, 024, 025 and 026. (Doc. 23-2).

4

On November 23, 2021, Vintage Brand filed its Answer to the University's Amended Complaint and asserted a four-count Amended Counterclaim: Count I – cancellation of U.S. Registration No. 1,276,712[5] and the '080 Registration under Sections 2(b) and 14(3) of the Lanham Act, 15 U.S.C. §§ 1052(b) and 1064(3), because the Seal consists of or comprises the Coat of Arms of the Commonwealth of Pennsylvania (FACC ¶¶ 6-14); Count II – cancellation of the '910 Registration under Section 14(3) of the Lanham Act, 15 U.S.C. § 1064(3), because the University procured the '910 Registration through material fraud on the Patent and Trademark Office (*id.* ¶¶ 15-34); Count III – cancellation of the '910 Registration under Sections 14(3) and 45 of the Lanham Act, 15 U.S.C. §§ 1064(3) and 1127, because the University abandoned any rights it might have had in the Pozniak Lion (*id.* ¶¶ 35-38); and Count IV – cancellation of the '698 Registration, '910 Registration, and '080 Registration under Sections 1, 2, and 45 of the Lanham Act, 15 U.S.C. §§ 1051, 1052, 1127, because when affixed to the goods for which they are respectively registered, consumers perceive the text PENN STATE, the Pozniak Lion, and the Seal as mere ornamentation and not as source-identifying trademarks (*id.* ¶¶ 39-48).

Through the instant motion, the University seeks dismissal of Count IV of Vintage Brand's Amended Counterclaims on the grounds that consumers will indeed perceive the text PENN STATE, the Pozniak Lion design, and the Seal design as

---

[5] The Seal is also the subject of U.S. Registration No. 1,276,712.

source-identifying trademarks for merchandise. (Doc. 38). The issue of consumer perception is fact-intensive and not amenable to resolution at this stage of the proceedings. The Court should deny the University's motion.

## III. Statement of Question Involved

Whether Count IV of Vintage Brand's Amended Counterclaims is properly subject to dismissal under Rule 12(b)(6) when resolution of the issue of consumer perception requires that the Court decide issues of fact.

Answer: *No*.

## IV. Argument

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a pleading, which must have a short and plain statement such that a defendant is put on notice as to the claims and grounds upon which those claims rest. FED. R. CIV. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Blanyar v. Genova Prods. Inc.*, 861 F.3d 426, 431 (3d Cir. 2017) (citation omitted). The standard presumes that "'general allegations embrace those specific facts necessary to support the claim.'" *Schuchardt v. President of the United States*, 839 F.3d 336, 349 (3d Cir. 2016) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)). The pertinent question is "whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).

### B. Vintage Brand Sufficiently Pleaded Count IV

The University's motion is premised on a straw man. Vintage Brand is not "assert[ing] that a trademark that is aesthetically pleasing is barred from also functioning as a trademark." (Doc. 38 at 2). Vintage Brand contends that consumers perceive the text PENN STATE, the Pozniak Lion, and the Seal as being mere ornamentation when affixed to the goods for which they are respectively registered.

A registration is subject to cancellation when "the term for which registration … has been obtained has not been used as a trademark or service mark." TBMP § 309.03(c)(1)(20). The Lanham Act defines a trademark as "any word, name, symbol, or device, or any combination thereof … [used] *to indicate the source of the*

*goods*[.]" 15 U.S.C. § 1127 (emphasis added). Thus, text or a design that is simply decorative and does not serve a source-indicative function is not registrable—or, if a registration has been issued, is subject to cancellation—because it fails to function as a trademark. The Third Circuit has articulated this concept in the analogous context of trade dress:

> [T]he configuration for which protection is sought must not appear to the consumer as a mere component, or the essence, of the product gestalt, but rather must appear as something attached (in a conceptual sense) to function in actuality as a source designator—it must appear to the consumer to act as an independent signifier of origin rather than as a component of the good.

*Duraco Products, Inc. v. Joy Plastic Enterprises, Ltd.*, 40 F.3d 1431, 1449–50 (3d Cir. 1994). In other words, sometimes a design printed on clothing is just a design, and sometimes—such as when printed on a neck label or sleeve end—it is functioning as a trademark .

