IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PENNSYLVANIA STATE UNIVERSITY, | : : : | |
| | : | Civil Action No. 4:21-cv-01091-MWB |
| Plaintiff and Counter-Claim Defendant, | : : | **(Judge Matthew W. Brann)** |
| | : | |
| v. | : | |
| | : | |
| VINTAGE BRAND, LLC; SPORTSWEAR INC. d/b/a PREP SPORTSWEAR; CHAD HARTVIGSON; ERIK HARTVIGSON; and MICHELLE YOUNG, | : : : : : | JURY TRIAL DEMANDED |
| Defendants and Counter-Claim Plaintiffs. | | |

**DEFENDANT VINTAGE BRAND, LLC'S ANSWER WITH
AFFIRMATIVE DEFENSES TO PLAINTIFF THE PENNSYLVANIA
STATE UNIVERSITY'S SECOND AMENDED COMPLAINT AND
VINTAGE BRAND'S COUNTERCLAIMS**

Defendant Vintage Brand, LLC ("Vintage Brand" or "Defendant") hereby responds to Plaintiff The Pennsylvania State University's ("Penn State" or "Plaintiff") Second Amended Complaint (Doc. 67) as follows:

## I.    Introduction

1.      Admitted in part; denied in part. Vintage Brand admits that Penn State has brought the claims described in Paragraph 1 of the Second Amended Complaint. Vintage Brand denies liability to Penn State, denies that Penn State has a basis for

the asserted claims and denies that Penn State owns trademark rights in the text or images referenced as "Penn State's trademarks" in Paragraph 1 of the Second Amended Complaint.  Vintage Brand further avers that this case simply is an attempt by Penn State to establish a merchandising monopoly, so that it is the only source of apparel and other merchandise that contain any reference to or association with Penn State, regardless of whether the words or artwork decorated on such apparel and merchandise cause any source confusion or not. This case also is a vehicle for Penn State to attempt to opportunistically obtain, where trademark law does not allow, exclusive rights to artwork (most or all created by third parties) that first appeared decoratively on sports tickets, programs, and other items of sports memorabilia from the distant past, artwork that is now in the public domain. What this case is not about is consumer confusion or actual injury to Penn State. Instead, Penn State hopes to accomplish its anticompetitive objective by untethering trademark law from source identification, so that Penn State may achieve what is essentially a "right in gross," all to the detriment of consumers who are stuck with fewer choices in the marketplace and are forced to pay anticompetitive prices.

2.      Admitted in part; denied in part. Vintage Brand admits that it has a website at <vintagebrand.com>. Vintage Brand denies that it sells counterfeit Penn State-branded clothing and accessories. Vintage Brand denies that Sportswear is an "affiliate." Vintage Brand admits that, pursuant to an arms'-length, mutually

beneficial contractual agreement, Sportswear is responsible for the manufacture and shipping of clothing and other products sold by Vintage Brand through the Vintage Brand website. Vintage Brand admits that: Chad Hartvigson is the founder and CEO of Sportswear and a cofounder of Vintage Brand; Erik Hartvigson is a cofounder and is listed as president of Vintage Brand and serves on the marketing team at Sportswear; Michelle Young is a cofounder of Vintage Brand and serves as the creative director of Sportswear. Except as specifically admitted, Vintage Brand denies the remaining averments contained in Paragraph 2 of the Second Amended Complaint.

3.     Admitted in part; denied in part. Vintage Brand admits that the institutions listed in Paragraph 3 of the Second Amended Complaint have initiated litigation against Vintage Brand.  Vintage Brand denies liability to any of the institutions listed in Paragraph 3 of the Second Amended Complaint and further denies any suggestion that the existence of such lawsuits has any bearing on Penn State's trademarks or Penn State's claims in the instant lawsuit.  Vintage Brand further admits that it does not have a license agreement with, or permission from, Penn State for any text or images but denies that a license agreement or permission is needed for Vintage Brand's ornamental printing of historic public domain images, and Vintage Brand further denies any suggestion that Penn State owns trademark rights in such text and/or images.  Except as specifically admitted, Vintage Brand

denies any remaining averments contained in Paragraph 3 of the Second Amended Complaint.

4.    Admitted in part; denied in part. Vintage Brand admits that Penn State has brought claims for federal and state trademark infringement and unfair competition, false advertising, false endorsement, false designation of origin, and trademark dilution. Vintage Brand denies liability for all such claims. The remaining averments contained in Paragraph 4 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent an answer is required, Vintage Brand denies any remaining averments contained in Paragraph 4 directed at Vintage Brand. To the extent any remaining averments contained in Paragraph 4 are not directed at Vintage Brand, no answer is required.

## II.    <u>The Parties</u>

5.    Denied.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 5 of the Second Amended Complaint and, therefore, denies the same.

6.    Admitted.

7.    The allegations of Paragraph 7 of the Second Amended Complaint are not directed at Vintage Brand; therefore, no answer is required.

8.    The allegations of Paragraph 8 of the Second Amended Complaint are not directed at Vintage Brand; therefore, no answer is required.

9.      The allegations of Paragraph 9 of the Second Amended Complaint are not directed at Vintage Brand; therefore, no answer is required.

10.     The allegations of Paragraph 10 of the Second Amended Complaint are not directed at Vintage Brand; therefore, no answer is required.

### III.    Jurisdiction And Venue

11.     Admitted in part; denied in part. Vintage Brand admits that this Court can properly exercise subject matter jurisdiction over the claims asserted in the Second Amended Complaint pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1338(b). Vintage Brand denies that this Court has subject matter jurisdiction over the claims asserted in the Second Amended Complaint under 28 U.S.C. § 1337(a).

12.     Admitted. Vintage Brand admits that this Court can properly exercise subject matter jurisdiction over the state law claims asserted in the Second Amended Complaint pursuant to 28 U.S.C. § 1367(a).

13.     Admitted in part; denied in part. Vintage Brand admits that it is subject to specific personal jurisdiction in this Court for the claims Penn State asserts in the Second Amended Complaint.  Vintage Brand specifically denies any suggestions that Penn State owns trademark rights in the text and images referenced as "Penn State's trademarks" in Paragraph 13 of the Second Amended Complaint.  Vintage Brand admits that Chad Hartvigson, Erik Hartvigson, and Michelle Young are co-

founders and owners of Vintage Brand. Except as specifically admitted, Vintage Brand denies the remaining averments directed at Vintage Brand in Paragraph 13 of the Second Amended Complaint. For those averments not directed at Vintage Brand, no answer is required.

14.     Admitted.  Vintage Brand admits that the Middle District of Pennsylvania is a proper venue for the claims asserted in the Second Amended Complaint under 28 U.S.C. § 1391(a) and (b).

