**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

IN THE MATTER OF APPLICATION FOR         :
ADMISSION TO PRACTICE IN THIS COURT  :

**PETITION**

    I, _____, hereby petition the United States District Court for the Middle District of Pennsylvania to admit me to practice before that Court. In support of my petition, I state as follows:

My office address is: _____

_____

_____

Office Telephone: _____

    I was admitted to practice before the Courts listed below on the date shown after the name of each Court, and I am currently a member in good standing of all those Courts.

_____

_____

_____

My attorney Identification number is: _____

FOR COURT USE ONLY

_____ GENERAL ADMISSION:

GRANTED BY THE COURT: _____     Date: _____

_____ SPECIAL ADMISSION:

GRANTED BY THE COURT _____     Date: _____

Please Answer the Following Questions:

      All occasions, if any, on which I have been convicted of a crime (subsequent to my becoming an attorney), censured, suspended, disciplined or disbarred by any court are set forth as follows: (State the facts and circumstances connected with each; if none, state "none".)

_____

_____

_____

      All occasions, if any, on which I have been held in contempt of court are set forth as follows: (State the nature and final disposition of contempt; if none, state "none".)

      I do _____, do not_____, have any disciplinary action, contempt or other proceedings involving me pending before any court. (Check the appropriate space.) If there are pending proceedings, please explain:

_____

_____

      I am seeking:

      _____ General Admission under Local Rule LR 83.8.1

      _____ Special Admission (specify by placing a checkmark in the appropriate rule below)

      LR 83.8.2.1____, LR 83.8.2.2____, LR 83.8.2.3____, or LR 83.8.2.4 ____

If seeking special admission under Local Rules LR 83.8.2.1, LR 83.8.2.2, LR 83.8.2.3, or LR 83.8.2.4, the basis for my admission under the designated rule is as follows:

_____

_____

NAME THE PARTY YOU REPRESENT:

_____

If special admission is requested for a particular case, please list case number and caption:

Case # _____

Caption # _____

I understand that:

1) If seeking admission under Section LR 83.8.2.2, LR 83.8.2.3, or 83.8.2.4, I must submit a letter from a superior stating the agency with which I am employed and the duties performed which qualify me for admission under those sections.

2) If petitioning for admission, only in a particular case, under Rule LR 83.8.2.1, I need no sponsor's certificate. Any attorney specially admitted under LR 83.8.2.1, shall, in each proceeding in which he or she appears, have associate counsel who is generally admitted under Local Rule 83.8.1 to practice in this court, whose appearance shall also be entered of record and upon whom all pleadings, motions, notices, and other papers may be served in accordance with any statute or applicable rule. The attendance of any such associate counsel upon the hearing of any motion or the taking of any testimony shall be sufficient appearance for the party or parties represented by such associate counsel. Either the specially admitted attorney or associate counsel must be fully prepared to participate in any hearings, arguments, conferences, and trials. (See LR 83.9)

   If special admission is requested for a particular case, please list the name, address, telephone number and bar identification number of associate counsel to be entered of record in the case:

   _____
   _____
   _____

3) If seeking general admission under Rule LR 83.8.1, I must be a member of the bar of the Supreme Court of Pennsylvania and have a sponsor who is a member in good standing of the Bar of this Court present to move for my admission and I must submit the sponsor's certificate with my petition.

   _____
   PETITIONER

   _____
   (Bar Identification Number and State where admitted)
   _____
   (Date)

By signing this petition for admission, I acknowledge that I have read the attached Middle District of Pennsylvania Code of Professional Conduct and agree to subscribe to the standards set forth in the Code.

NAME OF PETITIONER _____

**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

**CODE OF PROFESSIONAL CONDUCT**

As a member of the Bar of the United States District Court for the Middle District of Pennsylvania, I will strive for the following professional ideal:

1. The rule of law will govern my entire conduct. I will not violate the law or place myself above the law.

2. I will treat with civility and respect the lawyers, clients, opposing parties, the court and all the officials with whom I work. Professional courtesy is compatible with vigorous advocacy and zealous representation. Even though antagonism may be expected by my client, it is not part of my duty to my client.

3. I will respect other lawyers' schedules as my own, and will seek agreement on meetings, depositions, hearings, and trial dates. A reasonable request for a scheduling accommodation should never be unreasonably refused.

4. Communications are lifelines. I will keep the lines open. Telephone calls and correspondence are a two-way channel; I will respond to them promptly.

