# UNPUBLISHED OPINIONS

Case 4:21-cv-01091-MWB   Document 144-1   Filed 06/23/23   Page 2 of 18

Abu-Jamal v. Price, Not Reported in F.Supp. (1995)
1995 WL 722518, 23 Media L. Rep. 2406

1995 WL 722518
United States District Court, W.D. Pennsylvania.

Mumia ABU-JAMAL, Plaintiff,
v.
James PRICE, in his official capacity as Superintendent
of the State Correctional Institution at Greene,
and Martin Horn, in his official capacity as
Commissioner of the Pennsylvania Department
of Corrections, and Thomas Fulcomer, in his
official capacity as Deputy Commissioner of the
Pennsylvania Department of Corrections, Defendants.

Civ. A. No. 95-618.
|
Aug. 25, 1995.

**Attorneys and Law Firms**

Timothy P. O'Brien, Jere Krakoff, Pittsburgh, PA, for Mumia Abu-Jamal, plaintiff.

Thomas F. Halloran, Office of Atty. Gen., Pittsburgh, PA, for Price, Horn and Fulcomer.

Bruce W. Sanford, Henry S. Hoberman, David M. Giles, Baker & Hostetler, Washington, DC David L. Marburger, Baker & Hostetler, Cleveland, OH, for movants.

Witold J. Walczak, American Civil Liberties Union, Greater Pittsburgh Chapter, Pittsburgh, PA, for American Civil Liberties Union of Pennsylvania, amicus.

Albert J. Zangrilli, Jr., Yukevich, Blume & Zangrilli, Pittsburgh, PA, Charles L. Kerr, Kenneth M. Dreifach, Morrison & Foerster, New York City, Laurie Zelon, Morrison & Foerster, Los Angeles, CA, for Prison Radio Project, The Nation Magazine, Shapiro, Pacifica Foundation, Washington, Williams, Bratton, Fairness & Accuracy In Reporting, Bernstein, Solomon, Turner, Gonzalez, Simon Marx/Feature Story Productions, Nairn, Wideman and West, amici curaic.

C. Clark Hodgson, Jr., Pauline C. Scalvino, Marc A. Polk, Stradley, Ronon, Stevens & Young, Philadelphia, PA, for Michael McGeehan, State Representative, other party.

*MEMORANDUM AND ORDER*

BENSON, United States Magistrate Judge:

 *1 This is a civil rights suit for declaratory and preliminary and permanent injunctive relief. Plaintiff is a prisoner in the custody of the Commonwealth of Pennsylvania under sentence of death. Put briefly, plaintiff's complaint alleges violations of rights secured to him by the First Amendment and by the due process and equal protection clauses of the Fourteenth Amendment in three particulars: first, in the defendants' asserted denial of paralegal visits; second, in the defendants' asserted refusal to permit exchange of documents during legal visits; and third, in the defendants' asserted refusal to allow interviews by members of the media.

A motion for leave to file a brief *amici curiae* has been filed, together with the brief *amici* would file, on behalf of the Society of Professional Journalists, the National Association of Black Journalists, the National Association of Hispanic Journalists, the American Society of Newspaper Editors, the Reporters Committee for Freedom of the Press, and the Asian American Journalists Association (Docket #24). The defendants have responded in opposition (Docket #30); the motion is ripe for disposition.

The question presented is one within the court's discretion.

It is true that participation by *amici curiae* at the trial, as opposed to the appellate level, is rather more the exception than the rule. "At the trial level, where issues of fact as well as law predominate, the aid of *amicus curiae* may be less appropriate than at the appellate level ...." *Yip v. Pagano,* 606 F.Supp. 1566, 1568 (D.N.J. 1985), *aff'd* 782 F.2d 1033 (3d Cir. 1985).

The complaint in this case, and the motion for preliminary injunction, are full of averments of fact, as well they might be. And while many of the plaintiff's factual averments are contested, it appears to the court at this early stage that a surprising number of them are not. The dispute between the parties in many instances is not what the defendants have done, but rather whether as a matter of law these are things they are allowed to do. It appears to the court, therefore, that, fact-intensive as cases in the district court generally are, in this case there are questions of law in abundance, as well. Although the principle announced in *Yip, supra,* counsels generally against *amicus* participation at the trial level, that principle is not as clearly appropriate in this case as might generally be true.

Case 4:21-cv-01091-MWB   Document 144-1   Filed 06/23/23   Page 3 of 18

Abu-Jamal v. Price, Not Reported in F.Supp. (1995)
1995 WL 722518, 23 Media L. Rep. 2406

The defendants argue against *amicus* participation on the ground that the *amici* are, by their own admission, offering to appear as *amici* plaintiff, rather than as *amici curiae*. This objection reflects the principle that "[w]hen the party seeking to appear as *amicus curiae* is perceived to be an interested party or to be an advocate of one of the parties to the litigation, leave to appear *amicus curiae* should be denied." *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.,* 149 F.R.D. 65, 82 (D.N.J. 1993).

**\*2** It is true, and the *amici* have acknowledged, that the "statement of the case" in their brief "is drawn largely from petitioner's [sic] motion for preliminary injunction ..." (although it could hardly have been otherwise; defendants' response to the motion for preliminary injunction was filed a week before the *amici*'s motion; the defendants' corrected response was filed four days earlier). However, the *amici* also acknowledge that they "do not take a position on whether the facts -- as alleged by [plaintiff] -- are true." *Amici* brief at 3. "Rather, *amici* seek to highlight the first amendment issues for the court and present a framework for analysis." *Id.*

While it cannot be gainsaid that the *amici* brief is partisan in tenor, in the view of the court that partisanship is contingent in nature. That is, the *amici* say that *if* the court finds that defendants imposed restrictions on plaintiff's access to media representatives not for any legitimate penological interest, but rather to punish or censor the plaintiff impermissibly, then certain legal conclusions follow.

