# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PENNSYLVANIA STATE UNIVERSITY, <br><br>     Plaintiff and Counter-Claim Defendant, <br><br> v. <br><br> VINTAGE BRAND, LLC; <br><br>     Defendant and Counter-Claim Plaintiff <br><br> and <br><br> SPORTSWEAR INC. d/b/a PREP SPORTWEAR; CHAD HARTVIGSON; ERIK HARTVIGSON; and MICHELLE YOUNG, <br><br>     Defendants. | Case No. 4:21-cv-01091-MWB <br> (Hon. Matthew W. Brann) <br><br> JURY TRIAL DEMANDED |

**REPLY IN SUPPORT OF MOTION OF 18 INTELLECTUAL PROPERTY PROFESSORS FOR LEAVE TO FILE BRIEF *AMICI CURIAE* IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

*Amici curiae* professors of intellectual property law have moved for leave to file an *amici* brief in this case. Plaintiff The Pennsylvania State University opposes the motion. Plaintiff and *amici* agree that the Court has broad discretion to accept the proposed *amici* brief. While *amicus* briefs in district court are less common than appellate court, district courts across the country regularly accept them. This Court has previously done so. *See, e.g., Warner Valley Farm LLC v. SWN Prod. Co. LLC*, Case No. 4:21-cv-01079 (MWB), Dkt. 41 (Aug. 8, 2022); *Donald Trump for President, Inc., et al., v. Boockvar et al.*, Case No. 4:20-cv-02078, Dkt. 146 (Nov. 16, 2020). *Amici* respectfully request that the Court do so in this case.

**1.     *Amici* have an appropriate interest in this case**. *Amici* are intellectual property law professors who teach and write extensively about trademark law and other intellectual property law subjects. Their interest in this case is in the proper development of trademark law and the Lanham Act in a way that serves the public interest, in part by balancing legitimate trademark interests, free expression, and informed and competitive markets.

Plaintiff's opposition asserts that this "sole interest . . . in the orderly development of trademark law" rather than "personal interest in this case" is not the "particularized kind of special interest" that justifies accepting the proposed brief. It cites the rejection in *Am. Coll. of Obstetricians & Gynecologists, Pennsylvania Section v. Thornburgh*, 699 F.2d 644, 645 (3d Cir. 1983) of an *amicus* brief from a group of law professors' who asserted "only their concern about the manner in which this court will interpret the law as the basis for their brief." Dkt. 144 at 3-4.

But the *Thornburgh* decision's constrained view of "interest" was later sharply criticized by then Third Circuit Judge Alito in *Neonatology Assocs. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002). Granting a motion for leave to file an *amicus* brief as a single judge, he found it "particularly difficult to reconcile impartiality and interestedness if the latter requirement is interpreted as a

1

panel of our court did in . . . *Thornburgh* . . . because the proposed *amici* law professors did not express "a legally cognizable interest in the subject matter at issue," but rather expressed "*only their concern about the manner in which this court will interpret the law.*" *Id.* (emphasis in original). Judge Alito noted that it would be 'virtually impossible" for an *amicus* to be "'an impartial individual . . . whose function is to advise in order that justice may be done'' but not a person who is 'only . . . concern[ed] about the manner in which [the] court will interpret the law.'" *Id. (internal citations omitted).* Judge Alito concluded that "it is preferable to err on the side of granting leave." *Id*. at 33.

Here, *amici's* interest in the proper interpretation and development of trademark law is appropriate and useful for the Court and warrants accepting the *amicus* brief.

**2.      *Amici's* interest is not fully represented in this case**. Plaintiff's assertion that *amicus* briefs should not be accepted if the parties are adequately represented was also largely rejected by Judge Alito in *Neonatology Assocs. (*decided *after* the cases Plaintiff cites for this point): "I disagree that an amicus seeking leave to file must show that the party to be supported is either unrepresented or inadequately represented. . . . [S]uch a requirement is most undesirable.". *Id*. at 132.

But even if such a requirement existed, *amici's* interest in the proper development and application of the Lanham Act is not adequately represented by the parties in this case. Each party here appropriately seeks the most favorable outcome for their business interests, whether or not that outcome reflects the most-sound construction of trademark law for future cases or for the public interest. *Amici*, on the other hand, have a strong interest in development of trademark law in a way that serves the public interest and ensures the appropriate balance between legitimate

trademark, speech, and competition interests. Those interests, not otherwise represented, are precisely the sort that *amicus* briefs regularly present to assist courts.

      **3.**      **The proposed *amici* brief is useful and relevant** to this Court's determination of how to construe the Lanham Act and apply it to the particular undisputed facts of this case. *Amici's* brief is not, as Plaintiff asserts, a brief about policy. It is directly about the correct interpretation of the Lanham Act. To the extent the proposed brief addresses the underlying goals and purposes of the Act, those considerations are part and parcel of properly interpreting the statute.

      That is how courts, including the Supreme Court, approach the Act. *See*, e.g., *Jack Daniel's Properties, Inc. v. VIP Products LLC*, No. 22-148, 599 U.S. \_\_\_\_ (2023) (slip op., at 4), where the Court explained that its conclusion about expressive uses that also make trademark use of a mark "fits trademark law, and *reflects its primary mission*. [T]he Lanham Act views marks as source identifiers—as things that function to "indicate the source" of goods, and so to "distinguish" them from ones "manufactured or sold by others." *Id.* at 14. The opinion also explains that "[c]onfusion as to source is the bête noire of trademark law—the thing that stands directly opposed to *the law's twin goals of facilitating consumers' choice and protecting producers' good will." Id.* at 4 (emphasis added). Understanding the underlying purposes and goals of the Lanham Act is integral – indeed essential -- to determining the proper scope of the statute. The proposed brief focuses directly on these legal issues, the same issues this Court must address in ruling on the summary judgment motions.

