## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PENNSYLVANIA STATE UNIVERSITY, | |
| Plaintiff and Counter-Claim Defendant, | Case No. 4:21-cv-01091-MWB (Judge Matthew W. Brann) |
| v. | JURY TRIAL DEMANDED |
| VINTAGE BRAND, LLC, | |
| Defendant and Counter-Claim Plaintiff | |
| and | |
| SPORTSWEAR INC. d/b/a PREP SPORTWEAR; CHAD HARTVIGSON; ERIK HARTVIGSON; and MICHELLE YOUNG, | |
| Defendants. | |

## BRIEF IN SUPPORT OF DEFENDANT VINTAGE BRAND, LLC'S MOTION FOR RECONSIDERATION AND CLARIFICATION OF DKTS. 194 AND 195

Jodi S. Wilenzik, Esq.
PA I.D. No. 89205
POST & SCHELL, P.C.
Three Logan Square
1717 Arch Street, 24th Floor
Philadelphia, PA 19103
Phone: (215) 587-1101
jwilenzik@postschell.com

Valerie Walker, Esq., *pro hac vice*
Washington I.D. No. 52584
STOKES LAWRENCE, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 626-6000
Valerie.Walker@stokeslaw.com

## I.     INTRODUCTION: RELIEF AS TO AFFIRMATIVE DEFENSE NO. 8

Defendant Vintage Brand, LLC ("Vintage Brand") respectfully requests that the Court reconsider its ruling granting summary judgment to Plaintiff, The Pennsylvania State University ("University"), on Vintage Brand's Affirmative Defense Eight and clarify the scope of the Court's rulings on Affirmative Defenses Seven and Eight.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

The February 6, 2024 Order granted the University's motion for summary judgment "as to Vintage Brand's Affirmative Defenses Seven and Eight, but only as to incontestable registrations." Doc. 195 at 2, ¶ 7.a; *see also* Doc. 194 at 102–103. Affirmative Defense Eight alleged that:

> Penn State's claims are barred and/or limited where *Vintage Brand's application* of the text and designs described in the Second Amended Complaint to merchandise is merely ornamental and does not engender the commercial impression of a source-identifying trademark.

Doc. 72 at 40.

## III.   STATEMENT OF QUESTIONS INVOLVED

1.     Whether the Court should reconsider its Order granting summary judgment to the University on Vintage Brand's Affirmative Defense Eight.

2.     Whether the Court should clarify that its Order is limited to Vintage Brand's affirmative defense(s) to the extent they target the <u>validity</u> of the marks at issue.

1

Suggested Answer:  Yes, the Court should reconsider its Order as to both questions involved.

## IV.   AUTHORITY AND ARGUMENT

Vintage Brand recognizes that a "motion for reconsideration is a device of limited utility" but that such a motion "is appropriate where the court has 'misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension.'" *Lombardo v. Flynn*, No. 3:11-CV-2220, 2017 WL 11716379, at *1 (M.D. Pa. Nov. 13, 2017). Vintage Brand respectfully requests reconsideration and/or clarification because the Court's ruling may have conflated Affirmative Defenses Seven and Eight, reflecting a misunderstanding of the purposes of those two different defenses.

The University's summary judgment motion sought to bar Vintage Brand from "asserting *invalidity* based on 'mere ornamentation' for those University Marks where Penn State owns incontestable registrations." Doc. 114 at 43 (emphasis added); *see also* Doc. 143 at 16. The University's emphasis on incontestability could only relate to defenses that attack the <u>validity</u> of its marks because <u>incontestability is only relevant to the validity</u> of a mark. 15 U.S.C. § 1115; MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 32:155 (5th ed. 2023) ("The status of incontestability relates solely to the *validity* of the registered mark."). The

plaintiff in a trademark infringement case always bears the burden of proving infringement, regardless of the registration status of its asserted mark(s). *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc*., 543 U.S. 111, 118 (2004).

The Court's ruling on the University's motion with respect to Affirmative Defenses Seven and Eight was limited to the University's incontestable registrations, and the Order focused on the validity of the University's asserted marks:

> as discussed with regard to Vintage Brand's motion for summary judgment, the marks that Penn State seeks to enforce—save for the Pozniak Lion Design—are incontestable, and Vintage Brand cannot challenge Penn State's trademark infringement claims "on the ground that [the marks] are merely" ornamental. Summary judgment is therefore appropriate as to Vintage Brand's Affirmative Defenses Seven and Eight.

Doc. 194 at 102; *see also* Doc. 194 at 55 ("Incontestable registrations may only be challenged on limited grounds, and a defendant cannot defend against trademark infringement claims for incontestable registrations 'on the ground that they are merely' ornamental. Therefore, Vintage Brand is prohibited from presenting *this defense* as to most of Penn State's marks at issue in this case."[1]). For these conclusions, the Court relied upon *Marketquest Grp., Inc. v. BIC Corp.*, 316 F. Supp. 3d 1234, 1264 (S.D. Cal. 2018), which describes the limited grounds on which the validity of an incontestably-registered mark can be challenged.

---

[1] The Court's reference to "this defense" suggests that it may have been discussing only one defense, i.e., Affirmative Defense Seven, not two defenses (Doc. 194 at 55).

While Vintage Brand's Affirmative Defense Seven challenges the validity of the University's marks, making incontestability relevant to that defense,[2] Affirmative Defense Eight, focuses on Vintage Brand's use, asserting that Vintage Brand's non-trademark, ornamental use of its historic images is not infringing of any valid rights owned by the University. *See* Doc. 72 at 40; *see also* Doc. 115 at 22 ("Even if the University's marks are valid, its claims fail because Vintage Brand does not use the composite images as trademarks."). Because the University unequivocally has the burden of proving infringement even with respect to incontestably-registered marks, the incontestable status of any of its registrations is irrelevant to Affirmative Defense Eight.

