IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PENNSYLVANIA STATE UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>VINTAGE BRAND, LLC; SPORTSWEAR, INC., d/b/a PREP SPORTSWEAR; CHAD HARTVIGSON; ERIK HARTVIGSON; and MICHELLE YOUNG,<br><br>Defendants. | No. 4:21-CV-01091<br><br>(Chief Judge Brann) |

MEMORANDUM OPINION

APRIL 2, 2024

## I.     BACKGROUND

In 2022 the Pennsylvania State University ("Penn State") filed a second amended complaint against Vintage Brand, LLC ("Vintage Brand") and other Defendants[1] asserting trademark infringement and other related claims.[2] In February 2024, the Court granted in part Vintage Brand's motion for summary judgment and entered judgment in its favor as to many of Penn State's ancillary claims, but permitted claims related to trademark infringement to proceed.[3] This Court

---

[1]    For the sake of simplicity, Defendants are referred to collectively as Vintage Brand.
[2]    Doc. 67.
[3]    Docs. 194, 195.

simultaneously granted in part Penn State's motion for summary judgment and, as relevant here, granted judgment in Penn State's favor with respect to Vintage Brand's Affirmative Defenses Seven and Eight to the extent that they sought to invalidate Penn State's incontestable registrations on the ground that those registrations were merely ornamental—either as used by Penn State (Affirmative Defense Seven) or Vintage Brand (Affirmative Defense Eight).[4]

Those affirmative defenses read:

**SEVENTH AFFIRMATIVE DEFENSE**

Penn State's claims are barred and/or limited where Penn State's application of the text and designs described in the Second Amended Complaint to merchandise is merely ornamental and does not engender the commercial impression of a source-identifying trademark.

**EIGHTH AFFIRMATIVE DEFENSE**

Penn State's claims are barred and/or limited where Vintage Brand's application of the text and designs described in the Second Amended Complaint to merchandise is merely ornamental and does not engender the commercial impression of a source-identifying trademark.[5]

Specifically, this Court concluded that the validity of incontestable registrations may be challenged only on limited grounds and cannot be challenged on the ground that they are merely ornamental.[6] This finding mostly precluded

---

[4] Doc. 194 at 55, 102-03; Doc. 195 at 2.
[5] Doc. 72 at 40.
[6] Doc. 194 at 55.

Affirmative Defenses Seven and Eight, since many of Penn State's registrations are incontestable.[7]

Vintage Brand has now filed a motion for partial reconsideration or, in the alternative, for clarification, of the Court's Order granting in part Penn State's motion for summary judgment as to Affirmative Defense Eight.[8] Vintage Brand argues that Penn State's motion for summary judgment sought only to preclude the ornamentality defense as applied to contesting the validity of the trademarks.[9] Vintage Brand asserts that, while Affirmative Defense Seven challenged the validity of the marks, Affirmative Defense Eight instead focuses on Vintage Brand's use of the marks and goes to the likelihood of confusion and aesthetic functionality defense—not validity—meaning that the issue of incontestable trademarks is irrelevant.[10]

Penn State responds that reconsideration should not be granted, nor should the Court issue the requested clarification.[11] As to reconsideration, Penn State first asserts that the Court correctly determined that the ornamentality defense is largely foreclosed by Penn State's incontestable registrations—and the only differences between Affirmative Defenses Seven and Eight is that Affirmative Defense Seven

---

[7]  *Id.* at 102-03.
[8]  Doc. 199.
[9]  Doc. 200 at 3-4.
[10] *Id.* at 5-6.
[11] Doc. 203.

addressed ornamental use by Penn State, while Affirmative Defense Eight addressed ornamental use by Vintage Brand.[12] But the mere ornamentality defense cannot be used to challenge the validity of an incontestable registration.[13] Second, Penn State contends that binding precedent demonstrates that Vintage Brand cannot challenge the validity of the marks regardless of whether they appear on Penn State merchandise or Vintage Brand merchandise.[14]

As to Vintage Brand's alternative request for clarification, Penn State argues that there is no need for clarification.[15] It asserts that any argument regarding likelihood of confusion is not an affirmative defense but instead attacks an element of Penn State's case.[16] The Court's Order, therefore, only addressed ornamentality as a defense to validity, and did not address whether evidence or arguments may be introduced at trial as to consumer perception or confusion.[17] Finally, Penn State contends that the aesthetic functionality defense is set out in Affirmative Defenses Five and Six, and is not relevant to Affirmative Defense Eight.[18]

In it's reply brief, Vintage Brand reiterates that reconsideration is necessary.[19] Vintage Brand maintains that Affirmative Defense Eight focuses on its use of the

---

[12]  *Id.* at 2-4.
[13]  *Id.*
[14]  *Id.* at 4-8.
[15]  *Id.* at 8-10.
[16]  *Id.*
[17]  *Id.*
[18]  *Id.*
[19]  Doc. 206.

