# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PENNSYLVANIA STATE UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>VINTAGE BRAND, LLC; SPORTSWEAR, INC., d/b/a PREP SPORTSWEAR; and CHAD HARTVIGSON,<br><br>Defendants. | No. 4:21-CV-01091<br>Chief Judge Brann |

## PERMANENT INJUNCTION

Before the Court is a motion by Plaintiff The Pennsylvania State University ("Penn State") seeking to amend judgment and for entry of a permanent injunction against Defendants Vintage Brand, LLC, Sportswear Inc., and Chad Hartvigson ("Defendants"). Having considered the parties' respective submissions, and in view of the Jury Verdict (Doc. 335) and the Court's Judgment (Doc. 337) entered in this action, pursuant to and in accordance with 15 U.S.C. § 1116 and this Court's inherent equitable authority, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1) Defendants Vintage Brand, LLC, Sportswear Inc., and Chad Hartvigson, and their officers, agents, servants, employees, and attorneys, and other

persons who are in active concert or participation with Defendants (collectively, the "Enjoined Parties") shall permanently refrain from advertising, marketing, distributing, importing, manufacturing, promoting, offering for sale, or selling merchandise, including but not limited to t-shirts, sweatshirts, hats, drinkware, can coolers, coasters, wall art, socks, pennants, and cutting boards, bearing the Penn State Word and Logo Trademarks, or any design that resembles those Trademarks, notwithstanding any differences in color, orientation, or other minor visual elements.  The Penn State Word and Logo Trademarks are shown below:

# PENN STATE



    

2) The Enjoined Parties shall also permanently refrain from:

a. Using the Penn State Word and Logo Trademarks, or any design that resembles those Trademarks, notwithstanding any differences in color, orientation, or other minor visual elements, on or in connection with an online store or commercial website, as a domain name, metatag, or keyword, or in advertising or promotional materials; and

b. Making any statements on promotional materials or advertising for its goods or services that are false or misleading as to source or origin or affiliation with, sponsorship by, or connection to Penn State.

3) Defendants Vintage Brand, LLC and Chad Hartvigson, and their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Defendants shall permanently refrain from advertising, marketing, distributing, importing, manufacturing, promoting, offering for sale, or selling merchandise, including but not limited to t-shirts, sweatshirts, hats, drinkware, can coolers, coasters, wall art, socks, pennants, and cutting boards,

bearing THE PENNSYLVANIA STATE UNIVERSITY, or any design that resembles those Trademarks, notwithstanding any differences in color, orientation, or other minor visual elements.

4) Defendants Vintage Brand, LLC and Chad Hartvigson, shall permanently refrain from using THE PENNSYLVANIA STATE UNIVERSITY, or any design that resembles those Trademarks, notwithstanding any differences in color, orientation, or other minor visual elements, on or in connection with an online store or commercial website, as a domain name, metatag, or keyword, or in advertising or promotional materials.

5) Within thirty (30) days from the issuance of the Permanent Injunction, the Enjoined Parties shall destroy or deliver to Penn State any and all merchandise, advertising or promotional materials, and any materials used in the preparation thereof (excepting authentic memorabilia retained solely as part of a physical collection), which in any way use or make reference to the Penn State Word and Logo Trademarks, or any design that resembles those Trademarks, notwithstanding any differences in color, orientation, or other minor visual elements.

6) Within thirty (30) days from the issuance of the Permanent Injunction, Vintage Brand, LLC and Chad Hartvigson shall destroy or deliver to Penn State any and all merchandise, advertising or promotional materials, and any materials used in the preparation thereof (excepting authentic memorabilia retained solely as part of a physical collection), which in any way use or make reference to THE PENNSYLVANIA STATE UNIVERSITY, or any design that resembles those

Trademarks, notwithstanding any differences in color, orientation, or other minor visual elements.

7) Within thirty (30) days from the issuance of the Permanent Injunction, the Enjoined Parties shall file with the Court and serve upon Penn State's counsel a written report under oath setting forth details of the manner in which Defendants have complied with the Court's order pursuant to paragraphs one through six above.

8) This Permanent Injunction shall inure to the benefit of Penn State and any successors, assigns, and acquiring companies. This Permanent Injunction shall be binding upon Defendants and any successors, assigns, and acquiring companies.

9) The Enjoined Parties shall refrain from effecting any assignments or transfers, outside of the ordinary course of business, or forming a new entity or association, or utilizing any other device or contrivance for the purpose of or with the effect of circumventing or otherwise avoiding any prohibitions set forth in this Permanent Injunction, or any payment obligations set forth in the Court's Judgment (Doc. 337) and any other Court Orders.

10) This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by this Court.

DATED: June 25, 2025

SO ORDERED:

Honorable Matthew W. Brann
Chief United States District Judge