When an ornamentality challenge is raised, "relevant considerations include the commercial impression made by the design, the relevant practices of the trade, and evidence of distinctiveness, if applicable." *In Re Lululemon Athletica Canada Inc*, 105 USPQ2d 1684, 2013 WL 326567, at *2 (TTAB 2013) (collecting cases). Although all such evidence is relevant, "[t]he critical inquiry in determining whether a designation functions as a mark is how the designation would be perceived by the relevant public." *D.C. One Wholesaler, Inc. v. Chien*, 120 USPQ2d 1710, 2016 WL 7010638, at *3 (TTAB 2016). Whereas a small, neat, and discrete word or design

8

feature may be likely to engender the commercial impression of a trademark, a larger rendition of the same matter emblazoned across the front of an article will be perceived merely as a decorative or ornamental feature of the goods. *Lululemon Athletica Canada Inc*, 2013 WL 326567, at \*2; TMEP § 1202.03. The larger the display relative to the size of the goods, the more likely it is that consumers will not view the ornamental matter as a source-identifying trademark. *Bobosky v. Adidas AG*, 843 F. Supp. 2d 1134, 1145 (D. Or. 2011) (citation omitted). Another relevant factor is whether the ornamental matter is accompanied by "™" or ®, suggesting trademark usage. *Id.*

In support of Count IV, Vintage Brand pleaded that the text PENN STATE, the Pozniak Lion, and the Seal when printed on the goods for which they are respectively registered are "used as mere decoration, printed large and in a prominent location, and [do] not serve to identify Penn State as the source or origin of the goods." (Doc. 31 ¶¶ 42, 44 46). Vintage Brand pleaded images showing quintessential examples of ornamental printing of the text PENN STATE, the Pozniak Lion, and the Seal. (*Id.* ¶¶ 24, 27, 43, 45, 47). Indeed, Vintage Brand specifically pleaded consumer perception with respect to each alleged mark: "consumers perceive such printing of [the text PENN STATE, the Pozniak Lion, and the Seal] to be merely a decorative feature of the goods and not an indicator of the source of the goods." (*Id.* ¶¶ 43, 45, 47); *see also* (*id.* ¶ 48) ("The overall commercial

9

impression of the text PENN STATE, the Pozniak Lion, and the Seal is purely ornamental or merely a decorative feature as to the goods in the Classes specified above[.]"). Additionally, only a minority of the pleaded examples—all of which the University submitted to the USPTO—appear alongside a symbol indicating trademark usage. (*Id.* ¶¶ 24, 27, 43, 45, 47). Discovery will likely show this practice is even rarer in the normal course of business.

Count IV contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Vintage Brand is entitled to discovery on this issue and intends on developing a robust record for presentation to a jury, the stage at which it is appropriate to consider this issue.

### C. Penn State's Motion Seeks Resolution of a Fact-Intensive Issue

Whether text or a design serves a source-identifying function is a preliminary fact issue in trademark litigation. As described by the leading treatise:

> The "merely ornamental" rule is simply a facet of the *basic trademark factual question*: is the disputed feature in fact perceived by customers as a trademark or not? Do customers perceive this feature solely as attractive ornamentation or also as a symbol that identifies and distinguishes a single source?

MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 7:81 (5th ed., Dec. 2021) (emphasis added). Thus, "[w]hether a plaintiff uses a designation merely as ornamentation or also to indicate origin is a question of fact." *Bobosky*, 843 F. Supp.

2d at 1143[6] (citations omitted); *see also Application of Swift & Co.*, 223 F.2d 950, 954 (C.C.P.A. 1955) (finding "the line distinguishing between mere ornamentation and ornamentation which is merely an incidental quality of a trade-mark is not always clearly ascertainable" and thus requiring that "the merits of each case ... must be individually and accordingly adjudged"); *In Re M & N Plastics, Inc.*, 2004 WL 398556, at *3 (TTAB 2004) ("the question of mere ornamentation is a question of fact"); MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 7:24 (5th ed., Dec. 2021) ("whether an ornamental design also serves as a trademark requires a highly fact-dependent analysis and a close examination of the probable impression made on the buying public").