## IV.   Penn State and its Purported Trademarks

15.     Denied.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 15 of the Second Amended Complaint and, therefore, denies the same.

16.     Denied.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 16 of the Second Amended Complaint and, therefore, denies the same.

17.     Denied.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 17 of the Second Amended Complaint and, therefore, denies the same.

18.     Denied.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 18 of the Second Amended Complaint and, therefore, denies the same.

19.    Denied.  Vintage Brand denies any suggestions that Penn State owns trademark rights in the text and images referenced as "trademarks" or as "University Marks" in Paragraph 19 of the Second Amended Complaint.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 19 of the Second Amended Complaint and, therefore, denies the same.

20.    Denied.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 20 of the Second Amended Complaint and, therefore, denies the same.

### A.    The Text PENN STATE and THE PENNSYLVANIA STATE UNIVERSITY

21.    Denied.  Whether Penn State has been using the text PENN STATE as a trademark is a legal conclusion to which no response is required.  To the extent an answer is required, Vintage Brand denies the same.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 21 of the Second Amended Complaint and, therefore, denies the same.

22.    Denied.    Whether Penn State has been using the text THE PENNSYLVANIA STATE UNIVERSITY as a trademark is a legal conclusion to which no response is required.  To the extent an answer is required, Vintage Brand denies the same.  Vintage Brand is without knowledge or information sufficient to

form a belief as to the truth of the remaining averments contained in Paragraph 22 of the Second Amended Complaint and, therefore, denies the same.

23.    Admitted in part; denied in part.  Vintage Brand admits that the USPTO lists Penn State as the owner of U.S. Trademark Registration Nos. 1,308,610, 4,439,041, 5,441,650, 5,766,698, 1,315,693, 5,399,989, and 5,742,516.   Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 23 of the Second Amended Complaint and, therefore, denies the same.

24.    Admitted in part; denied in part.  Vintage Brand admits that Exhibit A to the Second Amended Complaint appears to be copies of registration certificates for the '610, '041, '650, '698, '693, '989, '516 Registrations.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 24 of the Second Amended Complaint and, therefore, denies the same.

25.    Admitted in part; denied in part. Vintage Brand admits that the chart in Paragraph 23 of the Second Amended Complaint indicates that the '610, '041 and '693 Registrations have obtained incontestable status, but Vintage Brand is without sufficient knowledge or information to form a belief as to the truth of the information contained in the said chart. The remaining averments contained in Paragraph 25 of

the Second Amended Complaints are legal conclusions to which no response is required. To the extent and answer is required, Vintage Brand denies the same.

26.     Denied.   The averments contained in Paragraph 26 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent an answer is required, Vintage Brand denies the same.

27.     Denied.  Whether Penn State owns common law trademark rights with respect to any text or design is a legal conclusion to which no response is required. To the extent an answer is required, Vintage Brand denies the same.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 27 of the Second Amended Complaint and, therefore, denies the same.

28.     Denied.  Whether Penn State owns trademark rights with respect to any text or design is a legal conclusion to which no response is required.  Further, the remaining portion of Paragraph 28 contains a definition to which no response is required.  To the extent an answer is required, Vintage Brand denies the same.

29.     Denied.  Whether Penn State owns trademark rights with respect to any text or design is a legal conclusion to which no response is required.  Further, the remaining portion of Paragraph 29 contains a definition to which no response is required.  To the extent an answer is required, Vintage Brand denies the same.

30.     Denied.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 30 of the Second Amended Complaint and, therefore, denies the same.

31.     Denied.  Whether Penn State owns trademark rights with respect to any text or design and whether any trademark is inherently distinctive or has acquired secondary meaning or has become famous are legal conclusions to which no response is required.  To the extent an answer is required, Vintage Brand denies the same.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 31 of the Second Amended Complaint and, therefore, denies the same.

**B.     The Lion Head, Nittany Lion, Pozniak Lion, and S Lion**

32.     Denied.  Whether Penn State has adopted or used text or a design as a trademark is a legal conclusion to which no response is required.  To the extent an answer is required, Vintage Brand denies the same.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 32 of the Second Amended Complaint and, therefore, denies the same.

33.     Denied.  Whether Penn State has adopted or used text or a design as a trademark is a legal conclusion to which no response is required.  To the extent an answer is required, Vintage Brand denies the same.   Vintage Brand is without

knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 33 of the Second Amended Complaint and, therefore, denies the same.

34.     Denied.  Whether Penn State has adopted or used text or a design as a trademark is a legal conclusion to which no response is required.  To the extent an answer is required, Vintage Brand denies the same.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 34 of the Second Amended Complaint and, therefore, denies the same.

35.     Denied.  Whether Penn State has adopted or used text or a design as a trademark is a legal conclusion to which no response is required.  To the extent an answer is required, Vintage Brand denies the same.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 35 of the Second Amended Complaint and, therefore, denies the same.

36.     Paragraph 36 of the Second Amended Complaint is a definition to which no response is required.

37.     Denied.  Whether Penn State has adopted or used text or a design as a trademark is a legal conclusion to which no response is required.  To the extent an answer is required, Vintage Brand denies the same.  Vintage Brand is without

knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 37 of the Second Amended Complaint and, therefore, denies the same.

38.     Denied.  Whether Penn State has adopted or used text or a design as a trademark is a legal conclusion to which no response is required.  To the extent an answer is required, Vintage Brand denies the same.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 38 of the Second Amended Complaint and, therefore, denies the same.

39.     Denied. Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 39 of the Second Amended Complaint and, therefore, denies the same.

40.     Denied.  Whether Penn State has established common law trademark rights in any text or design is a legal conclusion to which no response is required. To the extent an answer is required, Vintage Brand denies the same.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 40 of the Second Amended Complaint and, therefore, denies the same.

41.     Denied. Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 41 of the Second Amended Complaint and, therefore, denies the same.

42.     Admitted in part; denied in part.  Vintage Brand admits that Exhibit B to the Second Amended Complaint appears to be copies of registration certificates for the '866, '988, '286, '810, and '910 Registrations.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 42 of the Second Amended Complaint and, therefore, denies the same.

## C.     The Penn State Seal

43.     Denied.  Whether Penn State has adopted or used text or a design as a trademark is a legal conclusion to which no response is required.  To the extent an answer is required, Vintage Brand denies the same.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 43 of the Second Amended Complaint and, therefore, denies the same.

44.     Denied.  Whether Penn State owns trademark rights in a text or a design is a legal conclusion to which no response is required.  To the extent an answer is required, Vintage Brand denies the same.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments

contained in Paragraph 44 of the Second Amended Complaint and, therefore, denies the same.