5. I will be punctual in appointments, communications and in honoring scheduled appearances. Neglect and tardiness are demeaning to others and to the judicial system.

6. I will earnestly attempt to resolve differences through negotiation, expeditiously and without needless expense.

7. Procedural rules are necessary to judicial order and decorum. I will be mindful that pleadings, discovery processes and motions cost time and money. I will not use them heedlessly. If an adversary is entitled to something, I will provide it without unnecessary formalities.

8. I will not engage in conduct that brings disorder or disruption to the courtroom. I will advise my client and witnesses appearing in court of the proper conduct expected and required there and, to the best of my ability, prevent my client and witnesses from creating disorder or disruption.

9. Before dates for hearings or trials are set, or if that is not feasible immediately after such date has been set, I will attempt to verify the availability of necessary participants and witnesses so I can promptly notify the court of any likely problems.

I agree to subscribe to the above
Code of Professional Conduct:

_____
Signature

**Attachment A**
**Phillip R. Malone Additional Bar Admissions**

- California – 1993

- Massachusetts – 2013

- Arizona (Inactive) – 1984

- United States Supreme Court -- 2014

- United States Court of Appeals for the Second Circuit -- 2015

- United States Court of Appeals for the Third Circuit -- 2015

- United States Court of Appeals for the Fourth Circuit -- 2004

- United States Court of Appeals for the Ninth Circuit – 2004

- United States Court of Appeals for the Tenth Circuit -- 2021

- United States Court of Appeals for the Eleventh Circuit -- 2016

- United States Court of Appeals for the DC Circuit -- 2015

- United States Court of Appeals for the Federal Circuit -- 2018

- United States District Court for the District of Columbia – 2019

- United States District Court for the Northern District of California – 2016

- United States District Court for the Central District of California – 2021

- United States District Court for the Eastern District of California – 2020

- United States District Court for the Middle District of Tenn. – 2022

**Attachment B**
**Phillip R. Malone Explanation for Question # 1**

*Summary*: In 2005 I was administratively suspended from my inactive membership in the Arizona Bar for my inadvertent failure to pay dues. There was no suggestion of misconduct or ethical or disciplinary issues, just neglecting to pay dues. I was reinstated in May 2007 immediately upon payment of the past dues.

*Detailed Facts and Circumstances*: In July, 2004 I left my employment with the U.S. DOJ's Antitrust Division in San Francisco and moved to Cambridge, MA to become a Fellow/Lecturer at Harvard Law School. My mailing address for my California Bar and Arizona memberships had been my work address at my DOJ office in San Francisco. Upon moving, I changed my address with the CA bar but forgot to change it with the AZ Bar.

In late 2004 and early 2005, the AZ Bar mailed my annual dues statements for 2005 (for inactive status) to my old address in San Francisco. Due to oversights at my old office, those notices were never forwarded to me in Cambridge. On April 29, 2005, the Arizona Bar mailed to my old San Francisco office address a letter stating that if I did not pay my overdue annual dues my name would be presented to the Board of Governors of the State Bar on May 20, 2005 for summary suspension pursuant to Rule 62 of the Ariz.R.S.Ct. This letter was not forwarded to me until much later (see below), and, until I received it, I had no notice or indication that I was facing suspension. Soon after the April 29 letter the Board of Governors entered a summary administrative suspension for the non-payment of dues.

Some months after May 2005, my old office finally forwarded me the April 29, 2005 letter from the AZ Bar, along with other collected mail, but by that time the summary suspension had been ordered. I checked with the State Bar by telephone and learned the details of what had happened, and was referred to Rule 64(f) of the Ariz.R.S.Ct., which provides for reinstatement after summary suspension within two years through payment of the necessary fees, assessments, and administrative costs. On May 7, 2007, after several conversations with staff of the AZ Bar, I submitted my application for reinstatement and necessary fees. On July 23, 2007, the AZ Bar notified me that I had been reinstated effective May 11, 2007 based on my payment of the overdue dues and fees. I have remained an inactive member in good standing of the AZ Bar since that time.

This summary administrative suspension was based entirely on my inadvertent failure to pay annual dues and did not involve any suggestion of misconduct or ethical or disciplinary issues. The reinstatement was immediate and routine once I paid my overdue dues and fees. Apart from this period, I was an Active member of the AZ Bar from 1984 until 1994 and then an Inactive member (after becoming Active in California) from 1994 to the present. I have been an Active member in good standing in California continuously since 1993 and in Massachusetts continuously since 2013.

I can provide documentation of the correspondence described above if necessary.