In sum, it seems to the court that there is precedent (and the defendants have correctly identified *Yip, supra* and *Liberty Lincoln Mercury, supra,* as such precedent) which would support a denial of the *amici* motion. There does not seem to be, however, precedent which *compels* that result. The matter is still one within the court's discretion. The court will exercise that discretion in favor of hearing whatever it can that may assist it in resolving this important question. An order follows:

*O R D E R*

AND NOW, this 25th day of August, 1995, upon careful consideration of the Motion for Leave to File Brief *Amici Curiae* (Docket #24) and the Defendants' Response in Opposition (Docket #30) to the same,

IT IS ORDERED that the motion (Docket #24) is GRANTED;

IT IS FURTHER ORDERED that the Brief of *Amici Curiae* filed together with the motion will be filed, made part of the record and will be considered by the court.

**All Citations**

Not Reported in F.Supp., 1995 WL 722518, 23 Media L. Rep. 2406

---

End of Document  © 2023 Thomson Reuters. No claim to original U.S. Government Works.

2022 WL 558348
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.

DOBSON MILLS APARTMENTS, L.P. et al.

v.

CITY OF PHILADELPHIA et al.

CIVIL ACTION NO. 21-cv-273
|
Filed 02/23/2022

**Attorneys and Law Firms**

Walter Stephen Zimolong, Zimolong LLC, Villanova, PA, William J. Clements, Klehr Harrison Harvey Branzburg LLP, Philadelphia, PA, for Dobson Mills Apartments, L.P., Dobson Scotts, L.P., Mansion at Bala, L.P.

Kristin K. Bray, Ellen O'Keefe Corrigan, City of Philadelphia, Brendan J. Philbin, James B. Pancio, Michael J. Rullo, City of Philadelphia Law Department, Cassie Rachel Ehrenberg, Cleary Josem & Trigiani LLP, Philadelphia, PA, for City of Philadelphia.

Cassie Rachel Ehrenberg, Joseph T. Cleary, Cleary Josem & Trigiani LLP, Philadelphia, PA, for Pennsylvania Building and Construction Trades Council, AFL-CIO.

**MEMORANDUM**

McHugh, United States District Judge

*1 The Associated Builders and Contractors Eastern Pennsylvania Chapter Inc. (ABC-EPA) have filed a Motion for Leave to file an *Amicus Curiae* Brief, ECF 45, opposed by Defendants the City of Philadelphia and the Philadelphia Building and Construction Trades Council. Having considered the relevant factors, ABC-EPA's Motion for Leave to File an *Amicus Curiae* Brief is denied.

**I. Discussion**

Federal Rule of Appellate Procedure 29 governs filing *amicus* briefs at the appellate level, but there is no corresponding statute, rule or binding judicial precedent controlling a district court's power to grant or deny *amicus* participation. It therefore rests within a district court's discretion whether to permit the filing of an amicus brief. *See Panzer v. Verde Energy USA, Inc.*, 2021 WL 2186422, at *1 (E.D. Pa. 2021) (citations omitted).

In deciding to grant or deny leave to file an *amicus* brief, district courts have considered whether: "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F.Supp.2d 206, 209 (E.D. Pa. 2005) (citing *Sciotto v. Marple Newtown School Dist.* 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999)). Courts in this district routinely deny *amicus* participation when it is unnecessary, and the interests of the *amicus* are adequately protected in the case. *See id.*; *Abu-Jamal v. Horn*, No. 99-5089, 2000 WL 1100784, at *4-5 (E.D. Pa. Aug. 7, 2000); *Goldberg v. City of Phila.*, No. 91-7575, 1994 WL 369875, at *1 (E.D. Pa. July 14, 1994).

Having considered these factors, ABC-EPA's motion will be denied.

**Special Interest**

ABC-EPA argues that it has a special interest in the outcome of this litigation because it would like its member "nonunion companies" to have the "ability to perform construction work at [the construction sites of] Plaintiff Dobson Scotts ... and Plaintiff Mansion at Bala." ABC-EPA's Leave Motion at 2. [1] The defendants counter that ABC-EPA is "merely a trade association with a generalized interest" in Section 8(e) of the National Labor Relations Act. Defs.' Response at 3.

ABC-EPA has not demonstrated the type of particularized "special interest" favoring the grant of *amicus* status. In *Sciotto v. Marple Newton School District*, this Court explained that the Pennsylvania School Boards Association Insurance Trust was "merely a trade association with a generalized interest in all cases related to school district liability and insurance. This is not the kind of special interest that warrants amicus status." 70 F.Supp.2d 553, 555 (E.D. Pa. 1999). Just like the entity in *Sciotto*, the ABC-EPA is "merely a trade association with a generalized interest" in Section 8(e) of the National Labor Relations Act. ABC-EPA's Leave Motion at 2. *See also Panzer v. Verde Energy USA*, 2021 WL 2186422, at *1 (explaining that an amicus interest with generalized interest in the outcome is "insufficient to

justify its participation"). ABC-EPA's argument that it would like its member nonunion companies to perform construction work at Plaintiffs' sites is entirely speculative as it is unknown whether ABC-EPA member nonunion companies will enter into contracts with Plaintiffs, should the 2006 settlement be struck down. Finally, ABC-EPA suggests that it has a pecuniary interest in the outcome of this litigation, which is considered to be a neutral factor. *Panzer*, 2021 WL 2186422, at *1.

### Competent Representation

**\*2** ABC-EPA has made no claim that Plaintiffs' counsel is not qualified to represent its asserted interest. ABC-EPA simply argues that its interest—that is, to ensure that its members' interests are adequately protected by and through federal labor laws—is not represented. ABC-EPA's Leave Motion at 3. Defendants, on the other hand, contend that the information ABC-EPA presents is "an unhelpful repetition of the same argument Plaintiffs' counsel has already extensively and repeatedly briefed." Defs' Response at 3.

I am persuaded that Plaintiffs' briefs have adequately and exhaustively addressed the arguments that the settlement agreement violates Section 8(e) of the National Labor Relations Act, and the further argument regarding the Court's jurisdiction to consider such a claim.

### Timeliness and Usefulness

ABC-EPA argues that its Leave Motion is timely because the association filed it within two days of being authorized to seek leave of court. ABC-EPA's Reply at 2-3. Defendants counter that ABC-EPA's Leave Motion and proposed brief are "far from timely," given that Defendants filed a pending Motion to Dismiss and/or Judgment on the Pleadings in October, 2021, which first addressed the NLRA Section 8(e) argument, and ABC-EPA did not file its Leave Motion until 45 days after Plaintiffs filed the Motion for Summary Judgment on December 6, 2021. Defs.' Response at 4. This factor weighs slightly in favor of denial of the motion.