      Plaintiff's opposition also wrongly asserts that the *amici* brief would be unhelpful because it focuses only on out-of-Circuit case law "rather than binding authority" and "disregard[s] applicable authority," purportedly "without citing to the Third Circuit." See Doc. 144 at 10. While the proposed brief examines at length the "incongruent case law" that has developed since the

3

decision, it makes clear that *Boston Hockey* decision is not binding case law in the Third Circuit and that the issue is an open one, citing discussion, including Third Circuit precedent, in this Court's previous denial of Plaintiff's motion to dismiss a counterclaim. See Dkt. 131-3 at 18 ("Dkt. 43 at 1  (noting that *Univ. of Pittsburgh v. Champion Prods.*, 686 F.2d 1040 (3d Cir. 1982), did not create binding precedent)").

The brief's detailed review of the misguided state of much of the current case law is not about policy, it is about precisely the task before this Court: understanding and avoiding the misinterpretations reached by certain other courts and applying the Lanham Act in a way that is consistent with its text, goals, and purposes.

*Amici's* perspectives on these issues will be useful to the Court. The Court previously noted the academic literature regarding "the creation of a broad merchandising right" and expressed interest in the conclusions in much of the literature that a broad merchandising right was "unmoored from trademark law's 'twin goals of encouraging investment in product quality and preventing consumer deception.'" Doc. 43  at 18-21. The *amici* intellectual law professors are, as detailed in the Motion for Leave, experts in trademark law, many have written about the merchandising issues raised in this case, and their proposed brief offers a helpful perspective on how to properly construe and apply the Lanham Act to the broader merchandising context, all contributions that may assist the Court's interpretaton of the Lanham Act and understanding of the the development of current case law. *See Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987) ("[P]ermitting persons to appear . . . as friends of the court . . . may be advisable where third parties can contribute to a court's understanding.").

4.     ***Amici* are not partial to a particular outcome in this case**. *Amici's* interest is in ensuring the proper interpretation and application of the Lanham Act in ways that serve the public

4

interest. In this case, *amici* recognize that a proper interpretation and application of the law likely would lead to a grant of defendant's motion for summary judgment, but that result – rather than the proper interpretation and development of the Lanham Act -- is incidental to *amici's* interests.

For the above reasons, *amici* IP professors respectfully request that the Court exercise its broad discretion to grant their Motion for Leave to file the proposed *amici* brief.

Dated: June 29, 2023

                                      Respectfully submitted,

                                      **BARLEY SNYDER**

                                      By: /s/ Justin Tomevi
                                      Justin Tomevi
                                      Pa. ID No. 313661
                                      Barley Snyder
                                      100 East Market Street
                                      York, PA 17401
                                      Tel: 717-852-4977
                                      Fax: 717-843-8492
                                      Email: jtomevi@barley.com

                                      Phillip R. Malone (admitted *pro hac vice*)
                                      Juelsgaard Intellectual Property &
                                         Innovation Clinic
                                      Mills Legal Clinic, Stanford Law School
                                      559 Nathan Abbott Way
                                      Stanford, CA 94305
                                      Tel: 650-725-6369
                                      Fax: 650-723-4426
                                      Email: pmalone@law.stanford.edu

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system on this 29th day of June 2023, which constitutes service on Plaintiff and Defendant pursuant to Fed. R. Civ. P. 5(b)(2)(E):

Allison L. Ebeck, Esquire
Pa. ID No. 322837
McGuire Woods LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222-3142
AEbeck@mcguirewoods.com

Claire H. Eller, Esquire (admitted *pro hac vice*)
Lucy J. Wheatley, Esquire (admitted *pro hac vice*)
Matthew G. Rosendahl, Esquire (admitted *pro hac vice*)
McGuire Woods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
CEller@mcguirewoods.com
LWheatley@mcguirewoods.com
*Attorneys for Plaintiff,*
*The Pennsylvania State University*

Jodi S. Wilenzik, Esquire
Pa. ID No. 89205
Marc H. Perry, Esquire
Pa. ID No. 6810
Post & Schell, P.C.
1600 JFK Boulevard, 13th Floor
Philadelphia, PA 19103
JWilenzik@postschell.com
MPerry@postschell.com

Leslie Vander Griend, Esquire (admitted *pro hac vice*)
John Fetters, Esquire (admitted *pro hac vice*)
Bradford J. Axel (admitted *pro hac vice*)

Joshua D. Harms (admitted *pro hac vice*)
Valerie A. Walker (admitted *pro hac vice*)
Theresa H. Wang (admitted *pro hac vice*)
Stokes Lawrence, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Leslie.VanderGriend@stokeslaw.com
John.Fetters@stokeslaw.com
Josh.Harms@stokeslaw.com
Valerie.Walker@stokeslaw.com
BJA@stokeslaw.com
Theresa.Wang@stokeslaw.com
*Attorneys for Defendants,*
*Vintage Brand, LLC,* et al.

    By: /s/ Justin Tomevi
    Justin Tomevi
    Pa. ID No. 313661
    Barley Snyder
    100 East Market Street
    York, PA 17401
    Tel: 717-852-4977
    Fax: 717-843-8492
    Email: jtomevi@barley.com

    Phillip R. Malone (admitted *pro hac vice*)
    Juelsgaard Intellectual Property &
      Innovation Clinic
    Mills Legal Clinic, Stanford Law School
    559 Nathan Abbott Way
    Stanford, CA 94305
    Tel: 650-725-6369
    Fax: 650-723-4426
    Email: pmalone@law.stanford