Vintage Brand seeks reconsideration of the University's motion with respect to Affirmative Defense Eight. In the alternative, Vintage Brand seeks clarification that the Order is limited to Vintage Brand's defense(s) to the extent they challenge the validity of the University's asserted marks, and that the Order does not preclude Vintage Brand from arguing that the University's claims fail because Vintage

---

[2] Incontestability is not absolute, and 15 U.S.C. § 1115 lists several grounds on which an incontestably registered mark can still be challenged. Vintage Brand respectfully maintains that the University's ornamental use of the asserted marks means that the University has not continued to make legally-relevant use of those marks in the context of merchandise. But Vintage Brand does not seek reconsideration of the Court's ruling with respect to Affirmative Defense Seven.

Brand's use of its historic images is ornamental, which has relevance for the likelihood of confusion analysis as well as for aesthetic functionality.

The Court has concluded that it is Plaintiff's burden to prove likelihood of confusion, even when a registration is incontestable. Doc. 194 at 70. The Court has also ruled that there is a genuine issue of material fact as to whether the marks are aesthetically functional. Doc. 194 at 69. At trial, Vintage Brand expects to argue, *inter alia*, that the parties' ornamental use of the alleged marks at issue affects the likelihood of confusion and aesthetic functionality determinations. Vintage Brand understands that such arguments would not be barred by the Court's Order, and seeks clarification to confirm that understanding.[3] Vintage Brand requests this clarification in the interest of avoiding future disputes about interpretation of the Order, and Vintage Brand believes resolution of these issues closer in time to issuance of the Court's rulings will promote a more efficient use of time and resources.

Dated:  February 20, 2024                    Respectfully submitted,

                                             By: */s/ Valerie A. Walker*
                                                 Valerie A. Walker, Esq., *pro hac vice*
                                                 Washington I.D. No. 52584

---

[3] The Court's remarks at the August hearing appear consistent with Vintage Brand's interpretation. *See* Transcript of Proceedings, Aug. 29, 2023, at 237:18–23 ("My understanding is that even though a party cannot use a non-statutory defense, such as ornamentality to cancel an incontestable registration, the party may still escape liability for trademark infringement by showing that in that particular case, consumers do not associate the infringed mark with a trademark purpose.")

Leslie Vander Griend, Esq., *pro hac vice*
Washington I.D. No. 28090
John T. Fetters, Esq., *pro hac vice*
Washington I.D. No. 40800
Joshua D. Harms, Esq., *pro hac vice*
Washington I.D. No. 55679

STOKES LAWRENCE, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone:   (206) 626-6000
Fax:       (206) 464-1496
Joshua.Harms@stokeslaw.com
Leslie.VanderGriend@stokeslaw.com
John.Fetters@stokeslaw.com
Valerie.Walker@stokeslaw.com

Mark P. McKenna, Esq., *pro hac vice*
Illinois I.D. No. 6272699
LEX LUMINA PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
Phone:   (646) 898-2055
Fax:       (646) 906-8657
Mark@lex-lumina.com

Jodi S. Wilenzik, Esq.
PA Supreme Court I.D. No. 89205
Mark H. Perry, Esq.
PA Supreme Court I.D. No. 68610
POST & SCHELL, P.C.
Three Logan Square
1717 Arch Street, 24th Floor
Philadelphia, PA 19103
Phone:  (215) 587-1101
Fax:       (215) 320-4159
jwilenzik@postschell.com
mperry@postschell.com

*Attorneys for Defendants*

6

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8(b)</u>

The undersigned certifies that Defendants' Brief in Support of its Motion for

Reconsideration complies with the length limits set forth in Local Rule 7.8(b).

Dated:  February 20, 2024          By: <u>*/s/ Valerie Walker*</u>
                                        Valerie Walker, Esq., *pro hac vice*
                                        Washington I.D. No. 52584
                                        STOKES LAWRENCE, P.S.
                                        1420 Fifth Avenue, Suite 3000
                                        Seattle, WA 98101
                                        Phone:   (206) 626-6000
                                        Fax:      (206) 464-1496
                                        Valerie.Walker@stokeslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Jodi S. Wilenzik, Esquire hereby state that a true and correct copy of the foregoing was served via the USDC Middle District of Pennsylvania E-Filing System, on the following counsel of record:

Courtney S. Schorr, Esquire
McGuire Woods LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA  15222-3142

Claire H. Eller, Esquire *(admitted pro hac)*
Lucy J. Wheatley, Esquire *(admitted pro hac)*
Matthew G. Rosendahl, Esquire *(admitted pro hac)*
McGuire Woods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA  23219-3916

Jessica Maupin, Esquire *(admitted pro hac)*
McGuire Woods LLP
2000 McKinney Ave
Dallas, TX 75201

*Attorneys for Plaintiff,*
*The Pennsylvania State University*

Dated:  February 20, 2024          /s/ Jodi S. Wilenzik
                                                     Jodi S. Wilenzik, Esquire
                                                     PA Supreme Court I.D. No. 89205
                                                     POST & SCHELL, P.C.
                                                     Three Logan Square
                                                     1717 Arch Street, 24th Floor
                                                     Philadelphia, PA 19103
                                                     215-587-1101 (Phone)
                                                     215-320-4159 (Fax)
                                                     jwilenzik@postschell.com
                                                     *Attorneys for Defendants*