4

marks within historic composite images in its products, and the defense therefore applies to only to Vintage Brand's ornamental use and has no bearing on the validity of Penn State's marks.[20] At bottom, Vintage Brand argues that it should be permitted to maintain the defense that its use of Penn State's trademarks does not infringe on Penn State's rights.[21] Alternatively, Vintage Brand asserts that it is proper for the Court to clarify that its prior ruling only prohibits Vintage Brand from challenging the validity of Penn State's incontestable marks, and not from arguing that Penn State's claims fail because Vintage Brand's use of the marks was for only an ornamental purpose.[22]

This matter has been fully briefed and is therefore ripe for disposition. For the following reasons, Vintage Brand's motion for partial reconsideration will be denied, while its alternative request for clarification will be granted.[23]

## II. DISCUSSION

To properly support a motion for reconsideration, a party must demonstrate "at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest

---

[20] *Id.* at 2-7.
[21] *Id.*
[22] *Id.* at 8-9.
[23] Also pending before the Court is Penn State's uncontested motion for partial reconsideration. Doc. 201. As explained by this Court during the March 12, 2024 telephonic status conference, the Court agrees that reconsideration is warranted as to Count Three, and Penn State's motion will therefore be granted.

injustice."[24] As to the third ground, in reviewing for clear error, reconsideration is warranted only if the "[C]ourt is left with the definite and firm conviction that a mistake has been committed."[25] "Thus, [to warrant reconsideration, Vintage Brand] must show more than mere disagreement with the earlier ruling; [it] must show that the . . . Court committed a direct, obvious, or observable error, and one that is of at least some importance to the larger proceedings."[26]

Vintage Brand does not base its motion on either new evidence or an intervening change in controlling law and, accordingly, reconsideration is warranted only if Vintage Brand demonstrates clear error in this Court's prior ruling. Vintage Brand has not met this burden, as it presents no compelling evidence or argument that it should be permitted to proffer an affirmative defense seeking to invalidate, on the ground of mere ornamentality, Penn State's incontestable registrations.

Vintage Brand's primary argument is that the Court's ruling conflated Affirmative Defenses Seven and Eight, as Affirmative Defense Seven related to Penn State's use of the challenged marks, while Affirmative Defense Eight related to Vintage Brand's use of the challenged marks.[27] This difference, Vintage Brand argues, is important because Affirmative Defense Eight does not seek to challenge

---

[24] *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017) (ellipsis and internal quotation marks omitted).
[25] *Prusky v. ReliaStar Life Ins. Co.*, 532 F.3d 252, 258 (3d Cir. 2008) (internal quotation marks omitted).
[26] *In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir. 2018) (brackets, quotation marks, and citation omitted).
[27] Doc. 200 at 9.

the validity of Penn State's marks but, instead, is relevant to question of likelihood of confusion and the aesthetic functionality defense.[28]

But, as Penn State correctly observes, any defense related to aesthetic functionality appears to be covered by Affirmative Defenses Five and Six.[29] To the extent that Affirmative Defense Eight seeks to assert the same defense it would be redundant.

With regard to Vintage Brand's assertion that its use of Penn State's marks in the context of historical images does not infringe on Penn State's rights and does not cause confusion among consumers, that is not an affirmative defense. As this Court recently explained in a different matter, the "difference between a general defense and an affirmative defense is that a general defense negates an element of plaintiff's *prima facie* case, while an affirmative defense excuses the defendant's conduct even if the plaintiff is able to establish a *prima facie* case."[30] This definition has been embraced by the United States Court of Appeals for the Third Circuit.[31]

This definition makes clear that any issue related to likelihood of confusion, which Vintage Brand explains is the crux of Affirmative Defense Eight,[32] does not constitute an affirmative defense. Rather, the defense seeks directly to negate an

---

[28] *See* Doc. 206 at 4-7.
[29] *See* Doc. 72 at 39.
[30] *Beard v. Helman*, No. 4:21-CV-00680, 2024 WL 967837, at *10 (M.D. Pa. Mar. 6, 2024) (internal quotation marks omitted).
[31] *Elliott & Frantz, Inc. v. Ingersoll-Rand Co.*, 457 F.3d 312, 321 (3d Cir. 2006).
[32] *See* Doc. 206 at 7 n.5 (noting that "Affirmative Defense Eight focuses on the" likelihood of confusion element of a trademark infringement case).

element of Penn State's *prima facie* case—that Vintage Brand's use of the trademarks causes a likelihood of confusion.[33] Therefore, even under Vintage Brand's clarification as to the nature of Affirmative Defense Eight, judgment in favor of Penn State was appropriate, because the defense that Vintage Brand seeks to assert is not a proper affirmative defense at all.

However, the Court will grant Vintage Brand's request for clarification. Vintage Brand states that it "seeks to maintain" "the substance of [its] argument" that its "ornamental use of its historic images does not infringe any rights [Penn State] owns, even if [Penn State] has such rights."[34]

It appears then that Vintage Brand reads too much from the Court's Memorandum Opinion and Order. The Court ruled only that Vintage Brand cannot maintain an affirmative defense that Penn State's incontestable registrations are invalid because those trademarks are used in a merely ornamental manner.[35] As just explained, to the extent that Vintage Brand argues it did not in fact infringe on Penn State's rights and its use of Penn State's trademarks did not create a likelihood of confusion, that is not a proper affirmative defense and may not be maintained as such. However, nothing in the Court's ruling should be construed as prohibiting any

---

[33] *Id.*
[34] *Id.* at 7.
[35] *See* Doc. 194 at 102-03.

arguments at trial related to a likelihood of confusion, or that Vintage Brand did not infringe upon Penn State's rights in its trademarks.[36]

## III. CONCLUSION

In accordance with the above discussion, Vintage Brand's motion for reconsideration is denied, while its alternative motion for clarification is granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[36] Nor however, should either this Order or the February 6, 2024, Memorandum Opinion and Order be construed as permitting any specific arguments. Rather, the Court did not reach in the February 6, 2024 Opinion the issue of whether any specific arguments may be proffered in regard to likelihood of confusion, and it does not reach the issue at this time.