The basic factual issue of whether consumers perceive text or a design as a source-identifying trademark is applicable not only to whether an alleged mark is perceived as mere ornamentation but also to the analogous question of whether an alleged mark is perceived as being merely descriptive or generic. Courts regularly deny motions to dismiss seeking resolution of this fact-intensive issue. *See, e.g.*,

---

[6] The University misstates the *Bobosky* decision. The court did not find that the "use of WE NOT ME in large font on the front of a hat served a 'source-identifying as well as ornamental' function, entitling the mark to trademark protection." (Doc. 38 at 12). Rather, the court held that "because Bobosky uses WE NOT ME on shirts and hats in relatively small font at a secondary location without accompanying aesthetic content, there is a genuine issue of material fact concerning whether the phrase also serves to identify We Not Me, Ltd. as the secondary source of those items." *Bobosky*, 843 F. Supp. 2d at 1146.

11

*Parikh Worldwide Media, LLC v. Sheth*, 2021 WL 856901, at *5 (D.N.J. Mar. 8, 2021) ("The Court will not make factual determinations regarding the generic or distinctive nature of the Desi Marks at this stage."); *Mazcon, a Kurtz Bros. Co., LLC v. BEG Grp. LLC*, 2020 WL 4583867 (W.D. Pa. Aug. 10, 2020) ("a level-of-distinctiveness determination is a question of fact that is beyond the Rule 12(b) level of review"); *Holy Spirit Ass'n for Unification of World Christianity v. World Peace & Unification Sanctuary, Inc.*, 2019 WL 3297469, at *8 (M.D. Pa. July 22, 2019) (whether an alleged mark "fails to function as a trademark" cannot be resolved on a Rule 12(b)(6) motion); *Pinterest Inc. v. Pintrips Inc.*, 15 F. Supp. 3d 992, 999, 109 USPQ2d 2044 (N.D. Cal. 2014) (collecting cases demonstrating "the widely-shared stance that a Rule 12(b)(6) motion is generally an improper vehicle for establishing that a mark is generic or functional"); *see also E.T. Browne Drug Co. v. Cococare Products, Inc.*, 538 F.3d 185, 192 (3d Cir. 2008) ("Whether 'Cococare Butter Formula' is generic or descriptive, and whether that term has acquired secondary meaning, are questions of fact.").

The University relies on the "secondary source" doctrine to argue that the text PENN STATE, the Seal, and the Pozniak Lion cannot "be perceived by the consuming public as anything ***other than*** an identification of Penn State as the source or secondary source of that good." (Doc. 38 at 12). First, "[i]t is a question of fact as to whether consumers view [alleged trademarks] as 'merely ornamental'

12

or as symbols that identify a secondary source of sponsorship." MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 24:8 (5th ed., Dec. 2021). As above, this issue cannot properly be litigated under the Rule 12(b)(6) standard.

Second, the University miscomprehends fundamental trademark concepts. Simply because consumers might perceive text or a design as *referring* or *related* to the University does not mean that consumers perceive the same text or design when affixed to goods as identifying the University *as the source* of the goods. *See Int'l Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 918 (9th Cir. 1980) ("[I]t would be naive to conclude that the name or emblem is desired because consumers believe that the product somehow originated with or was sponsored by the organization the name or emblem signifies."); *Bobosky*, 843 F. Supp. 2d at 1145 ("[T]he similarity of WE NOT ME and the corporate name We Not Me, Ltd. cannot alone demonstrate trademark usage to identify a secondary source."). By the University's logic, it has a monopolistic right to print anything that might be perceived as a reference to the University; for example, "UNIVERSITY WITH A CAMPUS IN UNIVERSITY PARK, PENNSYLVANIA." The University cannot preclude others from printing the foregoing text unless it can prove such text is a source-identifying trademark rather than a mere reference.

Third, the University relies on mere dicta in an unpublished, out-of-jurisdiction decision to argue that the name of an educational institution must fall