45.    Denied.  Whether Penn State owns common law trademark rights in text or a design is a legal conclusion to which no response is required.  To the extent an answer is required, Vintage Brand denies the same.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 45 of the Second Amended Complaint and, therefore, denies the same.

46.    Paragraph 46 of the Second Amended Complaint is a definition to which no response is required.

47.    Denied. Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 47 of the Second Amended Complaint and, therefore, denies the same.

48.    Admitted in part; denied in part.  Vintage Brand admits that Exhibit C to the Second Amended Complaint appears to be copies of registration certificates for the '712 and '080 Registrations.  Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 48 of the Second Amended Complaint and, therefore, denies the same.

49.    Paragraph 49 of the Second Amended Complaint is a definition to which no response is required.

### D.    Penn State's Alleged Uses of its Purported Marks

50.    Denied. Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 50 of the Second Amended Complaint and, therefore, denies the same.

51.    Denied.  Whether Penn State "uses" the text and designs referenced in "the University Marks" as trademarks is a legal conclusion to which no response is required.  To the extent an answer is required, Vintage Brand denies the same. Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 51 of the Second Amended Complaint and, therefore, denies the same.

52.    Denied. Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 52 of the Second Amended Complaint and, therefore, denies the same.

53.    Denied.  Whether Penn State "uses" the text and designs referenced in "the University Marks" as trademarks is a legal conclusion to which no response is required.  To the extent an answer is required, Vintage Brand denies the same. Vintage Brand is without knowledge or information sufficient to form a belief as to

the truth of the remaining averments contained in Paragraph 53 of the Second Amended Complaint and, therefore, denies the same.

54.     Denied.  Whether Penn State "uses" the text and designs referenced in "the University Marks" as trademarks is a legal conclusion to which no response is required.  To the extent an answer is required, Vintage Brand denies the same. Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 54 of the Second Amended Complaint and, therefore, denies the same.

55.     Denied.  Whether Penn State "uses" the text and designs referenced in "the University Marks" as trademarks is a legal conclusion to which no response is required.  To the extent an answer is required, Vintage Brand denies the same. Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 55 of the Second Amended Complaint and, therefore, denies the same.

56.     Denied. Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 56 of the Second Amended Complaint and, therefore, denies the same.

57.     Denied. Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 57 of the Second Amended Complaint and, therefore, denies the same.

58.     Denied. Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 58 of the Second Amended Complaint and, therefore, denies the same.

59.     Denied.  Vintage Brand denies that consumers recognize the texts and designs referenced as "the University Marks" exclusively with Penn State. Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 59 of the Second Amended Complaint and, therefore, denies the same.

60.     Denied. Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 60 of the Second Amended Complaint and, therefore, denies the same.

61.     Denied. Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 61 of the Second Amended Complaint and, therefore, denies the same.

62.     Denied.  Whether Penn State "uses" the text and designs referenced as "the University Marks" as trademarks is a legal conclusion to which no response is required.  To the extent an answer is required, Vintage Brand denies the same. Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 62 of the Second Amended Complaint and, therefore, denies the same.

63.    Denied. Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 63 of the Second Amended Complaint and, therefore, denies the same.

## V.    Defendants' Corporate Structure

64.    The allegations of Paragraph 64 of the Second Amended Complaint are not directed at Vintage Brand; therefore, no answer is required.

65.    Admitted in part; denied in part. Vintage Brand admits that Chad Hartvigson is a founder and has an ownership interest in Sportswear, and that he co-founded Vintage Brand in 2017 with Erik Hartvigson and Michelle Young. Vintage Brand denies that colleges, universities, and professional sports teams own trademark rights in the text and artwork printed ornamentally on apparel and other products sold by Vintage Brand. The remaining averments contained in Paragraph 65 of the Second Amended Complaint are not directed at Vintage Brand; therefore, no answer is required.

66.    Admitted in part; denied in part. Vintage Brand admits that it was established as a separate entity from Sportswear.  Vintage Brand further admits that, pursuant to an arms'-length, mutually beneficial contractual agreement, Sportswear is responsible for the manufacture and shipping of clothing and other products sold by Vintage Brand through the Vintage Brand website, as well as providing customer service support on behalf of Vintage Brand.  Vintage Brand instructs Sportswear

where and how to ship Vintage Brand's products.  Vintage Brand maintains full control over and responsibility for its website, marketing, and all of its product research and development, including both the product offerings that are developed and brought to market and the artwork in the public domain that is curated from Vintage Brand's collection of vintage sports memorabilia and applied ornamentally to apparel and products in the manufacturing process.  Vintage Brand denies that any words or artwork applied to Vintage Brand's goods are infringing.  Vintage Brand denies the remaining averments contained in Paragraph 66 of the Second Amended Complaint.

67.    Denied. Vintage Brand denies that the corporate defendants are affiliated companies.

68.    Admitted in part, denied in part.  Vintage Brand admits that Chad Hartvigson is the CEO of Sportswear and is a co-founder and co-owner of Vintage Brand. Vintage Brand admits that Chad Hartvigson cofounded Vintage Brand in 2017, that he has decision-making authority over Vintage Brand's finances, and that he curates sports collectibles on behalf of Vintage Brand.  Vintage Brand denies the remaining averments contained in Paragraph 68 of the Second Amended Complaint.

69.    Admitted in part, denied in part. Vintage Brand admits that Erik Hartvigson is a co-founder and co-owner of Vintage Brand and that he is listed on corporate formation and governance documents as President, and that he has

executed contracts in this capacity.   Vintage Brand further admits that Erik Hartvigson performs work related to the scanning of artwork from Vintage Brand's collection of memorabilia, e-mail marketing, Google advertising programs, and occasionally assists with customer service during the holiday season.   To the extent the averments contained in Paragraph 69 are directed at Erik Hartvigson's job duties with Sportswear, no Answer from Vintage Brand is required.   Vintage Brand denies the remaining averments contained in Paragraph 69 of the Second Amended Complaint.

70.     Admitted in part, denied in part. Vintage Brand admits that Michelle Young performs work related to Vintage Brand visual design and marketing, including work on the visual design of the Vintage Brand website, enhancement of scanned artwork, and e-mail marketing.   To the extent the averments contained in Paragraph 70 are directed at Michelle Young's or Erik Hartvigson's job titles and duties with Sportswear, no Answer from Vintage Brand is required.

71.     Admitted in part; denied in part. Whether particular entities or individuals "directly participate" in alleged infringement is a legal conclusion to which no response is required.   To the extent an answer is required, Vintage Brand denies the same.   Vintage Brand admits that Chad Hartvigson, Erik Hartvigson, and Michelle Young are the only members of Vintage Brand.   Chad Hartvigson, Erik Hartvigson, and Michelle Young, however, have discrete job duties with respect to

Vintage Brand; accordingly, Vintage Brand denies the averment contained in paragraph 71 of the Second Amended Complaint suggesting that each of Chad Hartvigson, Erik Hartvigson, and Michelle Young have full decision-making authority and control over all of Vintage Brand's operations. Vintage Brand denies that any designs applied to Vintage Brand's goods are infringing. Except as specifically admitted, Vintage Brand denies the remaining averments contained in Paragraph 71 of the Second Amended Complaint.