As to usefulness, the briefs already filed have extensively summarized the relevant issues. I also note that this action arises from prior litigation in this Court resulting in a 2006 settlement to which ABC-EPA was not a party, placing this case in somewhat of a unique posture. The limited utility of additional filings weighs against ABC-EPA's motion.

### Impartiality

Finally, the petitioner cannot be said to be impartial in the matter before the Court, as ABC-EPA admits it may have a pecuniary interest in the outcome of this matter. Although not dispositive, a party's lack of impartiality is "a factor to consider." *Sciotto*, 70 F.Supp.2d at 555-56 (citing *Yip v. Pagano*, 606 F.Supp. 1566, 1568 (D.N.J. 1985) and *Waste Management of Pa. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). It is apparent to this Court that petitioner is better characterized as "amicus reus" or friend of the Plaintiff, than amicus curiae. *Sciotto*, 70 F.Supp.2d at 556 (citing *Leigh v. Engle*, 535 F.Supp. 418, 419 (N.D. Ill. 1982)).

### II. Conclusion

Based on the foregoing analysis, I conclude that ABC-EPA has not satisfied the requirements for participation as *amicus curiae*. Accordingly, its motion for leave to file an *amicus curiae* brief will be denied.

**All Citations**

Slip Copy, 2022 WL 558348

---

### Footnotes

1   Although ABC-EPA states that it is concerned about whether ABC-EPA's non-union members will be able to perform construction work at Plaintiffs' construction sites, in a separate part of its motion, ABC-EPA alleges that it is "not partial to a particular outcome of this specific case." ABC-EPA's Leave Motion at 4.

**Dobson Mills Apartments, L.P. v. City of Philadelphia, Slip Copy (2022)**
2022 WL 558348

**End of Document**                                         © 2023 Thomson Reuters. No claim to original U.S. Government Works.

Case 4:21-cv-01091-MWB Document 144-1 Filed 06/23/23 Page 7 of 18

Feesers, Inc. v. Michael Foods, Inc., Not Reported in Fed. Supp. (2006)

2006 WL 8448763

2006 WL 8448763
Only the Westlaw citation is currently available.
United States District Court, M.D. Pennsylvania.

FEESERS, INC., Plaintiff,

v.

MICHAEL FOODS, INC. and
Sodexho, Inc., Defendants.

CIVIL NO. 1:CV-04-0576
|
Signed 03/21/2006

**Attorneys and Law Firms**

Eamon O'Kelly, George E. Mastoris, John F. Collins, Susannah P. Torpey, Dewey & LeBoeuf LLP, Jeffrey L. Kessler, Winston & Strawn LLP, New York, NY, Steven M. Williams, Cohen Seglias Pallas Greenhall & Furman PC, Harrisburg, PA, for Plaintiff.

Alfred C. Pfeiffer, Latham & Watkins LLP, San Francisco, CA, David A. Applebaum, David G. Parry, Robert L. DeMay, Leonard Street and Deinard, Professional Association, Minneapolis, MN, Bridget E. Montgomery, Eckert Seamans Cherin & Mellott, LLC, Harrisburg, PA, Jennifer L. Giordano, Margaret M. Zwisler, Latham & Watkins LLP, Washington, DC, for Defendant Michael Foods, Inc.

Jennifer B. Furey, Cooley Manion Jones LLP, Martin F. Gaynor, III, Hunton Andrews Kurth LLP, Boston, MA, Matthew M. Haar, Saul Ewing, LLP, Harrisburg, PA, for Defendant Sodexho, Inc.

### MEMORANDUM

SYLVIA H. RAMBO, United States District Judge

*1 Before the court is the Motion of the International Foodservice Distributors Association for Leave to File Brief as *Amicus Curiae* in Support of Plaintiff's Motion for Summary Judgment (Doc. 143). The parties have briefed the issue and the matter is ripe for disposition. For the following reasons, the court will deny the motion.

**I. Relevant Procedural History**
Currently pending before the court are Plaintiff Feesers, Inc.'s (hereinafter "Feesers") Motion for Summary Judgment, Defendant Michael Foods, Inc.'s (hereinafter "Michael Foods") Motion for Summary Judgment, and Defendant Sodexho, Inc.'s (hereinafter "Sodexho") Motion for Summary Judgment. On December 8, 2005, the International Foodservice Distributors Association (hereinafter "IFDA") filed a motion seeking leave to file a brief as *amicus curiae* in support of Feesers' motion for summary judgment, along with a proposed brief. Feesers concurred in the motion. Michael Foods and Sodexho did not.

**II. Legal Standard – Brief of an *Amicus Curiae***
"Although appellate rules regulate the submission of amicus briefs on appeal, *see* Fed. R. App. P. 29,[1] a district court's decision to accept or reject an amicus filing is entirely within the court's discretion." *In re Nazi Era Cases Against German Defendants Litigation*, 153 F. App'x 819, 827 (3d Cir. 2005); *see also Waste Mgmt. of Pa. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995). The Third Circuit's standard, however, provides guidance to aid the district court in its decision. *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D. N.J. 2002). "[A] motion for leave to file [an amicus brief] should be denied if the movant does not meet the requirements of (a) an adequate interest, (b) desirability, and (c) relevance, ..." *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 131 (3d. Cir. 2002).

Additional factors in the court's decision are whether "(1) the amicus has a 'special interest' in the particular case; (2) the amicus' interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the amicus is not partial to a particular outcome in the case." *Alkaabi*, 223 F. Supp. 2d at 592 (quoting *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 554 (E.D. Pa. 1999)). In the Third Circuit, however, these factors are not dispositive. *See Neonatology Assocs.*, 293 F.3d at 131-33.

**III. Discussion**
*2 The court will deny IFDA's motion to file an *amicus curiae* brief because it fails to establish an adequate interest or sufficient desirability.