13

within reach of the "secondary source" doctrine. (Doc. 38 at 11 (citing *Macy's Inc. v. Strategic Marks, LLC*, 2016 WL 374147, *3 (N.D. Cal. Feb. 1, 2016)). But courts and commentators disagree with the factual predicate underpinning the *Macy's* dicta and, by extension, the University's legal argument. *See, e.g.*, *Univ. of Pittsburgh v. Champion Products, Inc.*, 566 F. Supp. 711, 722 (W.D. Pa. 1983), *vacated* (Feb. 2, 1984) ("We believe that the use of the [University of Pittsburgh] insignia on the soft goods in question was strictly ornamental."); *Bd. of Governors of Univ. of N. Carolina v. Helpingstine*, 714 F. Supp. 167, 173 (M.D.N.C. 1989) ("[T]he court is skeptical that those individuals who purchase unlicensed tee-shirts bearing [University of North Carolina at Chapel Hill] marks care one way or the other whether the University sponsors or endorses such products or whether the products are officially licensed."); Boyle & Jekins, *supra*, at 432 ("When most people buy a T-shirt with Duke on it, they are not saying, 'Wow, Duke makes such high-quality T-shirts. This is the large white cotton T-shirt for me!' Instead, they are signaling an affiliation. The trademark 'Duke' is … [not] telling me something about ingredients and product quality and source."); Stacey L. Dogan & Mark A. Lemley, *The Merchandising Right: Fragile Theory or* Fait Accompli*?*, 54 EMORY L.J. 461, 500 (2005) ("When fans buy Harvard shirts … they are doing so not because they believe that Harvard … made or sponsored the goods, but because the trademark in this context serves an important communicative function for them.").

### D. Leave to Amend

If the Court grants the University's motion, Vintage Brand respectfully requests that the Court also grant Vintage Brand leave to amend Count IV to further plead facts pertinent to consumer perception of the text PENN STATE, the Seal, and the Pozniak Lion.

### E. Oral Argument

Vintage Brand submits that oral argument will not assist the Court with resolving the issue of whether a Rule 12(b)(6) motion is an appropriate vehicle to make factual determinations.

## V. Conclusion

Vintage Brand respectfully requests that the Court deny the University's Partial Motion to Dismiss Vintage Brand's Amended Counterclaim because it raises an issue of fact not properly subject to resolution at this stage of the proceedings. In the alternative, Vintage Brand requests leave to amend Count IV of its Counterclaims.

Date: December 21, 2021                Respectfully submitted,

*/s/ Jodi S. Wilenzik*
Jodi  S. Wilenzik, Esquire
PA Supreme Court I.D. No. 89205
Marc H. Perry, Esquire
PA Supreme Court I.D. No. 68610
POST & SCHELL, P.C.
1600 JFK Boulevard, 13th Floor
Philadelphia, PA 19103
215-587-1101 (Phone)
215-320-4159 (Fax)
jwilenzik@postschell.com
mperrry@postschell.com
   and
Leslie Vander Griend, Esquire *pro hac vice*
John Fetters, Esquire, *pro hac vice*
STOKES LAWRENCE, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 626-6000
Fax: (206) 464-1496
Leslie.VanderGriend@stokeslaw.com
John.Fetters@stokeslaw.com

*Attorneys for Defendant*
*Vintage Brand, LLC*

# CERTIFICATE OF SERVICE

I, Jodi S. Wilenzik, Esquire, hereby state that a true and correct copy of the foregoing Defendant Vintage Brand, LLC's Opposition To Plaintiff The Pennsylvania State University's Partial Motion To Dismiss Vintage Brand, LLC's Amended Counterclaim was filed and served using the Middle District of Pennsylvania E-Filing System, on the following counsel of record:

> Allison L. Ebeck, Esquire
> McGuire Woods LLP
> Tower Two-Sixty
> 260 Forbes Avenue, Suite 1800
> Pittsburgh, PA  15222-3142
>
> Claire H. Eller, Esquire *(admitted pro hac)*
> Lucy J. Wheatley, Esquire *(admitted pro hac)*
> Matthew G. Rosendahl, Esquire *(admitted pro hac)*
> McGuire Woods LLP
> Gateway Plaza
> 800 East Canal Street
> Richmond, VA  23219-3916
> *Attorneys for Plaintiff,*
> *The Pennsylvania State University*

Dated:  December 21, 2021

/s/ *Jodi S. Wilenzik*
Jodi  S. Wilenzik, Esquire
PA Supreme Court I.D. No. 89205
POST & SCHELL, P.C.
1600 JFK Boulevard, 13th Floor
Philadelphia, PA 19103
215-587-1101 (Phone)
215-320-4159 (Fax)
jwilenzik@postschell.com
*Attorneys for Defendant, Vintage Brand, LLC*