72.    Admitted in part; denied in part. Vintage Brand admits that Chad Hartvigson's parents reside at the address identified with the Washington Secretary of State as Vintage Brand's registered address, and that none of Vintage Brand's three co-founders live at this residence.   Vintage Brand, however, denies the suggestion that this is somehow improper.  Vintage Brand avers that it is a small e-commerce business, operating entirely digitally, and that its three co-founders work remotely.   Vintage Brand admits that Chad Hartvigson, Erik Hartvigson, and Michelle Young are each employees of Sportswear, and they have worked from a variety of remote locations, including Sportwear's office, their own residences, and other locations.  Vintage Brand denies the suggestion that remote work is somehow improper, particularly given the widespread prevalence of remote work due to the pandemic.  Vintage Brand denies the remaining averments contained in Paragraph 72 of the Second Amended Complaint.

**VI.** **Defendants' Alleged Infringing Use of the University Marks**

73.     Admitted in part, denied in part.  Denied to the extent Paragraph 73 of the Second Amended Complaint uses the term "Defendants."  Admitted with respect to the allegations directed at Vintage Brand.

74.     Admitted in part; denied in part.  Denied to the extent Paragraph 74 of the Second Amended Complaint uses the term "Defendants."  Admitted to the extent that Paragraph 74 of the Second Amended Complaint describes a method of navigating Vintage Brand's website.   Vintage Brand denies any remaining allegations of Paragraph 74 of the Second Amended Complaint.

75.     Denied.  Denied to the extent Paragraph 75 of the Second Amended Complaint uses the term "Defendants."  Vintage Brand further denies that any goods portrayed on the Vintage Brand website are sold in connection with or under any purported trademark belonging to Penn State.   Vintage Brand also denies the allegations contained in Paragraph 75 of the Second Amended Complaint to the extent they are legal conclusions to which no response is required.  To the extent an answer is required, Vintage Brand denies the same.  By way of further answer, Vintage Brand denies the allegation that the header of the page shown in Paragraph 75 is "Penn State Nittany Lions" because the actual header describes the page as, "Penn State Nittany Lions Vintage Designs for Apparel & Gear" and is accompanied

by a prominent disclaimer on the first visual field of the webpage, reading, "Vintage designs not affiliated with, licensed, or sponsored by any college, team, or league."

76.    Admitted in part; denied in part.  Denied to the extent Paragraph 76 of the Second Amended Complaint uses the term "Defendants."  Vintage Brand admits that the images shown in Paragraph 76 of the Second Amended Complaint show electronic mock-ups of goods decorated ornamentally with historic public domain works of art that incidentally contain within them text or a design to which Penn State claims trademark rights, and that such images were previously displayed on the Vintage Brand website.  Vintage Brand denies that any electronic mock-ups of goods portrayed on the Vintage Brand website feature any purported trademark owned by Penn State, and further denies that Vintage Brand's display of such public domain works of art constitutes "use" of any text or design as trademark.  Vintage Brand denies the remaining allegations contained in Paragraph 76 of the Second Amended Complaint.

77.    Denied.  Denied to the extent Paragraph 77 of the Second Amended Complaint uses the term "Defendants."   Vintage Brand denies that any electronic mock-ups of goods portrayed on the Vintage Brand website featured the alleged trademark PENN STATE but, rather, such electronic mock-ups of goods were decorated ornamentally with historic public domain works of art that incidentally contain within them the text "Penn State" and any decorative application of such

works of art to merchandise is not "use" of the text (or the work of art) as a trademark. The remaining allegations of Paragraph 77 of the Second Amended Complaint pertain to a definition to which no response is required.

78.    Denied. Denied to the extent Paragraph 78 of the Second Amended Complaint uses the term "Defendants." Whether a text or design printed or displayed in connection with any goods constitutes a "trademark" is a legal conclusion to which no response is required. To the extent an answer is required, Vintage Brand denies the same. By way of further answer, Vintage Brand denies that it ever advertised any goods in connection with or bearing the design referenced in Paragraph 78 as the "Lionhead Logo."

79.    Admitted in part; denied in part. Denied to the extent Paragraph 79 of the Second Amended Complaint uses the term "Defendants." Vintage Brand admits that the images shown in Paragraph 79 of the Second Amended Complaint show electronic mock-ups of goods decorated ornamentally with historic public domain works of art that incidentally contain within them text or a design to which Penn State claims trademark rights, and that such images were previously displayed on the Vintage Brand website; however, the artwork referred to as the "Pozniak Lion" that temporarily appeared on the Vintage Brand website, and which was scanned from the cover of a 1978 Penn State Men's Basketball Pocket Schedule, was, without any admission of liability, removed permanently from the Vintage Brand website in

April 2021, and Vintage Brand had then and has now, without any admission of liability, no intention of relaunching any product offerings decorated with images that include or incorporate the Pozniak Lion.  Vintage Brand denies that any goods portrayed on the Vintage Brand website feature any purported trademark actually belonging to Penn State, and further denies that Vintage Brand's display of such public domain works of art constitutes "use" of any text or design as a trademark. Vintage Brand denies the remaining allegations contained in Paragraph 79 of the Second Amended Complaint.

80.    Denied.  Denied to the extent Paragraph 80 of the Second Amended Complaint uses the term "Defendants."   Vintage Brand further denies that the historic public domain images appearing ornamentally on electronic mock-ups of goods portrayed on Vintage Brand's websites are trademarks and denies that Vintage Brand's decorative application of such historic public domain images to goods is "use" of such works of art as trademarks.  Vintage Brand denies the remaining allegations contained in Paragraph 80 of the Second Amended Complaint. Further, the remaining portion of Paragraph 80 contains a definition to which no response is required.  To the extent an answer is required, Vintage Brand denies the same.

81.    Admitted in part; denied in part.  Denied to the extent Paragraph 81 of the Second Amended Complaint uses the term "Defendants."  Vintage Brand admits that the images shown in Paragraph 79 of the Second Amended Complaint show

electronic mock-ups of goods decorated ornamentally with historic public domain works of art that incidentally contain within them combinations of texts or designs to which Penn State claims trademark rights, and that such images were previously displayed on the Vintage Brand website.  Vintage Brand denies that any goods made available on the Vintage Brand website feature any purported trademark actually belonging to Penn State, and further denies that Vintage Brand's display of such public domain works of art constitutes "use" of any text or design as a trademark. Vintage Brand denies the remaining allegations contained in Paragraph 81 of the Second Amended Complaint.