**A. Adequate Interest**
Although Federal Rule of Appellate Procedure 29 does not strictly apply at the district court level, the court notes that IFDA's memorandum in support of its motion fails to provide a statement of IFDA's interest. *See* Fed. R. App. P. 29(b). IFDA states in its proposed amicus brief, however, that it

Case 4:21-cv-01091-MWB   Document 144-1   Filed 06/23/23   Page 8 of 18

**Feesers, Inc. v. Michael Foods, Inc., Not Reported in Fed. Supp. (2006)**
2006 WL 8448763

is a trade association, with more than 140 members, "that represents the interests of foodservice distributors throughout the United States and Canada." IFDA's ability to represent the aggregated interests of food service distributors does not significantly distinguish or broaden its interest from that of Feesers, one of its members, in the instant case. Accordingly, the court finds that Feesers' efforts are sufficient to represent any interest IFDA has.

### B. Desirability

The court also finds that IFDA fails to establish that it would be desirable for the court to admit its proposed brief. IFDA's memorandum in support of its motion states that it will not duplicate the efforts of Feesers because IFDA will provide a "broad perspective on the policy issues involved." Such policy issues, however, do not substantively assist the court in determining whether the undisputed facts establish that any of the moving parties are "entitled to judgment as a matter of law." *Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). Moreover, the court does not find that IFDA's proposed brief makes any significant contribution to the descriptions of the food service industry that Feesers, Michael Foods, and Sodexho provide in their briefs. Therefore, IFDA's proposed brief would not be particularly useful and, thus, is not sufficiently desirable to the court.

The Third Circuit's liberal reading of the desirability requirement, which it has suggested could be more difficult to satisfy at an early stage of an appeal, does not preclude such a finding. *See Neuronatology*, at 132-33. The Third Circuit acknowledged that some amicus briefs "make little, if any, contribution," and gave no indication that a broad desirability standard would include such briefs. *Id.* at 133. Moreover, "[a]t the trial level, where issues of fact as well as law predominate, the aid of *amicus curiae* may be less appropriate than at the appellate level where such participation has become standard procedure." *Alkaabi*, 223 F. Supp. 2d at 592 n.16 (quoting *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D. N.J. 1985)).

### IV. Conclusion

For the foregoing reasons the court will deny IFDA's motion for leave to file an *amicus curiae* brief in support of Feesers' motion for summary judgment. An appropriate order will issue.

### ORDER

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** the Motion of the International Foodservice Distributors Association for Leave to File Brief as *Amicus Curiae* in Support of Plaintiff's Motion for Summary Judgment (Doc. 143) is **DENIED**.

**All Citations**

Not Reported in Fed. Supp., 2006 WL 8448763

### Footnotes

1   Rule 29 of the Federal Rules of Appellate Procedure provides, in relevant part:

   (a) **When Permitted.** The United States or its officer or agency, or a State, Territory, Commonwealth, or the District of Columbia may file an amicus-curiae brief without the consent of the parties or leave of court. Any other amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing.

   (b) **Motion for Leave to File.** The motion must be accompanied by the proposed brief and state:

   (1) the movant's interest; and

   (2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case.

**Feesers, Inc. v. Michael Foods, Inc., Not Reported in Fed. Supp. (2006)**
Case 4:21-cv-01091-MWB   Document 144-1   Filed 06/23/23   Page 9 of 18
2006 WL 8448763

Fed. R. App. P. 29.

---

**End of Document** © 2023 Thomson Reuters. No claim to original U.S. Government Works.

Case 4:21-cv-01091-MWB Document 144-1 Filed 06/23/23 Page 10 of 18

Goldberg v. City of Philadelphia, Not Reported in F.Supp. (1994)
1994 WL 369875

1994 WL 369875
Only the Westlaw citation is currently available.
United States District Court,
E.D. Pennsylvania.

Mark J. GOLDBERG, Plaintiff,
v.
CITY OF PHILADELPHIA, et al., Defendants.

No. CIV. A. 91-7575.
|
July 14, 1994.

MEMORANDUM

KELLY, Judge.

**\*1** Presently before the Court is the Motion for Leave to File a Brief Amicus Curiae of Shomrim of Philadelphia ("Shomrim"). Goldberg is a former Philadelphia police officer who claims he was a victim of discrimination within the Philadelphia Police Department because he is Jewish.

Shomrim is a fraternal organization whose membership is comprised of Jewish law enforcement officers and fire fighters, both former and current. Goldberg is a member of the organization. Shomrim claims that its interests and the interests of its members may be affected by the current proceedings. Shomrim also asserts that Goldberg has limited resources, and therefore contends that an amicus brief would aid the Court in its determination of the relevant legal issues. Defendants oppose granting leave to file.

Acceptance of amicus briefs is within the sound discretion of this Court. *Yip v. Pagano,* 606 F.Supp. 1566, 1568 (D.N.J.1985), *aff'd,* 782 F.2d 1033 (3d Cir.), *cert. denied,* 476 U.S. 1141 (1986). There are no strict rules governing amicus curiae at trial level. However, "[a]t the trial level, where issues of fact as well as law predominate, the aid of amicus curiae may be less appropriate than at the appellate level where such participation has become standard procedure." *Yip,* 606 F.Supp. at 1568.

An organization seeking to appear as amicus must make a showing that its participation is useful or desirable to the court. *United States v. State of La.,* 751 F.Supp. 608, 620 (E.D.La.1990). If the court feels that the parties are adequately represented so that amicus participation is neither necessary nor helpful, it should deny amicus curiae participation. *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.,* 149 F.R.D. 65, 83 (D.N.J.1993). *See also Village of Elm Grove v. Py,* 724 F.Supp. 612, 613 (E.D.Wis.1989).

In this case, Goldberg appears to be adequately represented by his counsel. Furthermore, because this case does not appear to set forth any novel legal issues, the additional memorandum of law is not necessary to aid this Court's evaluation of the remaining cause of action pursuant to Title VII.

In addition, Shomrim appears to be a friend of the Plaintiff, not a friend of the Court. When an organization seeking to appear as amicus curiae is perceived to be an advocate for one of the parties to the litigation, leave to appear amicus curiae should be denied. *Liberty Lincoln Mercury,* 149 F.R.D. at 83. *See also United States v. Gotti,* 755 F.Supp. 1157, 1158-59 (E.D.N.Y.1991) (rejecting amicus curiae application for its failure to provide an "objective, dispassionate, neutral discussion of the issues").