82.    Admitted in part; denied in part.  Denied to the extent Paragraph 82 of the Second Amended Complaint uses the term "Defendants."  Regarding the artwork referred to as the "Pozniak Lion" that temporarily appeared on the Vintage Brand website, which was scanned from the cover of a 1978 Penn State Men's Basketball Pocket Schedule, Vintage Brand admits that this image was, without any admission of liability, removed permanently from the Vintage Brand website in April 2021, and Vintage Brand had then and has now, without any admission of liability, no intention of relaunching any product offerings decorated with images that include or incorporate the Pozniak Lion.  Vintage Brand further admits that, when Plaintiff filed its original Complaint on June 21, 2021, as part of Vintage Brand's policy for matters involving litigation, Vintage Brand disabled for the pendency of this lawsuit the

entire webpage entitled "Penn State Nittany Lions Vintage Designs for Apparel & Gear." Vintage Brand denies the remaining allegations contained in Paragraph 82 of the Second Amended Complaint.

83.     Admitted in part; denied in part. Denied to the extent Paragraph 83 of the Second Amended Complaint uses the term "Defendants."  Vintage Brand admits that customers can customize various types of merchandise with the historic public domain work of art that the customer desires; therefore, customers apply the works of art merely as ornamentation or decoration to various types of merchandise, and the works of art do not serve any source-indicative function that could possibly confuse consumers as to whether Penn State or any other institution or entity other than Vintage Brand is the source or sponsor of the product the customer orders. Vintage Brand denies that it sells any goods in connection with or under any trademark other than Vintage Brand's own trademarks and denies any remaining allegations contained in Paragraph 83 of the Second Amended Complaint.

84.     Denied.  Denied to the extent Paragraph 84 of the Second Amended Complaint uses the term "Defendants."  Vintage Brand further denies that it has attempted "to evade liability by *purporting* to offer . . .[g]oods in connection with 'vintage' sports brands reproduced from historic memorabilia."  Vintage Brand avers that customers can customize various types of merchandise with the historic public domain work of art that the customer desires; therefore, customers apply the

works of art merely as ornamentation or decoration to various types of merchandise, and the works of art do not serve any source-indicative function that could possibly confuse consumers as to whether Penn State or any other institution or entity other than Vintage Brand is the source or sponsor of the product the customer creates by his/her selections and then orders. Vintage Brand denies that it sells any goods in connection with or under any trademark other than Vintage Brand's own trademarks and denies any remaining allegations contained in Paragraph 84 of the Second Amended Complaint.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied. Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 88 of the Second Amended Complaint and, therefore, denies the same.

89.    Denied.

90.    Admitted in part; denied in part. Denied to the extent Paragraph 90 of the Second Amended Complaint uses the term "Defendants."  Vintage Brand admits only that the Vintage Brand website previously displayed the text quoted in Paragraph 90 of the Second Amended Complaint. Vintage Brand denies the remaining averments contained in Paragraph 90.

91.     Admitted in part; denied in part. Denied to the extent Paragraph 91 of the Second Amended Complaint uses the term "Defendants." Vintage Brand admits only that a webpage previously appearing on the Vintage Brand website contained the descriptive header, "Penn State Nittany Lions Vintage Designs for Apparel & Gear." Vintage Brand denies the remaining averments contained in Paragraph 91 of the Second Amended Complaint.

92.     Denied. Denied to the extent Paragraph 92 of the Second Amended Complaint uses the term "Defendants." In addition, Paragraph 92 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent an answer is required Vintage Brand denies the same.

93.     Denied. Denied to the extent Paragraph 93 of the Second Amended Complaint uses the term "Defendants." In addition, Paragraph 93 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent an answer is required Vintage Brand denies the same.

94.     Admitted in part; denied in part. Denied to the extent Paragraph 94 of the Second Amended Complaint uses the term "Defendants." Vintage Brand admits that it has not received authorization to use Penn State's trademarks, if Penn State owns any trademarks. Vintage Brand denies that any conduct described in the Second Amended Complaint requires any such authorization.

95.     Denied.

29

96.     Admitted in part; denied in part.  Denied to the extent Paragraph 96 of the Second Amended Complaint uses the term "Defendants."  Regarding the artwork referred to as the "Pozniak Lion" that temporarily appeared on the Vintage Brand website, which was scanned from the cover of a 1978 Penn State Men's Basketball Pocket Schedule, Vintage Brand avers that this image was, without any admission of liability, removed permanently from the Vintage Brand website in April 2021, and Vintage Brand had then and has now, without any admission of liability, no intention of relaunching any product offerings decorated with images that include or incorporate the Pozniak Lion.  Vintage Brand further admits that, when Plaintiff filed its original Complaint on June 21, 2021, as part of Vintage Brand's policy for matters involving litigation, Vintage Brand disabled for the pendency of this lawsuit the entire webpage entitled "Penn State Nittany Lions Vintage Designs for Apparel & Gear." Vintage Brand admits that it intends to re-enable the webpage, which will not include the Pozniak Lion, when this lawsuit is resolved.  Vintage Brand denies that Penn State is entitled to any injunctive or other relief because Vintage Brand's alleged conduct is lawful.

97.     Denied.

98.     Denied.  Denied to the extent Paragraph 98 of the Second Amended Complaint uses the term "Defendants."  In addition, Paragraph 98 of the Second

Amended Complaint contains legal conclusions to which no response is required. To the extent an answer is required, Vintage Brand denies the same.

## COUNT I
## Federal Trademark Infringement under the Lanham Act (15 U.S.C. § 1114)
## (The PENN STATE Mark; the TPSU Mark; the Nittany Lion Logos; the Pozniak Lion Logo; and the Penn State Seal)

99.     Vintage Brand incorporates by reference the foregoing responses to Paragraphs 1 through 98 of the Second Amended Complaint.

100.     Admitted in part; denied in part.  Denied to the extent Paragraph 100 of the Second Amended Complaint uses the term "Defendants."  Vintage Brand denies it is using any of the text or images referenced as the "Infringing Marks" as trademarks.  Vintage Brand admits that the goods sold through the Vintage Brand website do not originate with and are not sponsored by or affiliated with Penn State. Vintage Brand denies that its decorative application of historic public domain images to merchandise suggests that any goods sold through the Vintage Brand website originate from or are sponsored by or affiliated with Penn State.  Vintage Brand denies any remaining allegations contained in Paragraph 100 of the Second Amended Complaint.