Shomrim's motion for leave to file a brief amicus curiae is denied. An appropriate Order follows.

ORDER

AND NOW, this 14th day of July, 1994, in consideration of Movant Shomrim of Philadelphia's Motion for Leave to File Brief Amicus Curiae, Defendants City of Philadelphia, et al.'s Response, and for the reasons set forth in the foregoing memorandum, it is hereby ORDERED that:

**\*2** 1. Movant Shomrim of Philadelphia's Motion for Leave to File Brief Amicus Curiae is DENIED.

**All Citations**

Not Reported in F.Supp., 1994 WL 369875

Case 4:21-cv-01091-MWB Document 144-1 Filed 06/23/23 Page 11 of 18

Land v. Delaware River Basin Commission, Not Reported in Fed. Supp. (2016)
2016 WL 7256945

2016 WL 7256945
Only the Westlaw citation is currently available.
United States District Court, M.D. Pennsylvania.

Wayne LAND and Mineral Group, LLC, Plaintiff,
v.
DELAWARE RIVER BASIN
COMMISSION, Defendant,
and
Delaware Riverkeeper Network and
Maya K. Van Rossum, the Delaware
Riverkeeper, Interveners-Defendants

3:16-CV-00897
|
Filed 12/15/2016

**Attorneys and Law Firms**

Christopher R. Nestor, Overstreet & Nestor, LLC, Harrisburg, PA, David R. Overstreet, Overstreet & Nestor, LLC, Pittsburgh, PA, Jeffrey Belardi, Belardi Law Offices, Scranton, PA, Joseph Robert Rydzewski, Spall, Rydzewski & Anderson, P.C., Hawley, PA, for Plaintiff.

Jordan B. Yeager, Curtin & Heefner LLP, Doylestown, PA, Kenneth J. Warren, Warren Environmental Counsel LLP, Bryn Mawr, PA, John J. Zimmerman, Zimmerman & Associates, Potomac, MD, for Defendant/Intervenors-Defendants.

**MEMORANDUM OPINION**

Robert D. Mariani, United States District Judge

 **\*1**  Presently before the Court are two "Motions for Permission to Appear, File Brief, and Make Oral Argument, if necessary, as Amicus Curiae on Behalf of the Plaintiff." (Docs. 37, 53). The first motion was filed by non-parties Lackawaxen Honesdale Shippers Association, Northern Wayne Property Owner's Alliance, Inc., and Landowner Advocates of New York, Inc., (Doc. 37), and the second motion was filed by non-parties County of Wayne and the Wayne Economic Development Council. (Doc. 53). For the reasons that follow, the motions will be granted in part and denied in part.

**I. INTRODUCTION AND PROCEDURAL HISTORY**

On May 17, 2016, Plaintiff Wayne Land & Mineral Group LLC filed a Complaint against Defendant Delaware River Basin Commission. (Doc. 1). In the Complaint, Plaintiff asks the Court to enter a declaratory judgment holding that the Defendant lacks jurisdiction or the authority to require it to seek prior approval for Plaintiff's intended plan to construct a well pad and drill a natural gas well on property which Plaintiff owns in Wayne County, Pennsylvania (75 acres of which is located in the Delaware River Basin).

The Delaware Riverkeeper Network and Maya K. Van Rossum, the Delaware Riverkeeper, filed a motion to intervene on July 5, 2016, (Doc. 10), which the Court granted on September 12, 2016. (Doc. 26). Thereafter, non-parties Lackawaxen Honesdale Shippers Association, Northern Wayne Property Owner's Alliance, Inc., and Landowner Advocates of New York, Inc. filed the instant motion on October 13, 2016. (Doc. 37). Non-parties County of Wayne and the Wayne Economic Development Council filed their motion on November 30, 2016. (Doc. 53).

**II. ANALYSIS**

"Meaning friend of the court, *amicus curiae* has historically been used to describe an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 554 (E.D. Pa. 1999) (internal citation and quotation marks omitted).

> Amici status is typically granted where the following conditions are present: (1) petitioner has a 'special interest' in the particular case, *see Waste Management of Pa. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995); (2) petitioner's interest is not represented competently or at all in the case, *see* Liberty Lincoln v. Ford Marketing Corp., 149 F.R.D. 65, 82 (D.N.J. 1993); (3) the proffered information is timely and useful, *see Hoptowit v. Ray*, 682 F.3d 1237, 1260 (9th Cir. 1982); and (4) petitioner is not partial to a particular outcome in the case, *see* Yip v. Pagano, 606 F. Supp. 1566 (D.N.J. 1985), *but see* Hoptowit, 682 F.2d at 1260 ("there is no rule ... that amici be totally disinterested.").

Case 4:21-cv-01091-MWB   Document 144-1   Filed 06/23/23   Page 12 of 18

Land v. Delaware River Basin Commission, Not Reported in Fed. Supp. (2016)
2016 WL 7256945

*Id* at 555.

Courts in this Circuit have found that participation as *amicus* at the level of the trial court, as opposed to the appellate court, "is rather more the exception than the rule." *Abu-Jamal v. Price*, Civ. A. No. 95-618, 1995 WL 722518, at *1 (W.D. Pa. Aug. 25, 1995); *see also* *Yip*, 606 F. Supp. at 1568 ("At the trial level, where issues of fact as well as law predominate, the aid of *amicus curiae* may be less appropriate than at the appellate level."). Nevertheless, "[t]he extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court." *Waste Management*, 162 F.R.D. at 36 (citations omitted); *see also In re Nazi Era Cases Against German Defendants Litig.*, 153 Fed.Appx. 819, 827 (3d Cir. 2005) ("[A] district court's decision to accept or reject an amicus filling is entirely within the court's discretion.").

### A. Lackawaxen Honesdale Shippers Association, Northern Wayne Property Owner's Alliance, Inc., & Landowner Advocates of New York, Inc.