101.     Admitted in part; denied in part.  Denied to the extent Paragraph 101 of the Second Amended Complaint uses the term "Defendants."  Vintage Brand denies it is advertising or using any of the text or images referenced as the "Infringing Marks" as trademarks.  Vintage Brand admits that the goods sold through the

Vintage Brand website do not originate with and are not sponsored by or affiliated with Penn State.  Vintage Brand denies that its decorative application of historic public domain images to merchandise suggests that any goods sold through the Vintage Brand website originate from or are sponsored by or affiliated with Penn State.  Vintage Brand denies any remaining allegations contained in Paragraph 101 of the Second Amended Complaint.

102.   Denied.

103.   Denied.

104.   Denied.

105.   Denied

**WHEREFORE**, Defendant Vintage Brand respectfully requests that judgment be entered in its favor and against Plaintiff The Pennsylvania State University and that this Court award Vintage Brand its attorneys' fees and costs and grant such other relief to Defendant Vintage Brand that may be deemed appropriate.

## COUNT II
## Counterfeiting under the Lanham Act (15 U.S.C. §§ 1114, 1116(d), 1117)
### (The PENN STATE Mark; the TPSU Mark; the Nittany Lion Logos; the Pozniak Lion Logo; and the Penn State Seal)

106.   Vintage Brand incorporates by reference the foregoing responses to Paragraphs 1 through 105 of the Second Amended Complaint.

107.   Denied.

108.   Denied.  Paragraph 108 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 108 and, therefore, denies the same.

109.   Denied.  Paragraph 109 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 109 and, therefore, denies the same.

110.   Denied.

111.   Denied

112.   Denied.

**WHEREFORE**, Defendant Vintage Brand respectfully requests that judgment be entered in its favor and against Plaintiff The Pennsylvania State University and that this Court award Vintage Brand its attorneys' fees and costs and grant such other relief to Defendant Vintage Brand that may be deemed appropriate.

**COUNT III**
**Federal Unfair Competition & False Designation of Origin**
**(15 U.S.C. § 1125(a))**
**(All Infringing Marks)**

113.    Vintage Brand incorporates by reference the foregoing responses to Paragraphs 1 through 112 of the Second Amended Complaint.

114.    Denied.

115.    Denied.

116.    Denied.

**WHEREFORE**, Defendant Vintage Brand respectfully requests that judgment be entered in its favor and against Plaintiff The Pennsylvania State University and that this Court award Vintage Brand its attorneys' fees and costs and grant such other relief to Defendant Vintage Brand that may be deemed appropriate.

**COUNT IV**
**Federal False Advertising & Endorsement (15 U.S.C. § 1125(a))**
**(All Infringing Marks)**

117.    Vintage Brand incorporates by reference the foregoing responses to Paragraphs 1 through 116 of the Second Amended Complaint.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Admitted in part, denied in part.  Denied to the extent Paragraph 121 of the Second Amended Complaint uses the term "Defendants."  Vintage Brand

admits that its products are advertised, promoted, sold, and distributed in interstate commerce.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

**WHEREFORE**, Defendant Vintage Brand respectfully requests that judgment be entered in its favor and against Plaintiff The Pennsylvania State University and that this Court award Vintage Brand its attorneys' fees and costs and grant such other relief to Defendant Vintage Brand that may be deemed appropriate.

<u>**COUNT V**</u>
<u>**Federal Trademark Dilution (15 U.S.C. § 1125(c))**</u>
**(the PENN STATE Mark)**

126.   Vintage Brand incorporates by reference the foregoing responses to Paragraphs 1 through 125 of the Second Amended Complaint.

127.   Denied.  Paragraph 127 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Vintage Brand is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 127 and, therefore, denies the same.

128.   Denied.

129.  Denied.

130.  Denied.

131.  Denied.

132.  Denied.

133.  Denied.

134.  Denied.

**WHEREFORE**, Defendant Vintage Brand respectfully requests that judgment be entered in its favor and against Plaintiff The Pennsylvania State University and that this Court award Vintage Brand its attorneys' fees and costs and grant such other relief to Defendant Vintage Brand that may be deemed appropriate.

## <u>COUNT VI</u>
### <u>Trademark Dilution Under 54 Pa. C.S.A. § 1124</u>
### (the PENN STATE Mark)

135.  Vintage Brand incorporates by reference the foregoing responses to Paragraphs 1 through 134 of the Second Amended Complaint.

136.  Admitted in part; denied in part.  Vintage Brand admits that Penn State is asserting a claim for dilution of the text alleged to be a protectable trademark under 54 Pa. C.S.A. § 1124.  Vintage Brand denies liability for this, or any other, claim.

137.  Denied.  Paragraph 137 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Vintage Brand is without knowledge or information sufficient to form a

belief as to the truth of the averments contained in Paragraph 137 and, therefore, denies the same.

138.   Denied.

139.   Denied.

140.   Denied.

**WHEREFORE**, Defendant Vintage Brand respectfully requests that judgment be entered in its favor and against Plaintiff The Pennsylvania State University and that this Court award Vintage Brand its attorneys' fees and costs and grant such other relief to Defendant Vintage Brand that may be deemed appropriate.

**COUNT VII**
**Common Law Trademark Infringement and Unfair Competition**
**(All Infringing Marks)**

141.   Vintage Brand incorporates by reference the foregoing responses to Paragraphs 1 through 140 of the Second Amended Complaint.

142.   Admitted in part; denied in part.  Vintage Brand admits that Penn State is asserting a claim under the Commonwealth of Pennsylvania's common law of trademark infringement and unfair competition.  Vintage Brand denies liability for this, or any other, claim.

143.   Denied.

144.   Denied.

145.   Denied.

**WHEREFORE**, Defendant Vintage Brand respectfully requests that judgment be entered in its favor and against Plaintiff The Pennsylvania State University and that this Court award Vintage Brand its attorneys' fees and costs and grant such other relief to Defendant Vintage Brand that may be deemed appropriate.

## AFFIRMATIVE DEFENSES

Vintage Brand incorporates by reference the foregoing responses to Paragraphs 1 through 145 of the Second Amended Complaint. Vintage Brand states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Penn State. Vintage brand also reserves the right to assert such additional defenses that may become known through the course of discovery and or applicable during the course of this action.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails, whether in whole or in part, to state a claim against Vintage Brand upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Penn State's claims are barred and/or limited pursuant to the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Penn State may have known, or should have known, of the matters alleged in the Second Amended Complaint for an unreasonably long period of time prior to

commencement of this litigation and did not give notice to Vintage Brand.  Further, Vintage Brand has taken all the actions admitted in its Answer to the Second Amended Complaint and all actions have been open, transparent, and available 24/7 for public view and comment.  Thus, Penn State's claims are barred and/or limited by the doctrine of laches, acquiescence, or any other time-based defense.