**\*2** The Lackawaxen Honesdale Shippers Association is "a Non-Profit Association organized and existing under the laws of the State of Pennsylvania for the purpose of making available, promoting and protecting interests of railroad users in Wayne County and Pike County Pennsylvania." (Doc. 37-1, at 1). Thomas Shepstone, the manager of the Lackawaxen Honesdale Shippers Association, is further authorized to act on behalf of not-for-profit corporations Northern Wayne Property Owners Alliance, Inc. and Landowner Advocates of New York, Inc.[1] Both the Defendant and the Intervenors-Defendants oppose the motion. (Docs. 41, 42).

Turning to the four factors identified in *Sciotto*, the Court first notes that it is the movants burden to demonstrate that it has a "particularized kind of special interest" appropriate for *amici* status. *Sciotto*, 70 F. Supp. 2d at 555. According to the movants, "[t]he question at issue in this case is one that is of vital interest to the Movants and to its members and the general public in that the outcome of this case will significantly affect property rights and values, railroad use, industry growth, business and employment and regional commerce in Wayne and Pike Counties, Pennsylvania and New York's Southern Tier." (Doc. 37, at 2). They further allege that "resolution of the action will have a vital impact on the manner of which members may use their property rights as deeded to them or pay for and use rail service, receive fair and just compensation for their property rights, retain employment and industries in their region and for the members financial well-being, and to succeed in assisting established business and possible growth of new businesses in these areas." (Doc. 37-1, at 2). The Court finds that the movants have articulated a sufficient interest in the litigation and therefore have satisfied the first factor.

Second, the Court finds that the movants interests—specifically those pertaining to railroads, railroad uses, and landowners in the Southern Tier of New York—do not appear to be represented in this matter. Third, the Court finds that the proffered information to be both timely and potentially useful to the resolution of the issues before the Court, and rejects Defendant's argument that the motion is untimely because "[b]riefing on the Motion to Dismiss is complete, and reopening the briefing would delay a ruling." (Doc. 42, at 8).

Finally, the Court considers whether the movant is partial to a particular outcome. Defendant and the Intervenors-Defendants oppose the motion on the basis that the movants are not neutral parties and therefore should not be permitted to file an amicus brief, directing the Court to the affidavit of Thomas Shepstone. (Doc. 41, at 5). The Intervenors-Defendants note that "Mr. Shepstone is an advocate for the shale gas industry. His previous employers include Energy in Depth, an organization dedicated to promoting shale gas exploration. Mr. Shepstone currently works at Natural Gas Now which, as its name suggests advocates for natural gas development."[2] (Doc. 45, at 5). Accordingly, the Defendant and Intervenors-Defendants maintain that the movant's motion must be denied because they are partial to a particular outcome.

**\*3** When a movant "has a specific pecuniary interest," *Sciotto*, 70 F. Supp. 2d at 555, in a party's perspective of a particular case, or where the "amici represents business interests that will be ultimately and directly affected by the court's ruling on the substantive matter before it, amicus participation is not appropriate." *Id.* (internal citation and quotation marks omitted). However, "[w]hile the partiality of an *amicus* is a factor to consider in deciding whether to allow participation, there is no rule ... that amici must be totally disinterested." *Waste Management*, 162 F.R.D. at 36 (internal citation and quotation marks omitted). Indeed, "[p]arties with pecuniary and policy interests have been regularly allowed to

Case 4:21-cv-01091-MWB   Document 144-1   Filed 06/23/23   Page 13 of 18

Land v. Delaware River Basin Commission, Not Reported in Fed. Supp. (2016)
2016 WL 7256945

appear as *amici*." *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002).

Upon consideration of the relevant factors, the Court will exercise its discretion and grant in part and deny in part the motion as follows: non-parties Lackawaxen Honesdale Shippers Association, Northern Wayne Property Owner's Alliance, Inc., and Landowner Advocates of New York, Inc. may file a joint brief, not to exceed ten pages, as *amicus curiae* on behalf of the Plaintiff. No other participation will be permitted.

### B. County of Wayne & Wayne Economic Development Council

Non-parties County of Wayne and the Wayne Economic Development Council, through the same counsel as non-parties Lackawaxen Honesdale Shippers Association, Northern Wayne Property Owner's Alliance, Inc., and Landowner Advocates of New York, Inc., also requests leave to appear as *amicus* on behalf of the Plaintiff and assert that they do so "to protect their governing authority and the property rights of its residents as duly elected members of Wayne County." (Doc. 54, at 4). Both the Defendants and Intervenors-Defendants oppose the motion. (Docs 57, 60).

Applying the four *Sciotto* factors identified above, the Court first finds that the movants have some interest in the litigation, although the Court questions whether the interest is sufficiently specialized and concrete. Second, the Court finds that the movants' interest may not be adequately represented in this matter, but notes that the movants and Plaintiff appear to share the same or similar interests. Third, the Court finds that the movants' submission is timely and that it may have some usefulness to the resolution of matters before the Court. Finally, the Court notes that, although the movants may be partial to a particular outcome, that is not a *per se* bar to participation as *amicus*. Accordingly, the Court will exercise its discretion and grant in part and deny in part the movants motion as follows: the County of Wayne and Wayne Economic Development Council may file a joint brief, not to exceed ten pages, as *amicus curiae* on behalf of the Plaintiff. No other participation will be permitted. [3]

### III. CONCLUSION

For the reasons set forth above, the motions will be granted in part and denied in part. A separate order follows.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 7256945

---

### Footnotes

1    Nowhere in the Movants submissions do they identify the purposes of Northern Wayne Property Owners Alliance, Inc. or Landowner Advocates of New York, Inc. However, Defendant notes that the Northern Wayne Property Owners Alliance Inc., "is an association of property owners who have leased natural gas and/or mineral interests to energy companies," (Doc. 42, at 3), whereas Landowner Advocates of New York, Inc. is an organization that consists of "referenced landowners in the Southern Tier of New York." (*Id.* at 11).

2    The Intervenors-Defendants further note that Mr. Shepstone "refers to the Governor of the State of New York, Andrew Cuomo, as 'Corruptocrat' and accuses the Governor of running the state 'like a mob family.' " (Doc. 41, at 5). Mr. Shepstone has also referred to the Intervenor-Defendants "as 'a bitter fringe group' which has 'morphed into a cult of personality,' " and has argued "that 'fractivism' is a 'mental illness.' " *Id.* Mr. Shepstone is further alleged to refer "to the National Resources Defense Council as a 'den of thieves,' " and has referred to "a Geisinger Health study on natural gas development as a 'hit job' orchestrated by a doctor" he refers to "as a 'radical,' a 'renewables utopian' and a 'shale hater' who has 'produced one junk science study after another.' " (*Id.* at 5-6).