## FOURTH AFFIRMATIVE DEFENSE

Penn State provided a statement to the media in which it expressly disclaimed any right to preclude others from printing the text and designs it alleges are trademarks on merchandise.  Therefore, Penn State is estopped from attempting to prevent Vintage Brand's alleged conduct.

## FIFTH AFFIRMATIVE DEFENSE

Penn State's claims are barred and/or limited where Penn State precluding Vintage Brand's application of the text and designs described in the Second Amended Complaint to merchandise would put Vintage Brand at a significant non-reputation-related disadvantage.

## SIXTH AFFIRMATIVE DEFENSE

Penn State's claims are barred and/or limited where the text and designs described in the Second Amended Complaint are essential to the use or purpose of Vintage Brand's merchandise and/or affect the cost or quality of Vintage Brand's merchandise.

## **SEVENTH AFFIRMATIVE DEFENSE**

Penn State's claims are barred and/or limited where Penn State's application of the text and designs described in the Second Amended Complaint to merchandise is merely ornamental and does not engender the commercial impression of a source-identifying trademark.

## **EIGHTH AFFIRMATIVE DEFENSE**

Penn State's claims are barred and/or limited where Vintage Brand's application of the text and designs described in the Second Amended Complaint to merchandise is merely ornamental and does not engender the commercial impression of a source-identifying trademark.

## **NINTH AFFIRMATIVE DEFENSE**

Penn State's claims are barred and/or limited because Vintage Brand's display and printing of terms which are charged to be infringements constitute use other than as a trademark, of a term which is descriptive of and used fairly and in good faith to describe the goods of Vintage brand.

## **TENTH AFFIRMATIVE DEFENSE**

Penn State's claims are barred and/or limited to the extent that any alleged damages were caused by other events, conditions, instrumentalities, and/or omissions of an individual or entity over whom or which Vintage Brand exercised no control.

## ELEVENTH AFFIRMATIVE DEFENSE

Penn State's claims are barred and/or limited by the doctrine of unclean hands to the extent Penn State asserts rights procured through its own unlawful, illegal, or inequitable conduct, as further alleged in Vintage Brand's Counterclaims.

## TWELFTH AFFIRMATIVE DEFENSE

Penn State's claims are barred and/or limited to the extent they rely on federal or state trademarks and/or registrations that have been abandoned.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all material times, Vintage Brand acted with due care and complied with applicable statutory and common law requirements and court rulings.  Accordingly, some or all of Penn State's claims are or may be barred by Vintage Brand's compliance with all applicable laws.

## FOURTEENTH AFFIRMATIVE DEFENSE

Penn State's claims are barred and/or limited due to its failure to mitigate damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Penn State's claims are barred and/or limited because some or all of the alleged trademarks are not inherently distinctive and have not attained a secondary meaning for use in association with any goods, including apparel goods.

## SIXTEENTH AFFIRMATIVE DEFENSE

Penn State's claims are barred and/or limited because the allegations contained in the Complaint are vague, ambiguous, and uncertain.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Penn State's claims are barred and/or limited because the historic images reproduced by Vintage Brand and applied to merchandise are works in the public domain.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Penn State's claims are barred and/or limited as an anticompetitive, illegal restraint of trade.

## NINETEENTH AFFIRMATIVE DEFENSE

Penn State's claims are barred and/or limited because the First Amendment to the United States Constitution protects Vintage Brand's reprinting of works of art in the public domain.

## TWENTIETH AFFIRMATIVE DEFENSE

Vintage Brand may have additional defenses that cannot now be determined due to lack of information about Penn State's claims.  Vintage Brand therefore reserves the right to supplement these defenses upon further development of relevant information.

**WHEREFORE**, Defendant Vintage Brand respectfully requests that judgment be entered in its favor and against Plaintiff The Pennsylvania State University and that this Court award Vintage Brand its attorneys' fees and costs and grant such other relief that may be deemed appropriate.

## COUNTERCLAIMS

Defendant / Counterclaim-Plaintiff Vintage Brand asserts counterclaims for cancellation of U.S. Federal Trademark Registration Nos. 1,276,712 (the "'712 Registration"), 5,877,080 (the "'080 Registration"), and 5,766,698 (the "'698 Registration") against Plaintiff / Counterclaim-Defendant Penn State as follows:

### The Parties

1.       Vintage Brand is a Washington limited liability company with a principal place of business in Kirkland, Washington.

2.       In its Second Amended Complaint, Penn State alleged that it is a Pennsylvania non-profit institution of higher education with a principal place of business at 208 Old Main, University Park, Centre County, Pennsylvania 16802.

### Jurisdiction and Venue

3.       This Court has subject matter jurisdiction over Vintage Brand's counterclaims because they arise under 15 U.S.C. §§ 1119 and 1121 and 28 U.S.C. §§ 1331 and 1338; pursuant to the principles of supplemental jurisdiction under 28

U.S.C. § 1367 because they are so related to Penn State's claims that they form part of the same case or controversy under Article III of the United States Constitution; and pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, because the registrations subject to Vintage Brand's counterclaims were asserted by Penn State in the Second Amended Complaint.

4.    Penn State is domiciled in and transacted business giving rise to Vintage Brand's counterclaims in the Middle District of Pennsylvania, and Penn State has initiated a lawsuit against Vintage Brand in the Middle District of Pennsylvania.  Therefore, the Court has personal jurisdiction over Penn State.

5.    Vintage Brand will be damaged if the '712 Registration, '080 Registration, and '698 Registration continue to exist because Penn State has asserted alleged rights in and arising from said registrations and the marks shown therein in its Second Amended Complaint and the registrations would be *prima facie* evidence of the validity of the marks, of Penn State's ownership of the marks, and of Penn State's exclusive right to use the marks in commerce in connection with the goods described in said registrations, when in fact Penn State is not entitled to such rights.

**COUNT I**
**Cancellation of Registration Nos. 1,276,712 & 5,877,080**
**(Registration of Commonwealth of Pennsylvania's Coat of Arms)**

6.    Vintage Brand repeats and realleges all of the foregoing allegations as if repeated verbatim herein.

7.     Penn State obtained the '712 Registration for the below design (the "Seal") by filing Application Serial No. 73/394,333 on September 29, 1982.  The Registration became active on May 8, 1984.



8.     The '712 Registration covers, *inter alia*, the following goods: Class 009 for use in connection with "Decorative Magnetic Stickers" with a claimed first use in commerce date of 1979; Class 021 for use in connection with "Drinking Mugs, Tankards, Glasses, Cups, and Tumblers, Plates, Dishes, Baby Bottles, Salt and Pepper Shakers, Vases, Soap Caddies, and Soap Dishes" with a claimed first use in commerce date of June 1964; and Class 025 for use in connection with "Shirts, T-Shirts, Sweat Shirts, Jackets, Shorts, Hats, and Men's Ties" with a claimed first use in commerce date of June 1964.