Case 4:21-cv-01091-MWB   Document 144-1   Filed 06/23/23   Page 14 of 18

**Land v. Delaware River Basin Commission, Not Reported in Fed. Supp. (2016)**
2016 WL 7256945

| | |
|---|---|
| 3 | The Third Circuit has noted that, as a general rule, an amicus *curiae* may only participate in oral argument "for extraordinary reasons." *Am. Coll. of Obstetricians & Gynecologists Pennsylvania Section v. Thomburgh*, 699 F.2d 644, 646 (3d Cir. 1983) (citing Fed. R. App. P. 29). Because all of the movants have failed to identify any "extraordinary reasons" necessitating their participation in oral argument, the Court will deny the motions in this respect. |

---

**End of Document**   © 2023 Thomson Reuters. No claim to original U.S. Government Works.

2021 WL 2186422
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.

Scott PANZER, individually and on
behalf of all others similarly situated,
v.
VERDE ENERGY USA, INC. and Oasis Power, LLC

CIVIL ACTION NO. 19-3598
|
Filed May 27, 2021

**Attorneys and Law Firms**

Matthew D. Schultz, William F. Cash, III, Levin Papantonio Thomas Mitchell Rafferty & Proctor PA, Pensacola, FL, Chantal Khalil, D. Greg Blankinship, Finkelstein Blankinship Frei-Pearson & Garber LLP, White Plains, NY, Nathan C. Zipperian, Miller Shah LLP, Ft. Lauderdale, FL, James C. Shah, Miller Shah LLP, Philadelphia, PA, for Scott Panzer.

Ezra Dodd Church, Morgan Lewis & Bockius, LLP, Philadelphia, PA, for Verde Energy Usa, Inc., Oasis Power, LLC.

**MEMORANDUM OPINION**

Savage, District Judge

**\*1** Plaintiff Scott Panzer brought this putative class action against his former energy suppliers for breach of contract and violations of various Pennsylvania consumer protection laws.[1] After discovery limited to the question of whether the parties had agreed to arbitrate the dispute, defendants Verde Energy USA, Inc. and Oasis Power, LLC renewed their motion to dismiss and compel arbitration. We denied the motion, finding that Panzer had raised an issue of fact bearing on whether he received the defendants' arbitration agreement in the mail.[2] Accordingly, we ordered that the issue must be decided by a jury.[3]

In the meantime, we directed the parties to submit briefing addressing Panzer's adequacy to serve as class representative in light of his claim that he did not agree to arbitration.[4] Public Justice, P.C. now seeks leave to file an *amicus curiae* brief in support of Panzer's adequacy. It argues that its expertise in arbitration and class actions would assist us in navigating the "novel" and "thorny" issues presented in this case. The defendants oppose leave, arguing that Public Justice has no special interest in this litigation, its interests are already competently represented by Panzer's counsel, the proposed *amicus* brief is not helpful and Public Justice is "partial to the outcome of this case."

We conclude that the proposed *amicus* brief provides no insight or benefit that Panzer's counsel has not already provided, nor does it address the issue of Panzer's adequacy that we asked the parties to consider. We also agree that Public Justice has failed to demonstrate a special interest in this case or that it is impartial. Therefore, we shall deny leave to file the *amicus* brief.

**Discussion**

Although Federal Rule of Appellate Procedure 29 governs filing *amicus* briefs at the appellate level, there is no corresponding statute, rule or binding judicial precedent controlling a district court's power to grant or deny *amicus* participation. Rather, "a district court's decision to accept or reject an *amicus* filing is entirely within the court's discretion." *In re Nazi Era Cases Against German Defendants Litig.*, 153 F. App'x 819, 827 (3d Cir. 2005) (citations omitted); *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 554 (E.D. Pa. 1999) (citations omitted).

In deciding to grant or deny leave to file an *amicus* brief, district courts consider whether: "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) (citing *Sciotto*, 70 F. Supp. 2d at 555). Courts in this district routinely deny *amicus* participation when it is unnecessary and the interests of the *amicus* are adequately protected in the case. *See, e.g., Sciotto,* 70 F. Supp. 2d at 555; *Abu-Jamal v. Horn*, No. 99-5089, 2000 WL 1100784, at \*4-5 (E.D. Pa. Aug. 7, 2000); *Goldberg v. City of Phila.*, No. 91-7575, 1994 WL 369875, at \*1 (E.D. Pa. July 14, 1994).

**\*2** We conclude consideration of these factors militates against granting Public Justice *amicus* status in this case.

*Special Interest*

Public Justice is a public interest law firm focused on fighting corporate misconduct.[5] It claims it has a "special interest" in arbitration and class action procedures, particularly in ensuring that mandatory arbitration does not unjustly impede access to the courts.[6] The defendants counter that Public Justice's interests are aimed at the broader societal debate about the role Federal Rule of Civil Procedure 23 and the Federal Arbitration Act should play in these kinds of cases, not the specific question regarding adequacy on which we ordered the supplemental briefing.[7]

Public Justice has not demonstrated the type of particularized "special interest" favoring the grant of *amicus* status. *See, e.g.,* *Liberty Res., Inc.*, 395 F. Supp. 2d at 209 (finding the petitioner "has a 'special interest' in ensuring that the rights of nonparty, non-disabled section 8 tenants are represented in the litigation"); *Waste Mgmt. of Pennsylvania, Inc. v. City of York*, 162 F.R.D. 34, 37 (M.D. Pa. 1995) (granting the Environmental Protection Agency *amicus* status because it issued the administrative order at issue in the case). Public Justice has at most shown a generalized interest in preserving access to justice through class actions, which is insufficient to justify its participation in this case. *See Sciotto*, 70 F. Supp. 2d at 555 (finding the petitioner's "generalized interest in all cases related to school district liability and insurance ... is not the kind of special interest that warrants *amicus* status").