9.     Penn State obtained the '080 Registration for the Seal by filing Application Serial No. 87/645,360 on October 13, 2017.  The Registration became active on October 8, 2019.

10.     The '080 Registration covers, *inter alia*, the following goods: Class 021 for use in connection with "Decanters; coasters, not of paper or textile; ceramic mugs" with a claimed first use in commerce date of September 30, 1982; and Class 025 for use in connection with "Sweaters; cardigans; tennis shorts; ponchos; raincoats; hooded sweatshirts; sweatpants; pants" also with a claimed first use in commerce date of September 30, 1982.

11.     On the official Penn State website, Penn State recognizes that the Seal "features the crest of the Commonwealth of Pennsylvania surrounded by the name of the University."  Penn State goes on to note that the Seal "bears a striking resemblance to the seals of many other state agencies, including the State System of Higher Education, which is the one reason it does not serve as the University's logo." A copy of the webpage containing these statements is attached hereto as **Exhibit A**.

12.     Indeed, the predominant image on the Seal is an exact reproduction of the Commonwealth of Pennsylvania Coat of Arms, which consists of a shield with a ship, plough, and sheaves of wheat; an eagle; two horses; and the motto "Virtue, Liberty and Independence," as shown below on the Pennsylvania state flag.



13.    Below are various seals from Pennsylvania state agencies that are indistinguishable from the Penn State Seal, because they also incorporate the same Pennsylvania Coat of Arms:



14.    Because the Seal, which is the subject of both the '712 Registration and the '080 Registration, has as its primary feature the Coat of Arms of the Commonwealth of Pennsylvania, the '712 Registration and the '080 Registration are subject to cancellation at any time pursuant to Sections 2(b) and 14(3) of the Lanham Act, 15 U.S.C. §§ 1052(b), 1064(3).

### COUNT II
### Cancellation of Registration Nos. 5,766,698 & 5,877,080
### (Failure to Function / Merely Ornamental)

15.    Vintage Brand repeats and realleges all of the foregoing allegations as if repeated verbatim herein.

16.     Penn State obtained the '698 Registration for the text PENN STATE by filing Application Serial No. 87/639,315 on October 10, 2017.  The Registration became active on June 4, 2019.

17.     The '698 Registration covers, *inter alia*, the following goods: Class 009 for use in connection with "Sunglasses, decorative magnets, blank USB flash drives, headphones, mouse pads, cell phone cases" with a claimed first use in commerce date of September 30, 1982; and Class 025 for use in connection with "Bras, t-shirts for infants and children, infant wear, cardigans, tennis shirts, hooded sweatshirts, sweatpants, pajama bottoms, caps being headwear, headbands, flip flops, gloves" with a claimed first use in commerce date of September 30, 1982.

18.     Penn State's printing, if any actually occurred, of the text PENN STATE on the goods specified in the '698 Registration in, *inter alia*, Classes 006, 009, 012, 014, 016, 020, 021, 024, 025, and 026 does not function to identify Penn State's goods nor distinguish them from goods offered by others.  Rather, to the extent the text PENN STATE is printed on the goods stated in the '698 Registration in said Classes, it is used as mere decoration, printed in large font and in a prominent location, and does not serve to identify Penn State as the source or origin of the goods.

19.   For example, below is the text PENN STATE as shown in a merely ornamental and non-source-indicative manner on specimens of use submitted to the USPTO in support of the '698 Registration:



On information and belief, consumers perceive such printing of the text PENN STATE to be merely a decorative feature of the goods and not an indicator of the source of the goods.

20.   Penn State's printing, if any actually occurred, of the Seal on the goods specified in the '080 Registration in, *inter alia*, Classes 014, 016, 018, 020, 021, 025 and 026 does not function to identify Penn State's goods nor distinguish them from goods offered by others.  Rather, to the extent the Seal is printed on any of the goods stated in the '080 Registration in said Classes, it is used as mere decoration, printed large and in a prominent location, and does not serve to identify Penn State as the source or origin of the goods.

21.     For example, below is the Seal as shown in a merely ornamental and non-source-indicative manner on specimens of use submitted to the USPTO in support of the '080 Registration:



On information and belief, consumers perceive such printing of the Seal to be merely a decorative feature of the goods and not an indicator of the source of the goods.

22.     The overall commercial impression of the text PENN STATE and the Seal is purely ornamental or merely a decorative feature as to the goods in the Classes specified above; the text PENN STATE and the Seal do not identify and distinguish Penn State's goods from those of others and, therefore, do not function as a trademark as required by Sections 1, 2, and 45 of the Lanham Act, 15 U.S.C. §§ 1051, 1052, 1127.  Therefore, the '698 Registration and '080 Registration are each subject to cancellation.

**WHEREFORE**, having fully responded to Penn State's Second Amended Complaint and having asserted its Counterclaims, Vintage Brand prays that the Court:

A.     Dismiss Penn State's Second Amended Complaint with prejudice;

B.     Exercise its authority under Section 37 of the Lanham Act, 15 U.S.C.
§ 1119, and Order the Commissioner of the United States Patent and Trademark
Office to cancel U.S. Federal Trademark Registration Nos. 1,276,712, 5,877,080,
and 5,766,698;

C.     Award Vintage Brand its costs and attorneys' fees incurred in this
lawsuit pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a) and/or 54
Pa. C.S. §1125; and

D.     Award all further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Date: November 4, 2022                    Respectfully submitted,


                                          */s/ Jodi S. Wilenzik*
                                          Jodi S. Wilenzik, Esquire
                                          PA Supreme Court I.D. No. 89205
                                          Marc H. Perry, Esquire
                                          PA Supreme Court I.D. No. 68610
                                          POST & SCHELL, P.C.
                                          1600 JFK Boulevard, 13th Floor
                                          Philadelphia, PA 19103
                                          215-587-1101 (Phone)
                                          215-320-4159 (Fax)
                                          jwilenzik@postschell.com
                                          mperrry@postschell.com
                                               and
                                          Leslie Vander Griend, Esquire *pro hac vice*
                                          John Fetters, Esquire, *pro hac vice*
                                          STOKES LAWRENCE, P.S.
                                          1420 Fifth Avenue, Suite 3000
                                          Seattle, WA 98101
                                          Phone: (206) 626-6000
                                          Fax: (206) 464-1496
                                          Leslie.VanderGriend@stokeslaw.com
                                          John.Fetters@stokeslaw.com

                                          *Attorneys for Defendant / Counterclaim*
                                          *Plaintiff Vintage Brand, LLC*