*Competent Representation*

Public Justice concedes that both parties' interests are "well represented" in this litigation.[8] Nonetheless, it argues, it can still provide "important assistance."[9] The defendants contend that Public Justice's interests are competently represented by the three class action law firms representing Panzer and the multiple memoranda they filed on the adequacy issue.[10] The defendants argue that the proposed *amicus* brief does not provide any information or insight that is not covered by Panzer's other submissions.[11]

Public Justice does not offer any arguments Panzer's attorneys have not already made. In fact, Panzer's briefs on the adequacy question are more responsive to our order than the proposed *amicus* brief.[12]

District courts in the Third Circuit have denied *amicus* status where the proffered arguments repeat those already submitted by the parties' counsel or the petitioner's interests are otherwise adequately represented in the litigation. *See Sciotto*, 70 F. Supp. 2d at 555; *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 83 (D.N.J. 1993); *Abu-Jamal*, 2000 WL 1100784, at *4; *Goldberg*, 1994 WL 369875, at *1. There is no need to reiterate what Panzer's attorneys have already presented.

*Timeliness and Usefulness*

**\*3** Public Justice argues that its submission is timely and its expertise can assist us in resolving the "novel" question of whether a named plaintiff who survives a motion to compel arbitration is disqualified from representing a class.[13] According to the defendants, Public Justice attempts to recharacterize the simple adequacy question as a "dense legal issue."[14]

Contrary to Public Justice's characterization, the issue is not whether Panzer is disqualified from class representation merely because he survived a motion to dismiss. Nor is it "novel" or "thorny." It is simple – what happens if the jury determines that Panzer did not agree to arbitrate, but the rest of the putative class did? How can Panzer purport to represent the class if his interests and the circumstances of his relationship with the defendants diverge from those of the unnamed class members? Public Justice does not explain how this issue is complicated or novel. *See Goldberg*, 1994 WL 369875, at *1 ("[B]ecause this case does not appear to set forth any novel legal issues, the additional memorandum of law is not necessary to aid this Court's evaluation of the remaining cause of action pursuant to Title VII.").

Significantly, the proposed *amicus* brief does not address the question. It merely suggests, without elaboration, there is "ample reason" to doubt that the other class members are bound to arbitrate.[15] The majority of the brief focuses on why it is premature for us to strike Panzer's class allegations before we have reached the class certification stage. Public Justice argues we cannot consider this issue yet because we cannot exercise jurisdiction over the putative class members, the putative class members have not been given an opportunity to be heard, and the defendants have not yet shown that

the claims of the absent class members are subject to arbitration. [16]

Public Justice's concern about a premature ruling is misplaced. We are not deciding Panzer's adequacy to serve as class representative now. Rather, we asked the parties to address this potential roadblock to class certification in the event the jury finds he did not agree to arbitrate. [17] Because the proposed *amicus* brief does not address this specific issue substantively, it is not useful. *See* Liberty Lincoln Mercury, 149 F.R.D. at 83 ("To the extent the information and arguments presented ... are not repetitious, they are irrelevant to the determination of the issues [*sic*] class certification and consolidation issues.").

### Impartiality

The defendants argue that Public Justice is a partisan organization that champions the interests of class action law firms. [18] In support of their argument, the defendants assert that Public Justice received large donations from various firms representing plaintiffs, including the three firms representing Panzer in this case. [19] Further, they point out that Public Justice submitted its motion for leave to file an *amicus* brief with the aid of Motley Rice, LLP, a class action firm that also made a significant contribution to Public Justice. [20]

**\*4** These recent donations from Panzer's counsel along with Public Justice's close relationship with other class action firms suggest that it has a pecuniary interest in the outcome of this litigation. It shares a common goal with its contributors – to fight mandatory arbitration and preserve the class action mechanism. It is advocating alongside its contributors. It seeks to reinforce its contributors' cause. It adds nothing beyond what Panzer's experienced and skillful attorneys have artfully presented.

We do not find that the contributions disqualify Public Justice from *amicus* status. However, it is clear that it is partial to a particular outcome in this case. Thus, we consider this factor neutral.

### Conclusion

Considering all the factors, we conclude that Public Justice's *amicus* participation will not assist us in considering the narrow issue before us. Therefore, we shall deny Public Justice's motion for leave to file an *amicus* brief.

**All Citations**

Slip Copy, 2021 WL 2186422

### Footnotes

| | |
|---|---|
| 1 | For a full recitation of the facts of this case, *see* December 17, 2020 Memorandum Opinion (ECF No. 74). |
| 2 | *Id.* |
| 3 | *Id.* |
| 4 | December 17, 2020 Order (ECF No. 76). |
| 5 | Mot. for Leave to File Am. Cur. Br. at 1 (ECF No. 86). |
| 6 | *Id.* at 2. |
| 7 | Defs.' Resp. to Mot. for Leave to File Am. Cur. Brief at 2 (ECF No. 87). |
| 8 | Mot. for Leave at 2. |

| | |
|---|---|
| 9 | *Id.* |
| 10 | Defs.' Resp. at 2. |
| 11 | *Id.* at 3. |
| 12 | *See* Pl.'s Mem. in Supp. of Pl.'s Adequacy (ECF No. 80); Pl.'s Resp. to Defs.' Br. Re. Pl.'s Adequacy (ECF No. 88); Pl.'s Reply in Supp. of Pl.'s Adequacy (ECF No. 92). |
| 13 | Mot. for Leave at 1-2. |
| 14 | Defs.' Resp. at 2. |
| 15 | Mot. for Leave Ex. A at 4. |
| 16 | *Id.* at 2-5. It also argues that striking class allegations at this stage would force plaintiffs to choose between fighting a motion to compel arbitration, and potentially losing their class action allegations if the court decides prematurely that the rest of the class agreed to arbitrate, or giving up the federal forum in favor of arbitration. *Id.* at 5-7. As we shall discuss, we are not striking the class allegations at this time. |
| 17 | *See* Oral Arg. Tr. at 38:1-19, 40:12-24, 41:4-9 (ECF No. 77). |
| 18 | Defs.' Resp. at 3-4. |
| 19 | *Id.* at 3. |
| 20 | *Id.* at 3-4. |

---

**End of Document** © 2023 Thomson Reuters. No claim to original U.S. Government Works.